United States of America v. Impulse Media Group Inc
Case 2:05-cv-01285-RSL    Document 1    Filed 07/20/2005    Page 1 of 14
Doc. 1



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

_____ FILED   _____ ENTERED
_____ LODGED  _____ RECEIVED

JUL 2 0 2005  **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**IMPULSE MEDIA GROUP, INC.,**<br>a Washington corporation,<br><br>Defendant. | # CV05·1285 |

**COMPLAINT FOR CIVIL
PENALTIES, PERMANENT
INJUNCTION, AND OTHER
EQUITABLE RELIEF**

33

34     Plaintiff, the United States of America, acting upon notification and authorization to

35     the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant

Complaint - Page 1

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047



**05-CV-01285-CMP**

Dockets.Justia.com

1  to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1),

2  for its Complaint alleges:

3      1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of

4  the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and under Section 7(a)

5  of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003

6  ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil penalties, a

7  permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) and

8  (d) of CAN-SPAM, 15 U.S.C. § 7704(a) and (d), and the FTC's Adult Labeling Rule (the

9  "Adult Labeling Rule" or the "Rule"), 16 C.F.R. Part 316.4.

10                          **JURISDICTION AND VENUE**

11      2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C.

12  §§ 45(m)(1)(A), 53(b), 56(a), 57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and

13  1355. This action arises under 15 U.S.C. § 45(a).

14      3. Venue in the United States District Court for the Western District of Washington is

15  proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c), and 1395(a).

16                              **DEFENDANT**

17      4. Defendant Impulse Media Group, Inc., is a Washington corporation with its

18  registered agent, Carpelaw PLLC, located at 500 Union Street, Suite 510, Seattle, WA 98101.

19  Since May 19, 2004, Impulse Media Group, Inc. has formulated, directed, controlled, or

20  participated in the acts or practices set forth in this Complaint. Impulse Media Group, Inc.

Complaint - Page 2                              U.S. Department of Justice
                                                P.O. Box 386
                                                Washington, D.C. 20044
                                                (202) 307-0047

1   resides in the Western District of Washington and transacts business within the District and

2   throughout the United States.

3                         **_COMMERCE_**

4       5.  At all times relevant to this Complaint, Defendant has maintained a substantial

5   course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC

6   Act, 15 U.S.C. § 44.

7                **DEFENDANT'S BUSINESS PRACTICES**

8       6.  Since May 19, 2004, and continuing to the present, Defendant has owned and

9   operated dozens of commercial web sites that sell access to a vast collection of sexually

10   oriented videos and pictures.  Defendant promotes these sites through an affiliate program that

11   pays "webmasters" to steer consumers to Defendant's sites.  Defendant's affiliate program

12   also provides a number of other services to affiliated webmasters, including free web hosting,

13   marketing and promotional tools, and real-time access to detailed sales statistics.

14       7.  Many webmasters who participate in Defendant's affiliate program advertise and

15   promote Defendant's commercial web sites through widely distributed commercial email

16   messages.  These email messages often contain sexually explicit pictures and stories that

17   hyperlink to Defendant's web sites.  The hyperlinks in the email messages allow Defendant to

18   identify a particular webmaster as the entity deserving payment when a potential customer

19   clicks through an email to one of Defendant's sites.  Since May 19, 2004, numerous email

20   messages that advertise and promote Defendant's commercial web sites have been mailed to

21   computers used in interstate or foreign commerce and communication.

Complaint - Page 3                            U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1       8. In connection with the marketing and promotion of Defendant's commercial web

2    sites, Defendant, through its affiliate program, has induced others, by monetary payments and

3    other consideration, to transmit commercial email messages on Defendant's behalf. In doing

4    so, Defendant has procured the transmission of such messages and is thereby an initiator, as

5    that term is defined under CAN-SPAM, of the email messages sent by its affiliates that

6    promote and market Defendant's web sites. In addition, because Defendant's web sites are

7    being advertised or promoted by such messages, Defendant is also a sender, as that term is

8    defined under CAN-SPAM, of the email messages that its affiliates are transmitting on

9    Defendant's behalf.

10       9. In connection with the marketing and promotion of Defendant's commercial web

11    sites, Defendant's affiliates have transmitted email messages that fail to include clear and

12    conspicuous notice of a recipient's opportunity to decline to receive further commercial email

13    messages from Defendant at the recipient's email address. For example, in numerous

14    instances, the opt-out mechanism is displayed in a small font at the bottom of the email

15    message after a depiction of people engaged in sexual intercourse.

16       10. In connection with the marketing and promotion of Defendant's commercial web

17    sites, Defendant's affiliates have transmitted email messages that fail to include a valid

18    physical postal address of Defendant.

19       11. In connection with the marketing and promotion of Defendant's commercial web

20    sites, Defendant's affiliates have transmitted email messages that contain depictions of

Complaint - Page 4

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1  sexually explicit conduct and that fail to include the phrase "SEXUALLY-EXPLICIT: " in the

2  subject line of the message.

3      12. In connection with the marketing and promotion of Defendant's commercial web

4  sites, Defendant's affiliates have transmitted email messages that contain depictions of

5  sexually explicit conduct and that fail to include, in the initially viewable area of the message,

6  the phrase "SEXUALLY-EXPLICIT: ", a functioning opt-out mechanism, or a valid physical

7  postal address of Defendant.

8      13. In connection with the marketing and promotion of Defendant's commercial web

9  sites, Defendant's affiliates have transmitted email messages that include sexually oriented

10  materials in the initially viewable area of the message.

11     14. In numerous instances, recipients of the commercial email messages set forth in

12  paragraphs 11 through 13 have not given prior affirmative consent to receive such messages.

13                          **THE CAN-SPAM ACT**
14
15     15. The CAN-SPAM Act, 15 U.S.C. § 7701 et seq., became effective on January 1,

16  2004, and has since remained in full force and effect.

17     16. Section 3(2) of the CAN-SPAM Act, 15 U.S.C. § 7702(2), defines "commercial

18  electronic mail message" to mean:

19          any electronic mail message the primary purpose of which is the commercial
20          advertisement or promotion of a commercial product or service (including
21          content on an Internet website operated for a commercial purpose).
22
23     17. Section 3(9) of the CAN-SPAM Act, 15 U.S.C. § 7702(9), defines "initiate,"

24  when used with respect to a commercial email message, to mean:

Complaint - Page 5                                    U.S. Department of Justice
                                                      P.O. Box 386
                                                      Washington, D.C. 20044
                                                      (202) 307-0047

1   to originate or transmit such message or to procure the origination or
2   transmission of such message, but shall not include actions that constitute
3   routine conveyance of such message.  For purposes of this paragraph, more
4   than one person may be considered to have initiated a message.
5
6   18. Section 3(12) of the CAN-SPAM Act, 15 U.S.C. § 7702(12), defines "procure,"

7   when used with respect to the initiation of a commercial email message, to mean:

8   intentionally to pay or provide other consideration to, or induce, another
9   person to initiate such a message on one's behalf.
10
11   19. Section 3(13) of the CAN-SPAM Act, 15 U.S.C. § 7702(13), defines "protected

12   computer" by reference to 18 U.S.C. § 1030(e)(2)(B), which states that a protected computer

13   is:

14   a computer which is used in interstate or foreign commerce or communication,
15   including a computer located outside the United States that is used in a manner
16   that affects interstate or foreign commerce or communication of the United
17   States.
18
19   20. Section 3(16) of the CAN-SPAM Act, 15 U.S.C. § 7702(16), defines "sender,"

20   when used with respect to a commercial electronic mail message, as:

21   a person who initiates such a message and whose product, service, or Internet
22   web site is advertised or promoted by the message.
23
24   21. Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(3), states:

25   It is unlawful for any person to initiate the transmission to a protected
26   computer of a commercial electronic mail message that does not contain a
27   functioning return electronic mail address or other Internet-based mechanism,
28   clearly and conspicuously displayed, that –
29
30   (i) a recipient may use to submit, in a manner specified in the message, a
31   reply electronic mail message or other form of Internet-based communication
32   requesting not to receive future commercial electronic mail messages from

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1    that sender at the electronic mail address where the message was received;
2    and
3
4    (ii) remains capable of receiving such messages or communications for no
5    less than 30 days after the transmission of the original message.
6
7        22. Sections 5(a)(5)(A)(ii) and (iii) of the CAN-SPAM Act, 15 U.S.C.

8    §§ 7704(a)(5)(A) (ii) and (iii), state:

9        (A)    It is unlawful for any person to initiate the transmission of any commercial
10             electronic mail message to a protected computer unless the message provides
11             –
12
13             (ii) clear and conspicuous notice of the opportunity under paragraph (3) to
14             decline to receive further commercial electronic mail messages from the
15             sender; and
16
17             (iii) a valid physical postal address of the sender.
18
19        23. The Commission promulgated the Adult Labeling Rule pursuant to Sections

20    5(d)(3) and 13(a) of the CAN-SPAM Act, 15 U.S.C. §§ 7704(d)(3) and 7711(a).  The Rule

21    became effective on May 19, 2004, and sets forth marks and notices to be included in

22    commercial email messages that contain sexually oriented material.

23        24. Section 5(d)(4) of the CAN-SPAM Act, 15 U.S.C. § 7704(d)(4), defines "sexually

24    oriented material" as:

25             any material that depicts sexually explicit conduct (as that term is defined in
26             section 2256 of title 18, United States Code), unless the depiction constitutes
27             a small and insignificant part of the whole, the remainder of which is not
28             primarily devoted to sexual matters.
29
30        25. The CAN-SPAM Act and the Adult Labeling Rule both prohibit any person from

31    initiating the transmission, to a protected computer, of any commercial email message that

Complaint - Page 7

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1  includes sexually oriented material and fails to include the phrase "SEXUALLY-EXPLICIT: "

2  as the first nineteen (19) characters at the beginning of the subject line. 15 U.S.C. §

3  7704(d)(1)(A); 16 C.F.R. § 316.4(a)(1).

4      26. The CAN-SPAM Act and the Adult Labeling Rule also require that any message

5  that includes sexually oriented material place only the following information within the

6  content of the message that is initially viewable by the recipient, when the message is opened

7  by the recipient and absent any further action by the recipient ("initially viewable content"):

8      A.    the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous

9           manner, 15 U.S.C. § 7704(d)(1)(B)(i); 16 C.F.R. § 316.4(a)(2)(i);

10      B.    clear and conspicuous identification that the message is an

11          advertisement or solicitation, 15 U.S.C. § 7704(d)(1)(B)(ii);

12          16 C.F.R. § 316.4(a)(2)(ii);

13      C.    clear and conspicuous notice of the opportunity of a recipient to

14          decline to receive further commercial email messages from the

15          sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(iii);

16      D.    a functioning return email address or other Internet-based

17          mechanism, clearly and conspicuously displayed, that a recipient

18          may use to submit, in a manner specified in the message, a reply

19          email message or other form of Internet-based communication

20          requesting not to receive future commercial email messages from

21          that sender at the email address where the message was received;

Complaint - Page 8

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1        and that remains capable of receiving such messages or

2        communications for no less than 30 days after the transmission of

3        the original message, 16 C.F.R. § 316.4(a)(2)(iv);

4    E.    clear and conspicuous display of a valid physical postal address of

5        the sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. §

6        316.4(a)(2)(v); and

7    F.    any needed instructions on how to access, or activate a mechanism

8        to access, the sexually oriented material, 15 U.S.C.

9        § 7704(d)(1)(B)(iii); 16 C.F.R. § 316.4(a)(2)(vi).

10    27. The labeling and placement requirements of the CAN-SPAM Act and the Adult

11  Labeling Rule set forth in paragraphs 25 and 26 do not apply if the recipient has given prior

12  affirmative consent to receipt of the message. 15 U.S.C. § 7704(d)(2); 16 C.F.R. § 316.4(b).

13    28. Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), states:

14    [T]his Act shall be enforced by the [FTC] as if the violation of this Act were
15    an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of
16    the [FTC Act] (15 U.S.C. § 57a(a)(1)(B)).
17
18                          **COUNT I**

19    29. In numerous instances, including but not limited to the practices set forth in this

20  Complaint, Defendant has initiated the transmission, to protected computers, of commercial

21  email messages that include sexually oriented material and that:

22    A.    fail to include the phrase "SEXUALLY-EXPLICIT: " as the first

23        nineteen (19) characters at the beginning of the subject line;

Complaint - Page 9

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1    B.    fail to include, within the initially viewable content of the message,

2          a second instance of the phrase "SEXUALLY-EXPLICIT: ";

3    C.    fail to include, within the initially viewable content of the message,

4          clear and conspicuous notice of the opportunity of a recipient to

5          decline to receive further commercial email messages from

6          Defendant;

7    D.    fail to include, within the initially viewable content of the message,

8          clear and conspicuous display of a valid physical postal address of

9          Defendant; or

10   E.    include sexually oriented material within the initially viewable

11         content of the message.

12    30. Therefore, Defendant's acts or practices, as described in paragraph 29, violate

13 Section 5(d) of the CAN-SPAM Act, 15 U.S.C. § 7704(d), and the Adult Labeling Rule,

14 16 C.F.R. § 316.4(a).

15                              **COUNT II**

16    31. In numerous instances, including but not limited to the practices set forth in this

17 Complaint, Defendant has initiated the transmission, to protected computers, of commercial

18 email messages that advertised or promoted Defendant's Internet web sites and failed to

19 include clear and conspicuous notice of the recipient's opportunity to decline to receive further

20 commercial email messages from Defendant at the recipient's email address.

Complaint - Page 10

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1      32.  Therefore, Defendant's acts or practices, as described in paragraph 31, violate

2   Section 5(a)(5)(A)(ii) and Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. §§

3   7704(a)(5)(A)(ii) and 7704(a)(3).

4                                              **COUNT III**

5      33.  In numerous instances, including but not limited to the practices set forth in this

6   Complaint, Defendant has initiated the transmission, to protected computers, of commercial

7   email messages that advertised or promoted Defendant's Internet web sites and failed to

8   include Defendant's valid physical postal address.

9      34.  Therefore, Defendant's acts or practices, as described in paragraph 33, violate

10  Section 5(a)(5)(A)(ii) or Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. §

11  7704(a)(5)(A)(ii) or 7704(a)(3).

12                                **INDIVIDUAL AND BUSINESS INJURY**

13     35.  Individuals and businesses throughout the United States have suffered, and

14  continue to suffer, substantial injury as a result of Defendant's unlawful acts or practices.  In

15  addition, Defendant has been unjustly enriched as a result of its unlawful practices.  Absent

16  injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust

17  enrichment, and harm the public interest.

18                            **THIS COURT'S POWER TO GRANT RELIEF**

19     36.  Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), provides that "[CAN-

20  SPAM] shall be enforced by the [FTC] as if the violation of this Act were an unfair or

21  deceptive act or practice proscribed under section 18(a)(1)(B) of the [FTC Act] (15 U.S.C.

Complaint - Page 11                                          U.S. Department of Justice
                                                             P.O. Box 386
                                                             Washington, D.C. 20044
                                                             (202) 307-0047

1    § 57a(a)(1)(B))." Accordingly, violations of the CAN-SPAM Act, including those sections of

2    the CAN-SPAM Act that are interpreted by the Adult Labeling Rule, shall be enforced as if

3    the violation were an unfair or deceptive act or practice proscribed under section 18(a)(1)(B)

4    of the FTC Act (15 U.S.C. § 57a(a)(1)(B)), that is, these provisions shall be enforced as if the

5    violation had been a violation of an FTC trade regulation rule.  Furthermore, Section 18(d)(3)

6    of the FTC Act provides that "[w]hen any rule under subsection (a)(1)(B) of [Section 18]

7    takes effect a subsequent violation thereof shall constitute an unfair or deceptive act or

8    practice in violation of section 45(a)(1) of this title[.]" 15 U.S.C. § 57a(d)(3).

9          37.  Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by

10   Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461,

11   as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to

12   award monetary civil penalties of not more than $11,000 for each violation of CAN-SPAM,

13   including those sections of the CAN-SPAM Act that are interpreted by the Adult Labeling

14   Rule.  Defendant's violations of CAN-SPAM and the Adult Labeling Rule were committed

15   with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

16         38.  Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

17   injunctive and other ancillary relief to prevent and remedy any violation of any provision of

18   law enforced by the FTC.

19

20

21

Complaint - Page 12                          U.S. Department of Justice
                                             P.O. Box 386
                                             Washington, D.C. 20044
                                             (202) 307-0047

1                        **PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a),

3    5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b,

4    and pursuant to its own equitable powers;

5          1.         Enter judgment against Defendant and in favor of Plaintiff for each violation

6    alleged in this Complaint;

7          2.         Award Plaintiff monetary civil penalties from Defendant for every violation

8    of the CAN-SPAM Act, including those sections of the CAN-SPAM Act that are interpreted

9    by the Adult Labeling Rule;

10         3.         Permanently enjoin Defendant from violating CAN-SPAM and the Adult

11   Labeling Rule;

12         4.         Order Defendant to pay the costs of this action; and

13         5.         Award Plaintiff such other preliminary and permanent equitable relief as the

14   Court may determine to be just and proper.

Complaint - Page 13                              U.S. Department of Justice
                                                 P.O. Box 386
                                                 Washington, D.C. 20044
                                                 (202) 307-0047

1   Dated: _July_ ___ __20__, 2005        Respectfully submitted,

2   OF COUNSEL:                            FOR THE UNITED STATES OF AMERICA
3
4   EILEEN HARRINGTON                      PETER D. KEISLER, JR.
5   Associate Director for Marketing       Assistant Attorney General
6   Practices                              Civil Division
7   FEDERAL TRADE COMMISSION               U.S. DEPARTMENT OF JUSTICE
8
9   K. Michelle Grajales                   JOHN McKAY
10  Attorney                               United States Attorney
11  Federal Trade Commission
12  600 Pennsylvania Ave., N.W., Rm. 238
13  Washington, DC 20580
14  PHONE: 202-326-3172                    Brian C. Kipnis
15  FAX: 202-326-3395                      Assistant U.S. Attorney for the
16                                         District of Western District of Washington
17                                         700 Stewart Street
18                                         PHONE: 206 553-7970
19                                         FAX: 206-553-0882
20
21                                         EUGENE M. THIROLF
22                                         Director
23                                         Office of Consumer Litigation
24
25
26                                         Jeffrey H. Steger
27                                         Trial Attorney
28                                         Office of Consumer Litigation
29                                         U.S. Department of Justice
30                                         P.O. Box 386
31                                         Washington, D.C. 20044
32                                         PHONE: 202-307-0047
33                                         FAX: 202-514-8742
34                                         Jeffrey.Steger@usdoj.gov
35
36


Complaint - Page 14                        U.S. Department of Justice
                                           P.O. Box 386
                                           Washington, D.C. 20044
                                           (202) 307-0047