

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18                    **UNITED STATES DISTRICT COURT**
19                    **WESTERN DISTRICT OF WASHINGTON**
20
21
22    **UNITED STATES OF AMERICA,**
23                                              No. CV05-1285L
24          Plaintiff,
25                                              **AMENDED COMPLAINT FOR**
26          v.                                  **CIVIL PENALTIES, PERMANENT**
27                                              **INJUNCTION, AND OTHER**
28    **IMPULSE MEDIA GROUP, INC.,**            **EQUITABLE RELIEF**
29    a Washington corporation,
30
31          Defendant.
32
33

34          Plaintiff, the United States of America, acting upon notification and authorization to

35    the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant

Amended Complaint - Page 1                      U.S. Department of Justice
                                                P.O. Box 386
                                                Washington, D.C. 20044
                                                (202) 307-0047

Dockets.Justia.com

1  to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1),

2  for its Complaint alleges:

3      1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(A), 13(b), 16(a), and 19 of

4  the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and under Section 7(a)

5  of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003

6  ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil penalties, a

7  permanent injunction, and other equitable relief for Defendant's violations of Section 5(a) and

8  (d) of CAN-SPAM, 15 U.S.C. § 7704(a) and (d), and the FTC's Adult Labeling Rule (the

9  "Adult Labeling Rule" or the "Rule"), 16 C.F.R. Part 316.4.

10  **JURISDICTION AND VENUE**

11      2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C.

12  §§ 45(m)(1)(A), 53(b), 56(a), 57b, and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and

13  1355. This action arises under 15 U.S.C. § 45(a).

14      3. Venue in the United States District Court for the Western District of Washington is

15  proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c), and 1395(a).

16  **DEFENDANT**

17      4. Defendant Impulse Media Group, Inc., is a Washington corporation with its

18  registered agent, Carpelaw PLLC, located at 500 Union Street, Suite 510, Seattle, WA 98101.

19  Since May 19, 2004, Impulse Media Group, Inc. has formulated, directed, controlled, or

20  participated in the acts or practices set forth in this Complaint. Impulse Media Group, Inc.

Amended Complaint - Page 2

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1   resides in the Western District of Washington and transacts business within the District and

2   throughout the United States.

3                                        **COMMERCE**

4        5.  At all times relevant to this Complaint, Defendant has maintained a substantial

5   course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC

6   Act, 15 U.S.C. § 44.

7                         **DEFENDANT'S BUSINESS PRACTICES**

8        6.  Since May 19, 2004, and continuing to the present, Defendant has owned and

9   operated dozens of commercial web sites that sell access to a vast collection of sexually

10  oriented videos and pictures.  Defendant promotes these sites through an affiliate program that

11  pays "webmasters" to steer consumers to Defendant's sites.  Defendant's affiliate program

12  also provides a number of other services to affiliated webmasters, including free web hosting,

13  marketing and promotional tools, and real-time access to detailed sales statistics.

14       7.  Many webmasters who participate in Defendant's affiliate program advertise and

15  promote Defendant's commercial web sites through widely distributed commercial email

16  messages.  These email messages often contain sexually explicit pictures and stories that

17  hyperlink to Defendant's web sites.  The hyperlinks in the email messages allow Defendant to

18  identify a particular webmaster as the entity deserving payment when a potential customer

19  clicks through an email to one of Defendant's sites.  Since May 19, 2004, numerous email

20  messages that advertise and promote Defendant's commercial web sites have been mailed to

21  computers used in interstate or foreign commerce and communication.

Amended Complaint - Page 3                          U.S. Department of Justice
                                                    P.O. Box 386
                                                    Washington, D.C. 20044
                                                    (202) 307-0047

1    8. In connection with the marketing and promotion of Defendant's commercial web

2  sites, Defendant, through its affiliate program, has induced others, by monetary payments and

3  other consideration, to transmit commercial email messages on Defendant's behalf.  In doing

4  so, Defendant has procured the transmission of such messages and is thereby an initiator, as

5  that term is defined under CAN-SPAM, of the email messages sent by its affiliates that

6  promote and market Defendant's web sites.  In addition, because Defendant's web sites are

7  being advertised or promoted by such messages, Defendant is also a sender, as that term is

8  defined under CAN-SPAM, of the email messages that its affiliates are transmitting on

9  Defendant's behalf.

10    9. In connection with the marketing and promotion of Defendant's commercial web

11  sites, Defendant's affiliates have transmitted email messages that fail to include clear and

12  conspicuous notice of a recipient's opportunity to decline to receive further commercial email

13  messages from Defendant at the recipient's email address.  For example, in numerous

14  instances, the opt-out mechanism is displayed in a small font at the bottom of the email

15  message after a depiction of people engaged in sexual intercourse.

16    10. In connection with the marketing and promotion of Defendant's commercial web

17  sites, Defendant's affiliates have transmitted email messages that fail to include a valid

18  physical postal address of Defendant.

19    11. In connection with the marketing and promotion of Defendant's commercial web

20  sites, Defendant's affiliates have transmitted email messages that contain depictions of

Amended Complaint - Page 4

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1   sexually explicit conduct and that fail to include the phrase "SEXUALLY-EXPLICIT: " in the

2   subject line of the message.

3        12.  In connection with the marketing and promotion of Defendant's commercial web

4   sites, Defendant's affiliates have transmitted email messages that contain depictions of

5   sexually explicit conduct and that fail to include, in the initially viewable area of the message,

6   the phrase "SEXUALLY-EXPLICIT: ", a functioning opt-out mechanism, or a valid physical

7   postal address of Defendant.

8        13.  In connection with the marketing and promotion of Defendant's commercial web

9   sites, Defendant's affiliates have transmitted email messages that include sexually oriented

10  materials in the initially viewable area of the message.

11       14.  In numerous instances, recipients of the commercial email messages set forth in

12  paragraphs 11 through 13 have not given prior affirmative consent to receive such messages.

13                              **THE CAN-SPAM ACT**
14
15       15.  The CAN-SPAM Act, 15 U.S.C. § 7701 et seq., became effective on January 1,

16  2004, and has since remained in full force and effect.

17       16.  Section 3(2) of the CAN-SPAM Act, 15 U.S.C. § 7702(2), defines "commercial

18  electronic mail message" to mean:

19              any electronic mail message the primary purpose of which is the commercial
20              advertisement or promotion of a commercial product or service (including
21              content on an Internet website operated for a commercial purpose).
22
23       17.  Section 3(9) of the CAN-SPAM Act, 15 U.S.C. § 7702(9), defines "initiate,"

24  when used with respect to a commercial email message, to mean:

Amended Complaint - Page 5                          U.S. Department of Justice
                                                    P.O. Box 386
                                                    Washington, D.C. 20044
                                                    (202) 307-0047

1                   to originate or transmit such message or to procure the origination or
2                   transmission of such message, but shall not include actions that constitute
3                   routine conveyance of such message.  For purposes of this paragraph, more
4                   than one person may be considered to have initiated a message.
5
6           18.  Section 3(12) of the CAN-SPAM Act, 15 U.S.C. § 7702(12), defines "procure,"

7  when used with respect to the initiation of a commercial email message, to mean:

8                   intentionally to pay or provide other consideration to, or induce, another
9                   person to initiate such a message on one's behalf.
10
11          19.  Section 3(13) of the CAN-SPAM Act, 15 U.S.C. § 7702(13), defines "protected

12  computer" by reference to 18 U.S.C. § 1030(e)(2)(B), which states that a protected computer

13  is:

14                   a computer which is used in interstate or foreign commerce or communication,
15                   including a computer located outside the United States that is used in a manner
16                   that affects interstate or foreign commerce or communication of the United
17                   States.
18
19          20.  Section 3(16) of the CAN-SPAM Act, 15 U.S.C. § 7702(16), defines "sender,"

20  when used with respect to a commercial electronic mail message, as:

21                   a person who initiates such a message and whose product, service, or Internet
22                   web site is advertised or promoted by the message.
23
24          21.  Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(3), states:

25                   It is unlawful for any person to initiate the transmission to a protected
26                   computer of a commercial electronic mail message that does not contain a
27                   functioning return electronic mail address or other Internet-based mechanism,
28                   clearly and conspicuously displayed, that –
29
30                   (i) a recipient may use to submit, in a manner specified in the message, a
31                   reply electronic mail message or other form of Internet-based communication
32                   requesting not to receive future commercial electronic mail messages from

Amended Complaint - Page 6                              U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1        that sender at the electronic mail address where the message was received;
2        and

3

4        (ii) remains capable of receiving such messages or communications for no
5        less than 30 days after the transmission of the original message.

6

7     22.  Sections 5(a)(5)(A)(ii) and (iii) of the CAN-SPAM Act, 15 U.S.C.

8  &sect;&sect; 7704(a)(5)(A) (ii) and (iii), state:

9     (A)     It is unlawful for any person to initiate the transmission of any commercial
10        electronic mail message to a protected computer unless the message provides
11        --

12

13        (ii) clear and conspicuous notice of the opportunity under paragraph (3) to
14        decline to receive further commercial electronic mail messages from the
15        sender; and

16

17        (iii) a valid physical postal address of the sender.

18

19     23.  The  Commission promulgated the Adult Labeling Rule pursuant to Sections

20  5(d)(3) and 13(a) of the CAN-SPAM Act, 15 U.S.C. &sect;&sect; 7704(d)(3) and 7711(a).  The Rule

21  became effective on May 19, 2004, and sets forth marks and notices to be included in

22  commercial email messages that contain sexually oriented material.

23     24.  Section 5(d)(4) of the CAN-SPAM Act, 15 U.S.C. &sect; 7704(d)(4), defines "sexually

24  oriented material" as:

25        any material that depicts sexually explicit conduct (as that term is defined in
26        section 2256 of title 18, United States Code), unless the depiction constitutes
27        a small and insignificant part of the whole, the remainder of which is not
28        primarily devoted to sexual matters.

29

30     25.  The CAN-SPAM Act and the Adult Labeling Rule both prohibit any person from

31  initiating the transmission, to a protected computer, of any commercial email message that

Amended Complaint - Page 7

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1  includes sexually oriented material and fails to include the phrase "SEXUALLY-EXPLICIT: "

2  as the first nineteen (19) characters at the beginning of the subject line.  15 U.S.C. §

3  7704(d)(1)(A); 16 C.F.R. § 316.4(a)(1).

4      26.  The CAN-SPAM Act and the Adult Labeling Rule also require that any message

5  that includes sexually oriented material place only the following information within the

6  content of the message that is initially viewable by the recipient, when the message is opened

7  by the recipient and absent any further action by the recipient ("initially viewable content"):

8      A.    the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous

9            manner, 15 U.S.C. § 7704(d)(1)(B)(i); 16 C.F.R. § 316.4(a)(2)(i);

10     B.    clear and conspicuous identification that the message is an

11           advertisement or solicitation, 15 U.S.C. § 7704(d)(1)(B)(ii);

12           16 C.F.R. § 316.4(a)(2)(ii);

13     C.    clear and conspicuous notice of the opportunity of a recipient to

14           decline to receive further commercial email messages from the

15           sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(iii);

16     D.    a functioning return email address or other Internet-based

17           mechanism, clearly and conspicuously displayed, that a recipient

18           may use to submit, in a manner specified in the message, a reply

19           email message or other form of Internet-based communication

20           requesting not to receive future commercial email messages from

21           that sender at the email address where the message was received;

Amended Complaint - Page 8

U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 307-0047

1                          and that remains capable of receiving such messages or

2                          communications for no less than 30 days after the transmission of

3                          the original message, 16 C.F.R. § 316.4(a)(2)(iv);

4              E.          clear and conspicuous display of a valid physical postal address of

5                          the sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. §

6                          316.4(a)(2)(v); and

7              F.          any needed instructions on how to access, or activate a mechanism

8                          to access, the sexually oriented material, 15 U.S.C.

9                          § 7704(d)(1)(B)(iii); 16 C.F.R. § 316.4(a)(2)(vi).

10        27. The labeling and placement requirements of the CAN-SPAM Act and the Adult

11   Labeling Rule set forth in paragraphs 25 and 26 do not apply if the recipient has given prior

12   affirmative consent to receipt of the message. 15 U.S.C. § 7704(d)(2); 16 C.F.R. § 316.4(b).

13        28. Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), states:

14             [T]his Act shall be enforced by the [FTC] as if the violation of this Act were
15             an unfair or deceptive act or practice proscribed under section 18(a)(1)(B) of
16             the [FTC Act] (15 U.S.C. § 57a(a)(1)(B)).
17

Amended Complaint - Page 9                          U.S. Department of Justice
                                                    P.O. Box 386
                                                    Washington, D.C. 20044
                                                    (202) 307-0047

1                              **COUNT I**

2          29.  Paragraphs 1 through 28 are incorporated by reference.

3          30.  In numerous instances, including but not limited to the practices set forth in this

4   Complaint, Defendant has initiated the transmission, to protected computers, of commercial

5   email messages that include sexually oriented material and that:

6                  A.       fail to include the phrase "SEXUALLY-EXPLICIT: " as the first

7                           nineteen (19) characters at the beginning of the subject line;

8                  B.       fail to include, within the initially viewable content of the message,

9                           a second instance of the phrase "SEXUALLY-EXPLICIT: ";

10                 C.       fail to include, within the initially viewable content of the message,

11                          clear and conspicuous notice of the opportunity of a recipient to

12                          decline to receive further commercial email messages from

13                          Defendant;

14                 D.       fail to include, within the initially viewable content of the message,

15                          clear and conspicuous display of a valid physical postal address of

16                          Defendant; or

17                 E.       include sexually oriented material within the initially viewable

18                          content of the message.

19         31.  Therefore, Defendant's acts or practices, as described in paragraph 30, violate

20  Section 5(d) of the CAN-SPAM Act, 15 U.S.C. § 7704(d), and the Adult Labeling Rule,

21  16 C.F.R. § 316.4(a).

Amended Complaint - Page 10                              U.S. Department of Justice
                                                         P.O. Box 386
                                                         Washington, D.C. 20044
                                                         (202) 307-0047

1                                  **COUNT II**

2          32.  Paragraphs 1 through 28 are incorporated by reference.

3          33.  In numerous instances, including but not limited to the practices set forth in this

4    Complaint, Defendant has initiated the transmission, to protected computers, of commercial

5    email messages that advertised or promoted Defendant's Internet web sites and failed to

6    include clear and conspicuous notice of the recipient's opportunity to decline to receive further

7    commercial email messages from Defendant at the recipient's email address.

8          34.  Therefore, Defendant's acts or practices, as described in paragraph 33, violate

9    Section 5(a)(5)(A)(ii) and Section 5(a)(3) of the CAN-SPAM Act, 15 U.S.C. §§

10   7704(a)(5)(A)(ii) and 7704(a)(3).

11                                 **COUNT III**

12         35.  Paragraphs 1 through 28 are incorporated by reference.

13         36.  In numerous instances, including but not limited to the practices set forth in this

14   Complaint, Defendant has initiated the transmission, to protected computers, of commercial

15   email messages that advertised or promoted Defendant's Internet web sites and failed to

16   include Defendant's valid physical postal address.

17         37.  Therefore, Defendant's acts or practices, as described in paragraph 36, violate

18   Section 5(a)(5)(A)(iii) of the CAN-SPAM Act, 15 U.S.C. § 7704(a)(5)(A)(iii).

19                      **INDIVIDUAL AND BUSINESS INJURY**

20         38.  Individuals and businesses throughout the United States have suffered, and

21   continue to suffer, substantial injury as a result of Defendant's unlawful acts or practices.  In

Amended Complaint - Page 11                    U.S. Department of Justice
                                               P.O. Box 386
                                               Washington, D.C. 20044
                                               (202) 307-0047

1    addition, Defendant has been unjustly enriched as a result of its unlawful practices.  Absent

2    injunctive relief by this Court, Defendant is likely to continue to injure consumers, reap unjust

3    enrichment, and harm the public interest.

4                    **THIS COURT'S POWER TO GRANT RELIEF**

5            39.  Section 7(a) of the CAN-SPAM Act, 15 U.S.C. § 7706(a), provides that "[CAN-

6    SPAM] shall be enforced by the [FTC] as if the violation of this Act were an unfair or

7    deceptive act or practice proscribed under section 18(a)(1)(B) of the [FTC Act] (15 U.S.C.

8    § 57a(a)(1)(B))."  Accordingly, violations of the CAN-SPAM Act, including those sections of

9    the CAN-SPAM Act that are interpreted by the Adult Labeling Rule, shall be enforced as if

10   the violation were an unfair or deceptive act or practice proscribed under section 18(a)(1)(B)

11   of the FTC Act (15 U.S.C. § 57a(a)(1)(B)), that is, these provisions shall be enforced as if the

12   violation had been a violation of an FTC trade regulation rule.  Furthermore, Section 18(d)(3)

13   of the FTC Act provides that "[w]hen any rule under subsection (a)(1)(B) of [Section 18]

14   takes effect a subsequent violation thereof shall constitute an unfair or deceptive act or

15   practice in violation of section 45(a)(1) of this title[.]" 15 U.S.C. § 57a(d)(3).

16           40.  Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by

17   Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461,

18   as amended, and as implemented by 16 C.F.R. § 1.98(d) (1997), authorizes this Court to

19   award monetary civil penalties of not more than $11,000 for each violation of CAN-SPAM,

20   including those sections of the CAN-SPAM Act that are interpreted by the Adult Labeling

Amended Complaint - Page 12                    U.S. Department of Justice
                                               P.O. Box 386
                                               Washington, D.C. 20044
                                               (202) 307-0047

1    Rule.  Defendant's violations of CAN-SPAM and the Adult Labeling Rule were committed

2    with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

3        41.  Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

4    injunctive and other ancillary relief to prevent and remedy any violation of any provision of

5    law enforced by the FTC.

6

7                            **PRAYER FOR RELIEF**

8        WHEREFORE, Plaintiff requests that this Court, as authorized by Sections 5(a),

9    5(m)(1)(A), 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 57b,

10   and pursuant to its own equitable powers:

11       1.        Enter judgment against Defendant and in favor of Plaintiff for each violation

12   alleged in this Complaint;

13       2.        Award Plaintiff monetary civil penalties from Defendant for every violation

14   of the CAN-SPAM Act, including those sections of the CAN-SPAM Act that are interpreted

15   by the Adult Labeling Rule;

16       3.        Permanently enjoin Defendant from violating CAN-SPAM and the Adult

17   Labeling Rule;

18       4.        Order Defendant to pay the costs of this action; and

19       5.        Award Plaintiff such other preliminary and permanent equitable relief as the

20   Court may determine to be just and proper.


Amended Complaint - Page 13                          U.S. Department of Justice
                                                     P.O. Box 386
                                                     Washington, D.C. 20044
                                                     (202) 307-0047

1    Dated: August 29, 2005             Respectfully submitted,

2    OF COUNSEL:                 FOR THE UNITED STATES OF AMERICA
3
4    EILEEN HARRINGTON          PETER D. KEISLER, JR.
5    Associate Director for Marketing    Assistant Attorney General
6    Practices                    Civil Division
7    FEDERAL TRADE COMMISSION    U.S. DEPARTMENT OF JUSTICE
8
9    K. Michelle Grajales            JOHN McKAY
10   Attorney                   United States Attorney
11   Federal Trade Commission
12   600 Pennsylvania Ave., N.W., Rm. 238
13   Washington, DC 20580
14   PHONE: 202-326-3172         Brian C. Kipnis
15   FAX: 202-326-3395           Assistant U.S. Attorney for the
16                       District of Western District of Washington
17                       700 Stewart Street
18                       PHONE: 206 553-7970
19                       FAX: 206-553-0882
20
21                       EUGENE M. THIROLF
22                       Director
23                       Office of Consumer Litigation
24
25
26                       Jeffrey I. Steger
27                       Trial Attorney
28                       Office of Consumer Litigation
29                       U.S. Department of Justice
30                       P.O. Box 386
31                       Washington, D.C. 20044
32                       PHONE: 202-307-0047
33                       FAX: 202-514-8742
34                       Jeffrey.Steger@usdoj.gov
35
36

Amended Complaint - Page 14             U.S. Department of Justice
                                        P.O. Box 386
                                        Washington, D.C. 20044
                                          (202) 307-0047