HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IMPULSE MEDIA GROUP, INC.,<br>a Washington corporation<br><br>　　　　Defendant. | **No. CV05 1285 L**<br><br>ANSWER TO THE COMPLAINT,<br>AFFIRMATIVE DEFENSES, PRAYER<br>FOR RELIEF, AND JURY DEMAND |

## I. ANSWER

COMES NOW Defendant IMPULSE MEDIA GROUP, INC. in the above-captioned cause of action and answers the Amended Complaint of Plaintiff by generally denying all of the allegations in the Complaint, except as may be specifically admitted or denied below, referring to paragraphs as numbered in Plaintiffs' Complaint:

Answering Plaintiff's opening allegations, Defendant is without sufficient knowledge to either admit or deny that Plaintiff acted upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC") pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), and therefore denies same and leaves Plaintiff to its proofs.

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND  - 1

**CARPELAW** <sup>PLLC</sup>
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1.   Answering Paragraph 1, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

## JURISDICTION AND VENUE

2.   Answering Paragraph 2, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

3.   Answering Paragraph 3, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

## DEFENDANT

4.   Answering Paragraph 4, Defendant admits that it is a Washington corporation, that it resides in the Western District of Washington and transacts business within the District and throughout the United States. Defendant further admits that its registered agent is CarpeLaw PLLC, with a mailing address of 2400 NW 80th Street, #130, Seattle, Washington 98117. Regarding the remainder of the allegations contained therein, the allegations are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

## COMMERCE

5.   Answering Paragraph 5, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND - 2

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

### DEFENDANT'S BUSINESS PRACTICES

6. Answering Paragraph 6, Defendant admits that since at least May 19, 2004, and continuing to the present, it has owned and operated numerous commercial Web sites that license access to sexually oriented videos and pictures. Defendant admits that it maintains an affiliate program, as that term is used within the online adult entertainment industry, and that the program pays a commission to its members who have steered consumers to Defendant's sites where those consumers have subscribed for access to a site. Defendant admits that it provides free Web hosting and marketing and promotional tools to affiliate program members, as well as access to periodic sales statistics showing subscriptions by consumers for which the affiliate is entitled to a commission. Regarding the remainder of the allegations contained therein, the allegations are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

7. Answering Paragraph 7, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that its affiliate program provides a means whereby a particular member of that program may be identified by a unique identifier that is used for purposes of allocation of commissions where those commissions are due to an affiliate program member as a result of that affiliate program member referring consumers to one or more of Defendant's Web sites and where the consumers referred to Defendant's Web site subsequently subscribed for access to that Web site. Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

8. Answering Paragraph 8, the averments contained therein are conclusions of law to which no response is required. Defendant denies that it is an initiator, as that term is defined under the CAN-SPAM Act of 2003 (15 U.S.C. § 7701, *et seq.*), of commercial email with respect to the allegations of wrongdoing in Plaintiff's Complaint. Defendant denies that it is a sender, as that term is defined under the CAN-SPAM Act of 2003 (15 U.S.C. § 7701, *et seq.*), of commercial email with respect to the allegations of wrongdoing in Plaintiff's Complaint. Defendant denies that its affiliates are transmitting electronic mail messages on Defendant's behalf. Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

9. Answering Paragraph 9, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to act. Defendant further denies that the unilateral acts or omissions of third parties imposes any criminal or civil liability upon Defendant. Regarding the remainder of the allegations, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

10. Answering Paragraph 10, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to act. Defendant further denies that the unilateral acts or omissions of third parties imposes any criminal or civil liability upon Defendant. Regarding the remainder of the allegations, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

11. Answering Paragraph 11, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that

1 the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to
2 act. Defendant further denies that the unilateral acts or omissions of third parties imposes any
3 criminal or civil liability upon Defendant.  Regarding the remainder of the allegations, Defendant
4 is without sufficient knowledge or information to either admit or deny the allegations contained
5 therein and therefore denies same and leaves Plaintiff to its proofs.

6      12.     Answering Paragraph 12, the averments contained therein are conclusions of law to
7 which no response is required.  To the extent a response is deemed required, Defendant denies that
8 the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to
9 act. Defendant further denies that the unilateral acts or omissions of third parties imposes any
10 criminal or civil liability upon Defendant.  Regarding the remainder of the allegations, Defendant
11 is without sufficient knowledge or information to either admit or deny the allegations contained
12 therein and therefore denies same and leaves Plaintiff to its proofs.

13      13.     Answering Paragraph 13, the averments contained therein are conclusions of law to
14 which no response is required.  To the extent a response is deemed required, Defendant denies that
15 the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to
16 act. Defendant further denies that the unilateral acts or omissions of third parties imposes any
17 criminal or civil liability upon Defendant.  Regarding the remainder of the allegations, Defendant
18 is without sufficient knowledge or information to either admit or deny the allegations contained
19 therein and therefore denies same and leaves Plaintiff to its proofs.

20      14.     Answering Paragraph 14, the averments contained therein are conclusions of law to
21 which no response is required.  To the extent a response is deemed required, Defendant denies that
22 the unilateral acts or omissions of third parties imposes any duty upon Defendant to act or fail to
23 act. Defendant further denies that the unilateral acts or omissions of third parties imposes any
24 criminal or civil liability upon Defendant.  Regarding the remainder of the allegations, Defendant
25 is without sufficient knowledge or information to either admit or deny the allegations contained
26 therein and therefore denies same and leaves Plaintiff to its proofs.

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND  - 5

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

## THE CAN-SPAM ACT

15. Answering Paragraph 15, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

16. Answering Paragraph 16, the averments contained therein are conclusions of law to which no response is required. Defendant admits that the quotation stated in the Complaint accurately recites portions of 15 U.S.C. § 7702(2)(A). Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

17. Answering Paragraph 17, the averments contained therein are conclusions of law to which no response is required. Defendant admits that the quotation stated in the Complaint accurately recites portions of 15 U.S.C. § 7702(9). Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

18. Answering Paragraph 18, the averments contained therein are conclusions of law to which no response is required. Defendant admits that the quotation stated in the Complaint accurately recites portions of 15 U.S.C. § 7702(12). Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

19. Answering Paragraph 19, the averments contained therein are conclusions of law to which no response is required. Defendant admits that 15 U.S.C. § 7702(13) defines "computer" by reference to 18 U.S.C § 1030(e)(2)(B). Defendant further admits that the quotation stated in the

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND - 6

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  Complaint accurately recites portions of 18 U.S.C. § 1030(e)(2)(B).  Regarding the remainder of
2  the allegations contained therein, to the extent a response is deemed required, Defendant is without
3  sufficient knowledge or information to either admit or deny the allegations contained therein
4  therefore denies same and leaves Plaintiff to its proofs.

5       20.    Answering Paragraph 20, the averments contained therein are conclusions of law to
6  which no response is required.  Defendant admits that the quotation stated in the Complaint
7  accurately recites portions of 15 U.S.C. § 7702(16).  Regarding the remainder of the allegations
8  contained therein, to the extent a response is deemed required, Defendant is without sufficient
9  knowledge or information to either admit or deny the allegations contained therein and therefore
10 denies same and leaves Plaintiff to its proofs.

11      21.    Answering Paragraph 21, the averments contained therein are conclusions of law to
12 which no response is required.  Defendant admits that the quotation stated in the Complaint
13 accurately recites portions of 15 U.S.C. § 7704(a)(3).  Regarding the remainder of the allegations
14 contained therein, to the extent a response is deemed required, Defendant is without sufficient
15 knowledge or information to either admit or deny the allegations contained therein and therefore
16 denies same and leaves Plaintiff to its proofs.

17      22.    Answering Paragraph 22, the averments contained therein are conclusions of law to
18 which no response is required.  Defendant admits that the quotation stated in the Complaint
19 accurately recites portions of 15 U.S.C. § 7702(a)(5)(A)(ii) and (iii).  Regarding the remainder of
20 the allegations contained therein, to the extent a response is deemed required, Defendant is without
21 sufficient knowledge or information to either admit or deny the allegations contained therein and
22 therefore denies same and leaves Plaintiff to its proofs.

23      23.    Answering Paragraph 23, the averments contained therein are conclusions of law to
24 which no response is required.  To the extent a response is deemed required, Defendant is without
25 sufficient knowledge or information to either admit or deny the allegations contained therein and
26 therefore denies same and leaves Plaintiff to its proofs.

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND - 7

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

24. Answering Paragraph 24, the averments contained therein are conclusions of law to which no response is required. Defendant admits that the quotation stated in the Complaint accurately recites portions of 15 U.S.C. § 7704(d)(4). Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

25. Answering Paragraph 25, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

26. Answering Paragraph 26, the averments contained therein are conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant admits that 16 CFR PART 316.4, as promulgated by the Federal Trade Commission, purports to require that the phrase "SEXUALLY-EXPLICIT: " be included in the subject heading of an electronic mail message that includes sexually oriented material. Defendant denies that all electronic mail messages containing sexually oriented material must contain the phrase "SEXUALLY-EXPLICIT: ". Defendant denies that 15 U.S.C. § 7704(d)(1)(B)(i) purports to require that the phrase "SEXUALLY-EXPLICIT: " be displayed in the "initially viewable content" of an electronic mail message. Defendant admits that 16 CFR PART 316.4(a)(2)(i), as promulgated by the Federal Trade Commission, purports to require that the phrase "SEXUALLY-EXPLICIT: " be displayed in the "initially viewable" area of an electronic mail message. Defendant denies that 15 U.S.C. § 7704(d)(1)(B)(ii) requires that clear and conspicuous identification that the message is an advertisement or solicitation be displayed in the "initially viewable content" of an electronic mail message. Defendant admits that 16 CFR PART 316.4(a)(2)(ii), as promulgated by the Federal Trade Commission, purports to require that the clear and conspicuous identification that the message is an advertisement or solicitation be displayed in the "initially viewable" area of an

electronic mail message. Defendant denies that 15 U.S.C. § 7704(d)(1)(B)(ii) requires that clear and conspicuous notice of the opportunity of a recipient to decline to receive further commercial email messages from the sender be displayed in the "initially viewable content" of an electronic mail message. Defendant admits that 16 CFR PART 316.4(a)(2)(iii), as promulgated by the Federal Trade Commission, purports to require that the clear and conspicuous notice of the opportunity of a recipient to decline to receive further commercial email messages from the sender be displayed in the "initially viewable" area of an electronic mail message. Defendant denies that 16 CFR PART 316.4(a)(2)(iv), as promulgated by the Federal Trade Commission, purports to require an electronic mail message to contain "a functioning return email message or other Internet-based mechanism, clearly and conspicuously displayed, that a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive further commercial email messages from that sender at the email address where the message was received; and that remains capable of receiving such messages or communications for no less that 30 days after the transmission of the original message" as alleged in Plaintiff's Complaint. Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

27. Answering Paragraph 27, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that 15 U.S.C. § 7704(d)(2) removes any duty by Defendant to comply with 15 U.S.C. § 7704(d)(1) if Defendant has prior affirmative consent by recipient to receive commercial electronic mail messages from Defendant. Defendant further admits that 16 CFR PART 316.4(b), as promulgated by the Federal Trade Commission, removes any duty by Defendant to comply with 16 CFR PART 316.4(a) if Defendant has prior affirmative consent by recipient to receive commercial electronic mail messages from Defendant. Regarding the remainder of the allegations contained therein, to

the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

28. Answering Paragraph 28, the averments contained therein are conclusions of law to which no response is required. Defendant admits that the quotation stated in the Complaint accurately recites and paraphrases portions of 15 U.S.C. § 7706(a). Regarding the remainder of the allegations contained therein, to the extent a response is deemed required, Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies same and leaves Plaintiff to its proofs.

## COUNT I

29. Answering Paragraph 29, Defendant repeats and restates his answers in Paragraphs 1 through 28 as if set forth fully herein.

30. Answering Paragraph 30, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

31. Answering Paragraph 31, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

## COUNT II

32. Answering Paragraph 32, Defendant repeats and restates his answers in Paragraphs 1 through 28 as if set forth fully herein.

33. Answering Paragraph 33, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

34. Answering Paragraph 34, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

## COUNT III

35. Answering Paragraph 33, Defendant repeats and restates his answers in Paragraphs 1 through 28 as if set forth fully herein.

36. Answering Paragraph 36, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

37. Answering Paragraph 37, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

## INDIVIDUAL AND BUSINESS INJURY

38. Answering Paragraph 38, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

## THIS COURT'S POWER TO GRANT RELIEF

39. Answering Paragraph 39, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant neither admits nor denies the allegations contained therein for lack of sufficient knowledge or information and therefore denies same and leaves Plaintiff to its proofs.

40. Answering Paragraph 40, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that this Court is authorized by 15 U.S.C. § 45(m)(1)(A) to award monetary civil penalties. Defendant denies that this Court is authorized to award monetary civil penalties of not more than $11,000 for each violation of CAN-SPAM as alleged in the Complaint. Regarding the remainder of

the allegations contained therein, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

41. Answering Paragraph 41, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that this Court is empowered to grant injunctive relief. Regarding the remainder of the allegations contained therein, Defendant denies the allegations contained therein for the reasons that the allegations made therein are untrue.

## II. AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges and states as follows:

1. Plaintiff has failed in whole or in part to state a claim upon which relief can be granted;

2. Plaintiff has suffered no damages by Defendant and/or has failed to mitigate its damages, if any;

3. Plaintiff has suffered no injury by Defendant nor is there a likelihood of injury by Defendant;

4. Plaintiff has suffered no harm and/or irreparable harm by Defendant;

5. Plaintiff failed to protect and/or enforce its alleged rights;

6. Defendant denies being initiator of any email communications in violation of the CAN-SPAM Act of 2003;

7. Defendant denies being sender of any email communications in violation of the CAN-SPAM Act of 2003;

8. Defendant denies violating any provision of the Adult Labeling Rule as codified in 16 CFR Part 316.1, *et seq.*;

9. Plaintiff's Complaint is barred as unconscionable;

10. Plaintiff's Complaint is barred by reason of waiver, estoppel, laches, and Plaintiff's unclean hands;

ANSWER TO THE COMPLAINT,
AFFIRMATIVE DEFENSES, PRAYER FOR
RELIEF, AND JURY DEMAND - 12

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

11. Plaintiff's Complaint is barred by the Statutes of Limitations;

12. Plaintiff has overreached its statutory authority in promulgating the regulations codified in 16 CFR Part 316;

13. Section 7704(d)(1) of Title 15 is unconstitutionally vague and therefore void;

14. Part 316.4(a)(2) of Title 16 of the Code of Federal Regulations is unconstitutionally vague and therefore void;

15. Defendant cannot be held liable for the unilateral acts or omissions of independent third parties;

16. Plaintiff's Complaint violates the Defendant's Due Process rights as guaranteed by the Fourteenth Amendment to the United States Constitution;

17. Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

### III. PRAYER FOR RELIEF

Having completely and fully provided his Answer to the Complaint, this Defendant therefore also denies Plaintiff's prayer for relief.

WHEREFORE, Defendant prays for relief as follows:

1. The Complaint against Defendant be dismissed with prejudice;

2. The Defendant be awarded his reasonable attorney's fees and costs in accordance with 28 U.S.C. § 1927; and

3. That Defendant be awarded such other and further relief as the Court deems just and equitable.

### IV. DEMAND FOR JURY TRIAL

Defendant hereby respectfully makes a demand for trial by a jury of his peers.

//

//

1  DATED this 19th day of September 2005.

2            CARPELAW PLLC

3            s/ Robert S. Apgood
          WSBA # 31023
4            CARPELAW PLLC
          2400 NW 80th Street #130
5            Seattle, WA 98117-4449
          Telephone: (206) 624-2379
6            Facsimile: (206) 784-6305
7            E-mail: rob@carpelaw.com

<u>DECLARATION OF SERVICE</u>

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on September 19, 2005, I electronically filed the foregoing

NOTICE OF APPEARANCE

with the Clerk of the Court using the CM/ECF system. In accordance with their ECF registration agreement and the court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

| Brian C. Kipnis<br>Asst. U.S. Attorney<br>District of the Western District of Washington<br>700 Stewart Street<br>Seattle, WA 98101-1271 | Jeffrey I. Steger<br>Office of Consumer Litigation<br>U.S. Dept. of Justice<br>P.O. Box 386<br>Washington, D.C. 20044<br>(Courtesy copy by electronic mail) |
|---|---|

I herby declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

EXECUTED this 19th of September 2005 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com