HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

IMPULSE MEDIA GROUP, INC.,
a Washington corporation

         Defendant.

**No. CV05 1285 L**

STIPULATION AND [PROPOSED]
ORDER OF PROTECTION

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by all parties in this case, through their undersigned counsel of record, that this Court may enter an order protecting the confidentiality of documents and materials under the following terms:

I.    DEFINITIONS

The following definitions shall apply to this Stipulation and Order:

1.     The terms "**Confidential Information**" and "**Confidential**" refer to all Material that any producing party designates as confidential in the manner set forth in this Stipulation and Order and that the producing party reasonably believes contains proprietary, confidential or private information, including but not limited to confidential financial and other business-related information.

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 1

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Dockets.Justia.com

2.      The term "**Legend**," as used herein, refers to a stamp or similar insignia stating "CONFIDENTIAL." When any Material is designated Confidential pursuant to this Stipulation and Order, the appropriate Legend shall be affixed to all pages of such Material.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audio tape, computer disks or tapes, etc.), the appropriate Legend shall be affixed to the outside of the medium or its container so as to give clear notice of the designation.  To the extent that paper or hard copies produced in any non-paper medium as referenced above is designated Confidential pursuant to this Stipulation and Order, the producing party shall affix the appropriate Legend to all pages of such Material.

3.      The terms "**Material**" and "**Materials**," as used herein, refer without limitation to all documents (in written or electronic form), information, and things produced in discovery, including responses to document requests, interrogatories, and requests for admissions; written or oral testimony at (and transcripts of) depositions; all copies of the foregoing: and all excerpts, extracts or summaries of any of the foregoing.

II.      EFFECT OF DESIGNATION

1.      A producing party may designate any Material that contains Confidential Information as Confidential pursuant to this Stipulation and Order by affixing to it the appropriate Legend as provided under paragraph I.2.  Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Material designated Confidential shall be treated as provided in this Stipulation and Order.  By designating the Material as Confidential, the designating party represents a good faith belief that the Materials so designated contain information entitled to a protective order as established by law and the Federal Rules of Civil Procedure.

2.      Confidential Information produced in this litigation may be used only for purposes of this litigation, and may not be used for any other purpose including, without limitation, any business or commercial purpose, except by consent of the producing party or

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 2

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    order of the Court.  Nothing in this Stipulation and Order shall be construed to limit any party's

2    ability to use its own Materials as the party otherwise would during the ordinary course of

3    business.  Nothing in this Stipulation and Order shall alter the rights, if any, of the plaintiff to

4    use, or the defendant to object to the use of, Materials, outside the context of this action for other

5    law enforcement purposes.  In the event that plaintiff intends to make any such use of Material

6    produced by defendant, plaintiff will provide the defendant with 20 days advance notice of its

7    intent to use such Material for other law enforcement purposes.  Upon receipt of such notice,

8    defendant may seek a protective order from the Court prohibiting such use by plaintiff.  In the

9    event that defendant seeks such a protective order, plaintiff shall refrain from use of the Material

10   for any purpose other than this litigation until the matter has been adjudicated by the Court.

11   Plaintiff agrees to abide by any order or instruction issued by the Court related thereto, but

12   reserves the right to appeal any such order or instruction.

13        3.      Material that is designated with the Legend "Confidential" and any summaries,

14   charts or notes made therefrom, and any facts or information contained therein or derived

15   therefrom and from no other source, shall be disclosed only to the extent necessary for this

16   litigation and only to:

17        a.      Parties to this litigation and the employees, officers and directors of such

18   parties who have a reasonable need to review the information in connection with this litigation;

19        b.      Counsel of record in this litigation and supervisory or management

20   personnel, attorney colleagues, paralegals, legal assistants, secretaries, support staff, and clerical

21   employees of such counsel of record (including outside copy services), who have a reasonable

22   need to review the information in connection with this litigation;

23        c.      Counsel of the Federal Trade Commission involved in this litigation and

24   supervisory or management personnel, paralegals, investigators, legal assistants, secretaries, and

25   clerical employees of such counsel (including outside copy services), who have a reasonable

26   need to review the information in connection with this litigation;

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 3

d.    Subject to the limitations stated below, experts or consultants who are employed or retained by (or consulted about retention on behalf of) any party in this litigation to assist in this litigation;

e.    Subject to the limitations stated below, deponents, trial witnesses, and their counsel who have a reasonable need to review this material during the course of, or in preparation for, their testimony in this litigation (including but not limited to deponents or trial witnesses who may be employees of a party);

f.    Stenographic reporters who are involved in depositions or any hearings or proceedings before the Court in this litigation; and

g.    The Court and any persons employed by the Court whose duties require access to Confidential Information.

4.    Unless the producing party agrees otherwise, Materials that are designated with the Legend "Confidential" may be disclosed to persons referred to in subparagraphs II.3.d and II.3.e above only after such persons have been advised of the terms and operation of this Stipulation and Order, have agreed to be bound by its terms, and have signed the form attached hereto as Exhibit A.  The party disclosing such Confidential Information shall maintain each original, signed form.

5.    All copies of all Materials that are designated with the Legend "Confidential" shall also constitute and be treated as Confidential Information as provided in this Stipulation and Order.

III.    DESIGNATION OF TRANSCRIPTS

1.    In the case of Confidential Information revealed during a deposition, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 4

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

2.    Alternatively, if a deposition transcript has not previously been designated as Confidential, then counsel for a party may designate a deposition or a portion thereof, disclosing, containing or referring to any Confidential Information hereunder as "Confidential" by informing counsel for all other parties to this action in writing within thirty (30) days after receipt of the transcript (or such other time as may be agreed), as to the specific pages so deemed, and thereafter such pages shall constitute Confidential Information pursuant to this Stipulation and Order and be subject to the terms contained herein.  Upon receipt of such notice, any party in possession of copies of such undesignated transcript shall treat the designated Material as "Confidential."  Until the expiration of such thirty (30) day period, the entire transcript shall be treated the same as Materials designated as "Confidential".  Where testimony is designated at a deposition as "Confidential" the designating party may exclude from the deposition all persons other than those to whom the designated Materials may be disclosed pursuant to paragraph II.3 of this Stipulation and Order.

IV.    FILING UNDER SEAL

In the event that any Material designated with the Legend "Confidential" is included with, or the contents thereof are disclosed in, any documents filed with the Clerk of this Court, any court or any other adjudicative body, any party seeking to file such Material will move to file the Material under seal.

V.    OBJECTIONS TO DESIGNATION

Any party (the "Requesting Party") may at any time request in writing that any information or document designated as Confidential be released from the requirements of this Stipulation and Order, and, unless otherwise agreed in writing, the producing party shall confer with the Requesting Party within ten (10) days of receipt of such written request.  If an agreement cannot be reached by negotiation, then the Party who wishes the information to be

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION  - 5

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    designated "Confidential" must move the Court to issue a protective order retaining the

2    "Confidential" designation of such information or document.  The Federal Rules of Civil

3    Procedure and local rules govern the procedures and burdens for any such motion.  In the event

4    that such motion is made, any relevant information or document shall be submitted to the Court

5    under seal for the Court's review, and the terms of this Stipulation and Order shall continue to

6    apply to such information or document until the Court rules on the motion.  Unless otherwise

7    ordered by the Court, the Court's ruling that any Confidential Information is not properly

8    designated as Confidential shall not affect any other Confidential Information so designated.

9    The above procedure shall not preclude application to the Court on a more expedited basis as

10   circumstances warrant.  The parties agree that the designating of Materials as "Confidential," or

11   the request for the removal of such designation shall be made judiciously.

12   VI.     <u>CONTINUATION OF PROTECTION AFTER DISPOSITION</u>

13           The termination of proceedings in this litigation shall not relieve the parties of the

14   obligation to maintain the confidentiality of all Confidential Information pursuant to the terms of

15   this Stipulation and Order, unless otherwise ordered by the Court or stipulated in writing by all

16   parties.

17           Within sixty (60) days after the final disposition of this litigation by settlement or by final

18   judgment not subject to any further appeal, the attorneys for the parties shall, upon written

19   request of the producing party, either:  (a) return promptly to the producing party from whom it

20   was obtained any Material designated with the Legend "Confidential" and all copies, extracts

21   and summaries thereof; or (b) destroy all Material designated with the Legend "Confidential"

22   and copies, extracts and summaries thereof.  Following the return or destruction, counsel shall

23   provide each producing party a declaration stating that all Confidential Information that has

24   come into their or their client's possession, including copies, extracts and summaries thereof,

25   have been returned or destroyed.  Notwithstanding this provision, counsel for the parties to this

26   litigation may keep a complete set of deposition transcripts, all documents filed or lodged with

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 6

1    the Court, and any of their work product, even if such materials have been designated as

2    Confidential, provided that such Material is stored in a manner so as to preserve its

3    confidentiality.

4    VII.    MODIFICATIONS TO THIS ORDER

5              Nothing herein shall preclude any party from applying to the Court to modify this

6    Stipulation and Order or to seek relief from any provision of this Stipulation and Order.  The

7    parties may modify any of the provisions of this Stipulation and Order by written agreement of

8    all parties.

9    VIII.    RESERVATION OF RIGHTS

10             By designating any Material as Confidential, the parties do not acknowledge that any

11   such Material is relevant or discoverable in this action.  Nor does the fact that a party designates

12   Material as Confidential constitute an adjudication by the Court or an agreement by any other

13   party that the Material is properly so designated or that such Material, in fact, constitutes or

14   contains any trade secrets or otherwise private, confidential or proprietary information.  All

15   parties reserve the right to seek or resist discovery of such Material consistent with the Federal

16   Rules of Civil Procedure.  All parties reserve the right to challenge the designation of Material in

17   this action.  In the event a jury hears all or any part of this case, designations of confidentiality

18   shall not be made known to the jury in any manner.

19   IX.    INADVERTENT PRODUCTION/NON-DESIGNATION

20             Any inadvertent failure to designate Material that in fact constitutes Confidential

21   Information shall not be deemed to be a waiver of any such protection to which the Material is

22   entitled.  If, through inadvertence, a producing party produces any Material containing

23   Confidential Information but fails to designate the Material as Confidential, the producing party

24   may subsequently designate the Material as Confidential pursuant to paragraph I.2 so long as the

25   producing party does this immediately upon its discovery of its inadvertent failure to designate

26

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 7

1    such Material.  The non-producing party shall not be deemed in breach of this Order, however, if

2    it discloses such Material prior to designation.

3

4    OF COUNSEL:                              FOR THE UNITED STATES OF AMERICA
     Alan Hile                                Peter D. Keisler, Jr.
5    Acting Associate Director for Marketing  Assistant Attorney General
     Practices                                Civil Division
6    Federal Trade Commission                 U.S. Department of Justice

7
     K. Michelle Grajales                     John McKay
8    Attorney                                 United States Attorney
     Federal Trade Commission
9    600 Pennsylvania Ave. N.W., Rm 238       Brian Kipnis
     Washington, D.C. 20580                   Assistant U.S. Attorney
10   Phone: 202-326-3172                      Western District of Washington
     Fax: 202-326-3395                        700 Stewart Street
11                                            Seattle, WA
                                              Phone: 206-553-7970
12                                            Fax: 206-553-0882

13
                                             ___ s/ Jeffrey I. Steger _____
14                                            Jeffrey I. Steger
                                              Trial Attorney
15                                            Office of Consumer Litigation
                                              U.S. Department of Justice
16                                            P.O. Box 386
                                              Washington, D.C. 20044
17                                            Phone: 202-307-0047
                                              Fax: 202-514-8742
18
                                              Email: jeffrey.steger@usdoj.gov
19
                                             FOR IMPULSE MEDIA GROUP, INC.
20                                            CARPELAW PLLC
21
                                             ___ s/ Robert S. Apgood _____
22                                            Robert S. Apgood, WSBA #31023
                                              CARPELAW PLLC
23                                            2400 NW 80th Street #130
                                              Seattle, WA 98117-4449
24                                            Telephone: (206) 624-2379
                                              Facsimile: (206) 784-6305
25                                            Email: rob@carpelaw.com
26

STIPULATION AND [PROPOSED] ORDER            CARPELAW PLLC
OF PROTECTION   - 8                          2400 NW 80th Street  #130
                                             Seattle, Washington 98117

                                             (206) 624-2379 - (206) 784-6305 (fax)

DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on December 15, 2005, I electronically filed the foregoing

1.       STIPULATION AND [PROPOSED] ORDER OF PROTECTION

with the Clerk of the Court using the CM/ECF system. In accordance with their ECF registration agreement and the court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

Jeffrey I. Steger
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044

Brian Kipnis
Asst. United States Attorney
700 Stewart Street
Seattle, WA 98104

I herby declare under penalty of perjury under the laws of the United States of America and that the foregoing is true and correct.

EXECUTED this 15th of December 2005 at Seattle, Washington.

**CarpeLaw PLLC**

*s/ Robert S. Apgood*
WSBA # 31023
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 9

1

EXHIBIT A

2

3     I, _____, have reviewed the Stipulation And

4   Protective Order Re Confidentiality ("Order") entered in *United States of America v. Impulse*

5   *Media Group, Inc.* United States District Court for the Western District of Washington, Case No.

6   CV05 1285L.  I understand the Order and I agree to be bound by the terms of the Order.

7     The materials and information afforded confidential treatment under the Order shall be

8   used by me in connection with the above-referenced litigation and for no other purpose.

9   Furthermore, I understand and agree that I shall have no right to use such materials in any other

10  litigation without prior approval of the United States District Court for the District of Arizona or

11  upon proper order of any court of competent jurisdiction.

12     I hereby consent to the exercise of personal jurisdiction in the United States District

13  Court for the Western District of Washington for purposes of enforcement of the Order.

14

15     DATED this _____ day of _____ 2005.

16

17     _____

18     (Signature)

19     _____

20     (Print Name)

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION  - 1

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    IT IS SO ORDERED.

2

3    DATED this _____ day of December 2005.

4

5

6    _____

7    HON. ROBERT S. LASNIK
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND [PROPOSED] ORDER
OF PROTECTION   - 2

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)