HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE MEDIA GROUP, INC.,<br>a Washington corporation<br><br>Defendant. | **No. CV05 1285 L**<br><br>STIPULATION AND ORDER OF PROTECTION |

## **STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by all parties in this case, through their undersigned counsel of record, that this Court may enter an order protecting the confidentiality of documents and materials under the following terms:

I.  DEFINITIONS

The following definitions shall apply to this Stipulation and Order:

1. The terms "**Confidential Information**" and "**Confidential**" refer to all Material that any producing party designates as confidential in the manner set forth in this Stipulation and Order and that the producing party reasonably believes contains proprietary, confidential or private information, including but not limited to confidential financial and other business-related information.

STIPULATION AND ORDER OF
PROTECTION   - 1

2. The term "**Legend**," as used herein, refers to a stamp or similar insignia stating "CONFIDENTIAL." When any Material is designated Confidential pursuant to this Stipulation and Order, the appropriate Legend shall be affixed to all pages of such Material.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audio tape, computer disks or tapes, etc.), the appropriate Legend shall be affixed to the outside of the medium or its container so as to give clear notice of the designation.  To the extent that paper or hard copies produced in any non-paper medium as referenced above is designated Confidential pursuant to this Stipulation and Order, the producing party shall affix the appropriate Legend to all pages of such Material.

3. The terms "**Material**" and "**Materials**," as used herein, refer without limitation to all documents (in written or electronic form), information, and things produced in discovery, including responses to document requests, interrogatories, and requests for admissions; written or oral testimony at (and transcripts of) depositions; all copies of the foregoing: and all excerpts, extracts or summaries of any of the foregoing.

II. <u>EFFECT OF DESIGNATION</u>

1. A producing party may designate any Material that contains Confidential Information as Confidential pursuant to this Stipulation and Order by affixing to it the appropriate Legend as provided under paragraph I.2.  Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Material designated Confidential shall be treated as provided in this Stipulation and Order.  By designating the Material as Confidential, the designating party represents a good faith belief that the Materials so designated contain information entitled to a protective order as established by law and the Federal Rules of Civil Procedure.

2. Confidential Information produced in this litigation may be used only for purposes of this litigation, and may not be used for any other purpose including, without limitation, any business or commercial purpose, except by consent of the producing party or

STIPULATION AND ORDER OF
PROTECTION  - 2

C<small>ARPE</small>L<small>AW</small> <sup>PLLC</sup>
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

order of the Court.  Nothing in this Stipulation and Order shall be construed to limit any party's ability to use its own Materials as the party otherwise would during the ordinary course of business.  Nothing in this Stipulation and Order shall alter the rights, if any, of the plaintiff to use, or the defendant to object to the use of, Materials, outside the context of this action for other law enforcement purposes.  In the event that plaintiff intends to make any such use of Material produced by defendant, plaintiff will provide the defendant with 20 days advance notice of its intent to use such Material for other law enforcement purposes.  Upon receipt of such notice, defendant may seek a protective order from the Court prohibiting such use by plaintiff.  In the event that defendant seeks such a protective order, plaintiff shall refrain from use of the Material for any purpose other than this litigation until the matter has been adjudicated by the Court.  Plaintiff agrees to abide by any order or instruction issued by the Court related thereto, but reserves the right to appeal any such order or instruction.

      3.     Material that is designated with the Legend "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the extent necessary for this litigation and only to:

      a.     Parties to this litigation and the employees, officers and directors of such parties who have a reasonable need to review the information in connection with this litigation;

      b.     Counsel of record in this litigation and supervisory or management personnel, attorney colleagues, paralegals, legal assistants, secretaries, support staff, and clerical employees of such counsel of record (including outside copy services), who have a reasonable need to review the information in connection with this litigation;

      c.     Counsel of the Federal Trade Commission involved in this litigation and supervisory or management personnel, paralegals, investigators, legal assistants, secretaries, and clerical employees of such counsel (including outside copy services), who have a reasonable need to review the information in connection with this litigation;

STIPULATION AND ORDER OF
PROTECTION  - 3

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

d.   Subject to the limitations stated below, experts or consultants who are employed or retained by (or consulted about retention on behalf of) any party in this litigation to assist in this litigation;

e.   Subject to the limitations stated below, deponents, trial witnesses, and their counsel who have a reasonable need to review this material during the course of, or in preparation for, their testimony in this litigation (including but not limited to deponents or trial witnesses who may be employees of a party);

f.   Stenographic reporters who are involved in depositions or any hearings or proceedings before the Court in this litigation; and

g.   The Court and any persons employed by the Court whose duties require access to Confidential Information.

4.   Unless the producing party agrees otherwise, Materials that are designated with the Legend "Confidential" may be disclosed to persons referred to in subparagraphs II.3.d and II.3.e above only after such persons have been advised of the terms and operation of this Stipulation and Order, have agreed to be bound by its terms, and have signed the form attached hereto as Exhibit A.  The party disclosing such Confidential Information shall maintain each original, signed form.

5.   All copies of all Materials that are designated with the Legend "Confidential" shall also constitute and be treated as Confidential Information as provided in this Stipulation and Order.

III.   DESIGNATION OF TRANSCRIPTS

1.   In the case of Confidential Information revealed during a deposition, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the

STIPULATION AND ORDER OF
PROTECTION  - 4

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  stenographer shall affix the appropriate Legend to the cover page and all appropriate pages of the
2  transcript, and to each copy thereof.
3        2.      Alternatively, if a deposition transcript has not previously been designated as
4  Confidential, then counsel for a party may designate a deposition or a portion thereof, disclosing,
5  containing or referring to any Confidential Information hereunder as "Confidential" by
6  informing counsel for all other parties to this action in writing within thirty (30) days after
7  receipt of the transcript (or such other time as may be agreed), as to the specific pages so
8  deemed, and thereafter such pages shall constitute Confidential Information pursuant to this
9  Stipulation and Order and be subject to the terms contained herein.  Upon receipt of such notice,
10 any party in possession of copies of such undesignated transcript shall treat the designated
11 Material as "Confidential."  Until the expiration of such thirty (30) day period, the entire
12 transcript shall be treated the same as Materials designated as "Confidential".  Where testimony
13 is designated at a deposition as "Confidential" the designating party may exclude from the
14 deposition all persons other than those to whom the designated Materials may be disclosed
15 pursuant to paragraph II.3 of this Stipulation and Order.

16 IV.    <u>FILING UNDER SEAL</u>

17       In the event that any Material designated with the Legend "Confidential" is included
18 with, or the contents thereof are disclosed in, any documents filed with the Clerk of this Court,
19 any court or any other adjudicative body, any party seeking to file such Material will move to file
20 the Material under seal.

21 V.    <u>OBJECTIONS TO DESIGNATION</u>

22       Any party (the "Requesting Party") may at any time request in writing that any
23 information or document designated as Confidential be released from the requirements of this
24 Stipulation and Order, and, unless otherwise agreed in writing, the producing party shall confer
25 with the Requesting Party within ten (10) days of receipt of such written request.  If an
26 agreement cannot be reached by negotiation, then the Party who wishes the information to be

STIPULATION AND ORDER OF
PROTECTION  - 5

C<small>ARPE</small>L<small>AW</small> <small>PLLC</small>
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  designated "Confidential" must move the Court to issue a protective order retaining the
2  "Confidential" designation of such information or document.  The Federal Rules of Civil
3  Procedure and local rules govern the procedures and burdens for any such motion.  In the event
4  that such motion is made, any relevant information or document shall be submitted to the Court
5  under seal for the Court's review, and the terms of this Stipulation and Order shall continue to
6  apply to such information or document until the Court rules on the motion.  Unless otherwise
7  ordered by the Court, the Court's ruling that any Confidential Information is not properly
8  designated as Confidential shall not affect any other Confidential Information so designated.
9  The above procedure shall not preclude application to the Court on a more expedited basis as
10 circumstances warrant.  The parties agree that the designating of Materials as "Confidential," or
11 the request for the removal of such designation shall be made judiciously.

12 VI.   CONTINUATION OF PROTECTION AFTER DISPOSITION

13     The termination of proceedings in this litigation shall not relieve the parties of the
14 obligation to maintain the confidentiality of all Confidential Information pursuant to the terms of
15 this Stipulation and Order, unless otherwise ordered by the Court or stipulated in writing by all
16 parties.

17     Within sixty (60) days after the final disposition of this litigation by settlement or by final
18 judgment not subject to any further appeal, the attorneys for the parties shall, upon written
19 request of the producing party, either:  (a) return promptly to the producing party from whom it
20 was obtained any Material designated with the Legend "Confidential" and all copies, extracts
21 and summaries thereof; or (b) destroy all Material designated with the Legend "Confidential"
22 and copies, extracts and summaries thereof.  Following the return or destruction, counsel shall
23 provide each producing party a declaration stating that all Confidential Information that has
24 come into their or their client's possession, including copies, extracts and summaries thereof,
25 have been returned or destroyed.  Notwithstanding this provision, counsel for the parties to this
26 litigation may keep a complete set of deposition transcripts, all documents filed or lodged with

STIPULATION AND ORDER OF
PROTECTION  - 6

the Court, and any of their work product, even if such materials have been designated as Confidential, provided that such Material is stored in a manner so as to preserve its confidentiality.

VII.   MODIFICATIONS TO THIS ORDER

Nothing herein shall preclude any party from applying to the Court to modify this Stipulation and Order or to seek relief from any provision of this Stipulation and Order. The parties may modify any of the provisions of this Stipulation and Order by written agreement of all parties.

VIII.   RESERVATION OF RIGHTS

By designating any Material as Confidential, the parties do not acknowledge that any such Material is relevant or discoverable in this action. Nor does the fact that a party designates Material as Confidential constitute an adjudication by the Court or an agreement by any other party that the Material is properly so designated or that such Material, in fact, constitutes or contains any trade secrets or otherwise private, confidential or proprietary information. All parties reserve the right to seek or resist discovery of such Material consistent with the Federal Rules of Civil Procedure. All parties reserve the right to challenge the designation of Material in this action. In the event a jury hears all or any part of this case, designations of confidentiality shall not be made known to the jury in any manner.

IX.   INADVERTENT PRODUCTION/NON-DESIGNATION

Any inadvertent failure to designate Material that in fact constitutes Confidential Information shall not be deemed to be a waiver of any such protection to which the Material is entitled. If, through inadvertence, a producing party produces any Material containing Confidential Information but fails to designate the Material as Confidential, the producing party may subsequently designate the Material as Confidential pursuant to paragraph I.2 so long as the producing party does this immediately upon its discovery of its inadvertent failure to designate

1  such Material.  The non-producing party shall not be deemed in breach of this Order, however, if
2  it discloses such Material prior to designation.

3

| OF COUNSEL: | FOR THE UNITED STATES OF AMERICA |
|---|---|
| Alan Hile | Peter D. Keisler, Jr. |
| Acting Associate Director for Marketing Practices | Assistant Attorney General |
| Federal Trade Commission | Civil Division |
| | U.S. Department of Justice |
| K. Michelle Grajales | |
| Attorney | John McKay |
| Federal Trade Commission | United States Attorney |
| 600 Pennsylvania Ave. N.W., Rm 238 | |
| Washington, D.C. 20580 | Brian Kipnis |
| Phone: 202-326-3172 | Assistant U.S. Attorney |
| Fax: 202-326-3395 | Western District of Washington |
| | 700 Stewart Street |
| | Seattle, WA |
| | Phone: 206-553-7970 |
| | Fax: 206-553-0882 |

  s/ Jeffrey I. Steger_____
Jeffrey I. Steger
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Phone: 202-307-0047
Fax: 202-514-8742
Email: jeffrey.steger@usdoj.gov

FOR IMPULSE MEDIA GROUP, INC.
CARPELAW PLLC

  s/ Robert S. Apgood_____
Robert S. Apgood, WSBA #31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

---

STIPULATION AND ORDER OF PROTECTION  - 8

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

EXHIBIT A

I, _____, have reviewed the Stipulation And Protective Order Re Confidentiality ("Order") entered in *United States of America v. Impulse Media Group, Inc.* United States District Court for the Western District of Washington, Case No. CV05 1285L. I understand the Order and I agree to be bound by the terms of the Order.

The materials and information afforded confidential treatment under the Order shall be used by me in connection with the above-referenced litigation and for no other purpose. Furthermore, I understand and agree that I shall have no right to use such materials in any other litigation without prior approval of the United States District Court for the District of Arizona or upon proper order of any court of competent jurisdiction.

I hereby consent to the exercise of personal jurisdiction in the United States District Court for the Western District of Washington for purposes of enforcement of the Order.

DATED this \_\_\_\_\_ day of _____ 2005.

_____
(Signature)

_____
(Print Name)

1    IT IS SO ORDERED.

3    DATED this 16th day of December 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

STIPULATION AND ORDER OF PROTECTION - 10

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)