Page 1 of 20
United States' MSJ Exhibit 4
CV05-1285L

HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff,

     v.

IMPULSE MEDIA GROUP, INC.,
a Washington corporation

       Defendant.

**No. CV05 1285 L**

UNITED STATES OF AMERICA'S FIRST
REQUEST FOR INTERROGATORY
ANSWERS
**AND RESPONSES AND OBJECTIONS
THERETO**

TO:      IMPULSE MEDIA GROUP, INC.

FROM:   UNITED STATES OF AMERICA

     Plaintiff United States of America hereby propounds, pursuant to Rules 26 and 33 of the

Federal Rules of Civil Procedure, the following Interrogatories upon defendant Impulse Media

Group, Inc.  Each Interrogatory shall be answered separately and fully in writing under oath

within thirty (30) days of service; and, they shall be interpreted and answered in accordance with

the following instructions and definitions:

### INSTRUCTIONS AND DEFINITIONS

    1)     The terms "you," "your," "your Company," and "the Company" each refer to and

include IMPULSE MEDIA GROUP, INC. (irrespective of any other name under which it has

done business, including, but not limited to, IMG), as well as all of its predecessor and successor

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 1

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1 corporations, subsidiaries, branches, divisions, and groups, wherever located, and each of its

2 present or former directors, officers, employees, agents, and representatives.  Your answers to

3 these Interrogatories shall include all non-privileged information available to you directly or

4 through your agents, representatives, or attorneys; this includes knowledge or information in the

5 possession of your employees and any other persons or entities that are subject to your direction

6 or control.

7      2)     The terms "identify" or "identification" when used in reference to a natural

8 person mean to state the person's full name, home address, business address, and last known

9 telephone number, position, and business affiliation.  When used in reference to a person other

10 than a natural person "identify" or "identification" means to state whether such person is a

11 corporation, partnership, or other organization, and its name, present or last known telephone

12 number and address, and principal place of business.  Once any person has been properly

13 identified, it shall be sufficient thereafter when identifying that person to state the person's name

14 only.

15      3)     The terms "identify" or "identification" when used in reference to a "document"

16 mean to state the date, the author, the author's address, the type of document (*e.g.*, letter,

17 memorandum, telegram, chart, etc.), the name and address of the present custodian of all copies

18 thereof and any other descriptive data.  If any such document was but is no longer in the

19 person's possession or subject to the person's control, state the disposition which *[sic]* was made

20 of it and the reasons for such a disposition.  In lieu of identifying any document a true and

21 correct copy thereof may be annexed and incorporated in the answers to these Interrogatories.

22      4)     The terms "document" and "documents" each refer to and include the original, or

23 any copy if the original is not available, of writings and tangible things of every kind and

24 description, official or otherwise, in the possession, custody or control of the Company, and

25 include all handwritten, typed, printed, recorded, transcribed, taped, filmed, graphic- or sound-

26 reproduction material; magnetic cards or cartridges; optical storage devices; and computer

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 2

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1   records, printouts, runs, cards, tapes, or disks (together with all programming instructions and

2   other material necessary for their use), including all information stored in computer hard drives

3   or disks.  The terms "document" and "documents" each specifically include, but are not limited

4   to: email or any other form of electronic communication transmitted over the Internet or

5   otherwise; diaries; employee appointment calendars and schedules; bank records; purchase

6   orders or records; accounting and bookkeeping records and materials; invoices; corporate and

7   personal checks; financial records and statements; external and internal correspondence; cables;

8   telexes; teletypes; telegrams; telecopies *[sic]*; memoranda; letters; notices; messages; reports;

9   summaries; briefing materials; training materials; advertisements in any media; telephone and

10  personnel directories; card files; telephone logs; routing slips; records or evidence of incoming

11  and outgoing telephone calls; studies; notes; working papers; graphs; charts; diagrams; agendas;

12  minutes; transcripts, records, or summaries of any meeting, conversation, conference or

13  communication; and all attachments to any of the items set forth in this paragraph.  The terms

14  "document" and "documents" also refer to and include every copy of every document where

15  such copy is not identical to the original because of any addition, deletion, alteration, or

16  notation.

17       5)      The term "commercial electronic mail message" means any electronic mail

18  message the primary purpose of which is the commercial advertisement or promotion of a

19  commercial product or service (including content on an Internet website operated for a

20  commercial purpose).

21       6)      The term "affiliate" means any person who agrees to provide your Company

22  with, or refers to your Company, potential or actual customers.

23       7)      The term "Affiliate Program" means any arrangement whereby any person

24  through hyperlinks on the World Wide Web, hyperlinks in commercial electronic mail

25  messages, or any other Internet-based mechanism, provides your Company with, or refers to

26  Your Company, potential or actual customers.

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 3

CARPELAW PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1     8)    The term "payee" includes, but is not limited to, Internet payment service

2    providers, e-commerce processors or payment processors.

3     9)    The terms "person" or "persons" include, but are not limited to, individuals,

4    corporations, companies, partnerships, unincorporated business associations, affiliates, estates,

5    trusts, governmental bodies, organizations, and any other entity composed of persons.

6     10)    The term "employee" means any person who at any time during the period

7    covered by these Interrogatories acted or purported to act on behalf of the Company, including,

8    but not limited to, all past and present directors, officers, agents, representatives, attorneys,

9    accountants, advisors, and consultants, including independent contractors, whether such activity

10    on behalf of the Company or such other person or persons was on a full-time, part-time, piece-

11    work, or other basis, and whether such activities were paid or unpaid.

12     11)    The term "communication" means any transmission or exchange of information

13    between two or more persons, orally or in writing, and includes, without limitation, any

14    conversation or discussion, whether face-to-face or by means of telephone, telegraph, telex,

15    electronic or other media, whether by chance or design.

16     12)    The term "sexually oriented material" means any material that depicts sexually

17    explicit conduct (as that term is defined in section 2256 of Title 18, United States Code), unless

18    the depiction constitutes a small and insignificant part of the whole, the remainder of which is

19    not primarily devoted to sexual matters.

20     13)    The terms "and" and "or" shall be construed either conjunctively or disjunctively

21    as necessary to bring within the scope of the request any document which might otherwise be

22    construed to be outside its scope.

23     14)    The terms "any," "every" and "all" shall be construed to be interchangeable (*i.e.*,

24    the term "any" shall be construed to include the words "all" and "every", and the term "all" shall

25    be construed include *[sic]* the words "any" and "every").

26

Page 5 of 20
United States' MSJ Exhibit 4
CV05-1285L

1    15)    "Relate to" means to make a statement about, refer to, discuss, describe, reflect,

2  identify, deal with, consist of, or in any way pertain, in whole or in part, to the subject.

3    16)    The Interrogatories cover the period January 1, 2004, through the date of service

4  of this document.  All responsive information that was prepared, dated, sent, received, altered, in

5  effect, or which came into existence during this period is to be provided pursuant to these

6  Interrogatories.

7    17)    The singular form of a noun or pronoun shall be considered to include within its

8  meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine

9  form of a pronoun shall be considered to include within its meaning the feminine form of the

10  pronoun so used and vice versa; and the use of any tense of any verb shall be considered to

11  include within its meaning all other tenses of the verb.

12    18)    If you withhold any document or information on the ground of any privilege, you

13  shall provide a statement setting forth the following information with respect to each withheld

14  document:

15    a)    the name and title of the author (and, if different, the preparer and signatory);

16    b)    the name and title of the person to whom the document was addressed;

17    c)    the names and titles of all persons to whom the document or a copy of the

18        document was sent or to whom the document or a copy, or any part thereof, was

19        shown;

20    d)    the date of the document;

21    e)    the number of pages;

22    f)    a brief description of the subject matter;

23    g)    the nature of the privilege claimed; and

24    h)    the Interrogatory to which it is responsive.

25    19)    These Interrogatories are continuing, requiring you promptly to amend your

26  written answers as additional information becomes available.

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 5

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Page 6 of 20
United States' MSJ Exhibit 4
CV05-1285L

1

## INTERROGATORIES

2      1)     Identify each person responsible for the operation of your Company's Affiliate

3 Program, including each person responsible for designing the Program and related web pages;

4 responsible for negotiating or signing contracts with affiliates; responsible for terminating or

5 reinstating affiliates; responsible for monitoring, reviewing, regulating, or auditing the content

6 of commercial electronic mail message sent by affiliates; responsible for responding to

7 complaints from or about affiliates; and responsible for monitoring affiliates for compliance

8 with your Company's policies.

9     **OBJECTION:**     *The interrogatory assumes facts not established.*

10     **OBJECTION:**     *The interrogatory is compound in that it contains two distinct*

11 *requests for information, to wit: 1) the identities of persons responsible for the operation of the*

12 *Company's Affiliate Program and related components; and 2) the identify of the person or*

13 *persons responsible for dealing with complaints about affiliates (responding to complaints about*

14 *affiliates is not a function described as part of the Company's Affiliate Program and does not*

15 *implicate the participation of affiliates). Consequently, Defendant Impulse Media Group, Inc.*

16 *responds to each request individually.*

17     **ANSWER:**     Without waiving any objections,

18     PART I. Identities:

19     Designing Affiliate program- Design: Seth Schermerhorn

20     Negotiating or Signing Contracts: Seth Schermerhorn

21     Terminating or reinstating affiliates: Seth Schermerhorn, Michael Marquez

22     Monitoring, reviewing, regulating, or auditing the content of commercial electronic mail

23 messages: Not Applicable

24     Responsible for monitoring affiliates for compliance: Seth Schermerhorn, Adam Welch,

25 Michael Marquez

26     PART II. Dealing with Complaints about Affiliates:

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 6

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Seth Schermerhorn, Adam Welch, James Jestes, Deepai Deol

Personnel Information:

| | |
|---|---|
| Seth Schermerhorn<br>Business: 4004 NE 4th St. #107-470<br>Renton, WA 98056<br>(206) 579-2706<br>Position: President<br>Affiliation: Owner | Michael Marquez<br>Business: 4004 NE 4th St. #107-470<br>Renton, WA 98056<br>(818) 458-6988<br>Position: Content Producer/Marketing<br>Affiliation: Co-producer chicktrick.com, gloryholestation.com, melodyhart.com, gotaugust.com, tastytranny.com |
| Name: James Jestes<br>Home: Toronto, Ontario Canada<br>Business: 4004 NE 4th St. #107-470,<br>Renton, WA 98056<br>(602) 790-2893<br>Position: Marketing Manager<br>Affiliation: Former Contract Employee | Name: Adam Welch<br>Home: 4105 B 26th Ave. SW, Seattle, WA 98106<br>Business: 4004 NE 4th St. #107-470,<br>Renton, WA 98056<br>(206) 718-6876<br>Position: Affiliate Manager<br>Affiliation: Former Employee |
| Name: Deepai Deol<br>Business: 4004 NE 4th St. #107-470,<br>Renton, WA 98056<br>(206) 240-5098<br>Position: Affiliate Support<br>Affiliation: Employee | |

2)      Describe the process by which a person or entity becomes an affiliate of your Company, setting forth the information the person or entity must provide to your Company, and describing all steps your Company employs to evaluate the prospective affiliate or the information the prospective affiliate provided, and identifying the individual(s) in your Company who perform such functions.

**OBJECTION:**      *The interrogatory is compound in that it contains two distinct requests for information, to wit: 1) a description of the process employed by the Company in allowing or disallowing an entity to/from becoming an affiliate, including the information gathered in that process; and 2) the identity of the individual(s) who perform the function of*

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 7

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Page 8 of 20
United States' MSJ Exhibit 4
CV05-1285L

1   *approving an applicant to the Company's Affiliate Program.  Consequently, Defendant Impulse*

2   *Media Group, Inc. responds to each discrete request separately.*

3          **ANSWER:**     Without waiving any objections,

4          PART I.  Process:

5          A prospective affiliate visits and joins the SoulCash affiliatte program at

6   http://soulcash.com.

7          Affiliates apply via a browser based form where information is collected.

8          The prospective affiliate must agree to the "SOULCASH PROGRAM AGREEMENT"

9   by click a check box. Once the prospective affiliate submits the form, an email is sent to the

10  provided address for the prospective affiliate to confirm his application.

11         There is no process employed to evaluate a prospective affiliate.  As long as the

12  prospective affiliate agrees to the SOULCASH PROGRAM AGREEMENT and validates his

13  email, he is accepted to participate.

14         PART II.  Identities:

15         No employee is assigned to monitor the webmaster acquisition process.

16

17         3)     Identify each commercial electronic mail message containing sexually oriented

18  material sent by your Company or any of its employees, agents, officers, directors, or affiliates

19  to any person, without the permission of that person, for the period January 1, 2004, to the

20  present.

21         **OBJECTION:**     *The interrogatory assumes facts not established, to wit: that*

22  *commercial electronic mail messages were in fact sent by the Company or any of its employees,*

23  *agents, officers, directors, or affiliates to any person, without the permission of that person.*

24         **OBJECTION:**     *The interrogatory is compound in that it contains two distinct*

25  *requests for information, to wit: 1) the identity of commercial electronic mail messages sent by*

26  *the Company or any of its employees, agents, officers, or directors (persons over whom*

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 8

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1   *Defendant Impulse Media Group, Inc. has control); and 2) the identity of commercial electronic*

2   *mail messages sent by affiliates (persons over whom Defendant Impulse Media Group, Inc. has*

3   *no control). Consequently, Defendant Impulse Media Group, Inc. shall respond to each discrete*

4   *request separately.*

5   **OBJECTION:**    *The interrogatory requires Defendant Impulse Media Group, Inc.*

6   *to acquire information from affiliates, over whom Defendant Impulse Media Group, Inc. has no*

7   *control or authority, to ascertain the identity of "each commercial electronic mail message*

8   *containing sexually oriented material sent by [the Company's] affiliates..." Moreover, the*

9   *interrogatory would require the Defendant to contact potentially thousands of individuals with*

10  *whom Defendant Impulse Media Group, Inc. has had no prior contact to determine whether they*

11  *had consented to the receipt of electronic messages. Consequently, the interrogatory seeks to*

12  *impose an undue burden on the Defendant Impulse Media Group, Inc.*

13  **ANSWER:**    Without waiving any objections,

14  PART I.  Electronic Mail Messages Sent By The Company

15  The Company has sent no such electronic mail messages in the relevant time frame.

16  PART II.  Electronic Mail Messages Sent By Affiliates

17  Defendant Impulse Media, Inc. maintains no records of any such electronic mail

18  messages it has received as a result of complaints lodged, or otherwise, regarding mailings sent

19  by affiliates.

20

21       4)    Describe any support you provide to affiliates of the Company and identify any

22  commercial electronic mail message or other documents provided to such affiliates, including,

23  but not limited to: images, premade downloadable galleries, free hosted galleries, free traffic,

24  free content, Picture of the Day free site templates, compelling banners, EX Text Links, and

25  statistics.

26

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 9

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    **OBJECTION:**    *The interrogatory assumes facts not established, to wit: that the*

2    *Company provides commercial electronic mail messages or other documents to affiliates.*

3    **OBJECTION:**    *The interrogatory is compound in that it contains two distinct*

4    *requests for information, to wit: 1) a description of support provided to affiliates of the Company*

5    *by the Company (which does not necessarily implicate the provision of documents); and 2) the*

6    *identification of commercial electronic mail messages and other documents provided to*

7    *affiliates.  Consequently, Defendant Impulse Media Group, Inc. responds to each request*

8    *individually.*

9    **OBJECTION:**    *The interrogatory contains the word "premade," which is not*

10    *contained within the totality of the English Language.  Defendant Impulse Media Group, Inc.*

11    *construes the word "premade" to mean "pre-manufactured" and responds to the interrogatory*

12    *on the basis of that construction.*

13    **OBJECTION:**    *The interrogatory contains the phrase "compelling banners," a*

14    *term unknown to Defendant Impulse Media Group, Inc.  Defendant construes the term to mean*

15    *"banners" and responds to the interrogatory on the basis of that construction.*

16    **OBJECTION:**    *The interrogatory contains the phrase "EX Text Links," a*

17    *capitalized term unknown to Defendant Impulse Media Group, Inc. and not defined in Plaintiff's*

18    *definitions, supra.  Defendant construes the term to mean "hypertext links" and responds to the*

19    *interrogatory on the basis of that construction.*

20    **ANSWER:**

21    PART I.  Support Provided To Affiliates

22    Support is provided via a support ticket system within the Webmaster area. Support is

23    also accessible via toll and toll free telephone numbers posted in the footer of every page. When

24    I sign up is made an email is sent to the affiliates email address on record notifying them of the

25    sign up.

26    PART II.  Commercial Electronic Mail Messages And Other Documents

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 10

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    The Company provides no marketing tools designed specifically for electronic mail

2    message marketing.

3

4         5)     Describe your Company's relationship with any payee.

5        **ANSWER:**

6        The Company has contractual relationships with third party payment processors who bill

7    for and collect subscription fees from the Company's customers.  These third party payment

8    processors collect the fees and retain a percentage of those fees prior to remitting the balance to

9    the Company.  The third party processors also retain, for a period of time, a percentage of

10   collected revenues to satisfy credit card chargebacks.

11

12        6)     Describe your Company's method for determining, rendering and tracking

13   earnings, payments, commissions or other consideration provided to any affiliate.

14       **ANSWER:**

15       The Company's affiliate program uses cookie tracking and hard-coded revenue

16   identification tracking codes in order to track sales and clicks referred by affiliates.  When an

17   affiliate properly uses its linking code to send traffic, the affiliate is or has been provided the

18   following in the statistical data made available by the Company to the affiliate:

19       (a)    number of sales by site and by date;

20       (b)    number of clicks by site and by date;

21       (c)    A list of referring Uniform Resource Locators (URL) referring clicks and sales

22               when a referring URL can be tracked:

23             (i)    Referring URLs may not be able to be tracked if a Webmaster uses a script

24                   to refer traffic

25             (ii)    If the referring URL is blank or from a secure location or if the referring

26                   URL came from a non-Web URL such as an electronic mail program like

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 11

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1     Microsoft Outlook, a bookmark saved to a computer, or any other link

2     saved on a computer;

3  (d)  A list of the type of linking URL the webmaster used to refer a sale such as a no

4     pop-up link;

5  (e)  A list of the total dollar amount earned by the affiliate.

6    The SoulCash affiliate program is a mix of cgi(perl) and php programming which

7 interfaces with a number of MySQL databases. Affiliates are provided a unique ID and login

8 password to the webmaster area. Once in the Webmaster area they have access to referral links.

9 All referred signups are tracked via the ID which is dynamically inserted in these hyperlinks.

10 New signups are tracked/verified/credited via a data dump (feed) file from the 3rd party

11 processor handling the transaction.  All sales/earnings are associated with an affiliate's ID and

12 stored in a MySQL database.

13

14  7)  Describe how the determinations, renderings and tracking earnings referred to in

15 Interrogatory Number 6 are attributed based on the means or methods used by the affiliate to

16 direct persons to your Company's website(s), products, or services (*e.g.*, banner ads, pop-up ads,

17 thumbnail postings, commercial electronic mail messages).

18  **ANSWER:**

19    The Company does not have the facility to track sales based on the method of marketing

20 used by Webmasters.  Consequently, no such information is available.

21    Examples of various types of marketing Webmasters may choose to use are:

22  (a)  search engine optimization;

23  (b)  pay-per-click search engine;

24  (c)  pay site/affiliate marketing;

25  (d)  exit traffic;

26  (e)  up-sell traffic;

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 12

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Page 13 of 20
United States' MSJ Exhibit 4
CV05-1285L

1       (f)     electronic mail and electronic newsletter marketing;

2       (g)     thumbnail gallery post marketing;

3       (h)     movie gallery post marketing;

4       (i)     download/Digital Rights Management marketing;

5       (j)     fake password site marketing;

6       (k)     review site marketing;

7       (l)     misspelled domain marketing;

8       (m)    expired domain registration marketing;

9       (n)     physical advertisement marketing;

10       (o)     Web log ("blog") marketing.

11   The SOULCASH PROGRAM AGREEMENT only allows the use of marketing materials

12   provided in the Webmaster area unless previously approved by Impulse Media Group, Inc.

13   Impulse Media Group, Inc. provides the following to affiliates for marketing purposes:

14       - Hosted Galleries (some with hosted thumbs for TGP posting)

15       - Downloadable Galleries

16       - Banners

17       - Pictures of the Day

18       - Movies of the Day

19       - Interstitials

20

21       8)     If you contend that a commercial electronic mail message containing sexually

22   oriented material transmitted by your Company or an affiliate of your Company does not violate

23   the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 or the

24   Federal Trade Commission's Adult Labeling Rule at 16 C.F.R. Part 316.4, explain all the facts

25   upon which you rely for your contention and identify all persons who advise you concerning

26

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 13

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  any questions regarding interpretation or coverage of Federal Trade Commission rules, and state

2  the date such advice was given.

3      **OBJECTION:**    *The interrogatory is indefinite in that it does not identify or*

4  *provide a commercial electronic mail message. Consequently, Defendant Impulse Media Group,*

5  *Inc. is unable to respond to the call of the question.*

6      **OBJECTION:**    *The interrogatory calls for a legal conclusion and is therefore*

7  *improper.*

8      **OBJECTION:**    *The interrogatory calls for speculation on the part of the*

9  *respondent.*

10      **OBJECTION:**    *The interrogatory is compound in that it contains two distinct*

11  *requests for information, to wit: 1) information regarding the Company's contention, if any, that*

12  *an unspecified commercial electronic mail message does not violate the CAN-SPAM Act of 2003*

13  *and the related Adult Labeling Rule; and 2) the identities of persons who advise the Company*

14  *concerning questions the Company may have about the interpretation or coverage of unspecified*

15  *Federal Trade Commission Rules. Consequently, Defendant Impulse Media Group, Inc.*

16  *responds to each discrete request separately.*

17      **ANSWER:**

18      <u>PART I. Electronic Mail Messages</u>

19      The Company does not transmit, nor cause to have transmitted, commercial electronic

20  mail messages containing sexually oriented material.

21      <u>PART II. Identities of Individuals Upon Whom The Company Relies About The</u>

22  <u>Interpretation Or Coverage Of Federal Trade Commission Rules</u>

23      Robert S. Apgood, counsel of record in this case.

24      Attorneys speaking at industry trade shows.

25

26

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 14

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1       9)     State the earliest date on which you became aware of the Controlling the Assault

2  of Non-Solicited Pornography and Marketing Act of 2003 and the Federal Trade Commission

3  Regulation entitled "Adult Labeling Rule" at 16 C.F.R. Part 316.4, and state the means by which

4  you became aware of the statute and regulation.

5       **ANSWER:**

6       The Company has monitored the CAN-SPAM Act of 2003 since June 2003 via industry

7  message boards and professional conversations with peers.

8

9       10)    Identify all experts whom you propose to call as witnesses at the trial of this case

10  and state the qualifications of each expert, the subject matter on which each expert is expected

11  to testify, all facts and opinions to which each such expert is expected to testify, and give a

12  summary of the basis for each such opinion.

13       **ANSWER:**

14       Defendant Impulse Media Group, Inc. has not retained the services of any experts for

15  either consultative or testimonial purposes.  If and when experts are retained, Defendant Impulse

16  Media Group, Inc. will make the appropriate disclosures to the Plaintiff as required by the

17  Federal Rules of Civil Procedure.

18

19       11)    Identify each person who has assisted you by supplying any information relative

20  to the answers in these Interrogatories and with respect to each such person state the

21  Interrogatories with respect to which he or she supplied information.

22       **ANSWER:**

23       None.

24

25

26

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 15

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1   DATED: November 14, 2005.

2   OF COUNSEL:                              PETER D. KEISLER, JR.
                                            Assistant Attorney General
3   ALAN HILE                               Civil Division
    Acting Associate Director for Marketing  U.S. DEPARTMENT OF JUSTICE
4   Practices
    FEDERAL TRADE COMMISSION                 JOHN McKAY
5                                            United States Attorney

6   K. Michelle Grajales
    Attorney                                 Brian C. Kipnis
7   Federal Trade Commission                 Assistant U.S. Attorney for the
    600 Pennsylvania Ave., N.W., Rm. 238     District of Western District of Washington
8   Washington, DC  20580                    700 Stewart Street
    PHONE:  202-326-3172                     PHONE: 206 553-7970
9   FAX:  202-326-3395                       FAX: 206-553-0882

10

11                                           EUGENE M. THIROLF
                                            Director
12                                           Office of Consumer Litigation

13
                                            ___/S/_____
14                                          Jeffrey I. Steger
                                            Trial Attorney
15                                          Office of Consumer Litigation
                                            U.S. Department of Justice
16                                          P.O. Box 386
                                            Washington, D.C. 20044
17                                          PHONE: 202-307-0047
                                            FAX: 202-514-8742
18                                          Jeffrey.Steger@usdoj.gov

19

20

21

22

23

24

25

26

1      Responses to these Requests for Interrogatory Answers made this 29th day of December

2  2005.

_____
Seth Schermerhorn

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF KING       )

     I, Seth Schermerhorn, being first duly sworn, on oath, depose and say that I am the President of the defendant herein and that I have read the within and foregoing Answers to Plaintiff's First Set of Request of Interrogatory Answers propounded to Defendant Impulse Media Group, Inc., know the contents thereof, and believe the same to be true.

_____
Seth Schermerhorn

SUBSCRIBED AND SWORN TO before me this 29th day of December 2005.

_____

Print Name: Robert S. Apgood

NOTARY PUBLIC in and for the State of Washington

residing at: Seattle, Washington

My Commission Expires: 07/10/2009

ROBERT S. APGOOD
STATE OF WASHINGTON
NOTARY — • — PUBLIC
MY COMMISSION EXPIRES  07-10-09

UNITED STATES OF AMERICA'S FIRST REQUEST
FOR INTERROGATORY ANSWERS AND
RESPONSES AND OBJECTIONS THERETO - 17

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>CERTIFICATION</u>

     The undersigned attorney has read the foregoing Responses to Requests for Production Propounded to Defendant IMPULSE MEDIA GROUP, INC. by Plaintiff United States of America, and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

By: _____

        Robert S. Apgood

Page 19 of 20
United States' MSJ Exhibit 4
CV05-1285L

1                                    HON. ROBERT S. LASNIK

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9    UNITED STATES OF AMERICA,

10             Plaintiff,

11         v.

12   IMPULSE MEDIA GROUP, INC., a
Washington corporation
13

14            Defendant.

No. CV05 1285 L

CERTIFICATE OF SERVICE OF UNITED
STATES OF AMERICA'S FIRST
REQUEST FOR INTERROGATORY
ANSWERS AND RESPONSES AND
OBJECTIONS THERETO

15

16         I, Robert S. Apgood, hereby certify from personal knowledge that on December 29, 2005,

17   I caused to be delivered the following documents:

18         1.      UNITED STATES OF AMERICA'S FIRST REQUEST FOR

19   INTERROGATORY ANSWERS AND RESPONSES AND OBJECTIONS THERETO, and

20         2.      this CERTIFICATE OF SERVICE

21   by depositing the same into the United States Postal Service, first-class, postage pre-paid,

22   addressed to the below-named attorneys. I further filed a copy of the Certificate of Service with

23   the Clerk of the Court for the United States District Court for the District of Arizona by

24   CM-ECF.  In accordance with their ECF registration agreement and the court's rules, the Clerk

25   of the Court will send e-mail notification of such filing to the following attorneys:

26   Brian C. Kipnis                      Jeffrey I. Steger
Asst. U.S. Attorney                Office of Consumer Litigation

CERTIFICATE OF SERVICE  - 1

1

2

3

Western District of Washington
700 Stewart Street
Seattle, WA 98104
(Certificate of Service only)

U.S. Dept. of Justice
P.O. Box 386
Washington, D.C. 20044

4   I herby declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

5

6   EXECUTED this 29th of December 2005 at Seattle, Washington.

7                                    CARPELAW PLLC

8                                    s/ Robert S. Apgood
9                                    WSBA # 31023
                                     CARPELAW PLLC
10                                   2400 NW 80th Street #130
                                     Seattle, WA 98117-4449
11                                   Telephone: (206) 624-2379
                                     Facsimile: (206) 784-6305
12                                   E-mail: rob@carpelaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26