HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE MEDIA GROUP, INC., a Washington corporation,<br><br>Defendant. | **No. CV 05-1285L**<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

## I.   **INTRODUCTION**

Plaintiff has sued Defendant Impulse Media Group, Inc. (IMG) for alleged violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), seeking to secure civil penalties, a permanent injunction, and other equitable relief for Defendant's alleged violations of Section 5(a) and (d) of CAN-SPAM, 15 U.S.C. § 7704(a) and (d), and the FTC's Adult Labeling Rule (the "Adult Labeling Rule" or the "Rule"), 16 C.F.R. Part 316.4.

Plaintiff has filed its Motion for Summary Judgment As To Liability, the Memorandum In Support of United States Motion for Summary Judgment ("Memorandum") containing its Statement of Facts ("Plaintiff's SOF"), and related exhibits.  In its Memorandum, Plaintiff asserts "there are no genuine issues of material fact in dispute as to whether IMG violated CAN-SPAM and the Adult Labeling Rule."  Memorandum at 2:2-3.

Defendant IMG disputes Plaintiff's representations on the bases that Plaintiff's Memorandum

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Dockets.Justia.com

1 and the Plaintiff's SOF and documents in support thereof are replete with material misstatements of
2 fact, mischaracterizations of evidence, falsehoods, and misstatements of the law.

### III.  ARGUMENT IN OPPOSITION

The Plaintiff alleges "because there are no genuine issues of material fact in dispute as to whether IMG violated CAN-SPAM and the Rule, summary judgment in favor of the United States should be granted." Memorandum at 2:26-3:2. Fed. R. Civ. P. 56 only permits summary judgment if (1) there is no genuine dispute of material fact and (2) the moving party is entitled to judgment as a matter of law. Further, it is well established that, for the purposes of summary judgment, evidence must be viewed in the light most favorable to the opposing party. *Adickes v S. H. Kress & Co.*, 398 US 144, 26 L Ed 2d 142, 90 S Ct 1598 (1970). There are genuine issues of material fact in this case. As such, the Plaintiff's motion for summary judgment must be denied. Further, because there are genuine issues of material fact, any interpretation of the applicable legal standard by the Plaintiff is of no moment.

**A. Defendant's Objections to Plaintiff's Statement of Facts.**

The Defendant objects to the Plaintiff's use of the declaration of Allyson Himelfarb (attached to Plaintiff's Memorandum as Exhibit 1) ("Himelfarb Decl.") because the testimony of Allyson Himelfarb in that declaration is inadmissible.

Defendant IMG objects to ¶ 4 at 2 of the Himelfarb Decl. because no evidence has been offered indicating that Ms. Himelfarb has personal knowledge of the practices of Microsoft with regard to its use of email message trap accounts. Furthermore, Ms. Himelfarb's statement concerning Microsoft's practices is a repetition of a statement made by David Vetter in his declaration, and is therefore inadmissible hearsay as to Ms. Himelfarb as a proper source.

Defendant IMG objects to ¶ 5 at 2-3 of the Himelfarb Decl. because no foundation has been established to show that Ms. Himelfarb has personal knowledge of what precisely Microsoft may have done in response to FTC requests for Microsoft to search its (Microsoft's) trap accounts. Because no competent foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb examined, any testimony concerning these e-mails is inadmissible and this Honorable Court should not consider this testimony when considering Plaintiff's motion.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 2

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1       Additionally, in ¶ 5 of the Himelfarb Decl., Ms. Himelfarb references a statement made by
2  Chad Bundy in his declaration concerning Microsoft's use of hyperlink reference URL's to perform
3  "web captures." This reference provides only hearsay evidence that the procedure described was, in
4  fact, how Microsoft created web captures, and is hence insufficient to establish a foundation for Ms.
5  Himelfarb's personal knowledge of the matter. As no proper foundation has been established
6  showing that Ms. Himelfarb has personal knowledge of how web captures are or were created by
7  Microsoft, her testimony in this area is inadmissible hearsay and this Honorable Court should not
8  consider this testimony when considering Plaintiff's motion.

9       Defendant IMG objects to ¶ 6 at 3-4 of the Himelfarb Decl. because Ms. Himelfarb's
10 statements that she reviewed "emails produced by Microsoft to the FTC" and reviewed "web
11 captures produced by Microsoft" misleads the Court by suggesting that the FTC received e-mail and
12 web captures from Microsoft when no competent foundation has been established for Ms.
13 Himelfarb's knowledge that Microsoft did, in fact, send the material. Because no competent
14 foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb
15 examined, any testimony concerning these e-mails is inadmissible hearsay and this Honorable Court
16 should not consider this testimony when considering Plaintiff's motion.

17      Defendant IMG objects to ¶ 9 at 5-6 of the Himelfarb Decl. because Ms. Himelfarb testifies
18 that, in response to an FTC request, "On or around December 7, 2004, Microsoft made its search
19 results available to FTC staff by uploading the results to an FTP server." No foundation has been
20 established showing that Ms. Himelfarb has personal knowledge of what Microsoft's response to the
21 Commission's request was in fact, and thus any reference made to Microsoft's actions are mere
22 speculation. Therefore, no foundation has been established to authenticate the e-mail and web
23 captures discussed in ¶ 9. Because no competent foundation has been established to authenticate the
24 source of the e-mails that Ms. Himelfarb examined, any testimony concerning these e-mails is
25 inadmissible hearsay and this Honorable Court should not consider this testimony when considering
26 Plaintiff's motion.

27      Defendant IMG objects to ¶ 36 at 31-32 of the Himelfarb Decl. because Ms. Himelfarb
28 testifies that, in response to an FTC request, "In or around February 2005, Microsoft made its search

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 3

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  results available to FTC staff by uploading the results to the Preston Gates FTP server." No

2  foundation has been established showing that Ms. Himelfarb has personal knowledge of what

3  Microsoft's response to the Commission's request was in fact, and thus any reference made to

4  Microsoft's actions are mere speculation.  As such, no foundation has been established to

5  authenticate the email and web captures discussed in ¶ 36.  Because no competent foundation has

6  been established to authenticate the source of the e-mails that Ms. Himelfarb examined, any

7  testimony concerning these e-mails should not be considered by this Honorable Court when

8  considering Plaintiff's motion.

9       Defendant IMG objects to ¶¶ 13, 20, 33, and 39 of the Himelfarb Decl. because Ms.

10 Himelfarb's statement that she identified email messages "among the results produced by

11 Microsoft" misleads the court by suggesting that the FTC received email and web captures from

12 Microsoft when no competent foundation has been established for Ms. Himelfarb's knowledge that

13 Microsoft did in fact send or make available the material in question.

14      Defendant IMG objects to ¶¶ 10, 11, 15, 16, 17, 18, 25, 26, 27, 28, 29, 30, 31, 34, 37, and 40

15 of the Himelfarb Decl. on the grounds that Ms. Himelfarb's statement that "the attached e-mail

16 message fails to include the required label within the subject line or initially-viewable area of the

17 message" and that the other email in the groups discussed in these paragraphs "fails to include the

18 required label within the subject line" are legal conclusions.  Ms. Himelfarb has not been qualified

19 as a legal expert, and thus, any testimony she offers as to the current status of any law or regulation

20 regarding requirements for e-mail messages is inadmissible hearsay and should not be relied upon

21 by this Honorable Court when considering Plaintiff's motion.

22      Plaintiff offers inadmissible evidence in Plaintiff's SOF No. 43, Memorandum at 11:1-8

23 (Affiliate "Zillium"), by relying on the inadmissible testimony of Allyson Himelfarb.  In the

24 Himelfarb Decl.  ¶¶ 9-12 at 5-8, Ms. Himelfarb offers inadmissible testimony because no competent

25 foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb

26 examined.  As such, all reliance by Plaintiff is on material fact that is not supported by admissible

27 evidence.  *See* Memorandum at 20-21, fn. 9; 21:2-3.  Since inadmissible testimony is used by the

28 Plaintiff as evidence of elements that the Plaintiff bears the burden of proving, these facts are

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 4

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  material to the Plaintiff's claim.  The Plaintiff has produced no admissible evidence in support of the
2  assertion that "[e]mail that was delivered to the Microsoft trap accounts promoting IMG websites is
3  associated with various Soulcash affiliates."  Memorandum at 21:2-3.  Therefore, the Plaintiff's
4  motion must be denied.

5  Plaintiff offers inadmissible evidence in Plaintiff's Statement of Fact ("SOF") No. 44,
6  Memorandum at 11:9-16 (Affiliate "Zillium"), by relying on the inadmissible testimony of Allyson
7  Himelfarb.  In the Himelfarb Decl. ¶¶ 36-38 at 31-32, Ms. Himelfarb offers inadmissible testimony
8  because no competent foundation has been established to authenticate the source of the e-mails that Ms.
9  Himelfarb examined.  As such, all reliance by Plaintiff is on material fact that is not supported by
10 admissible evidence.  *See* Memorandum at 20-21, fn. 9; 21:2-3.  Since inadmissible testimony is used
11 by the Plaintiff as evidence of elements that the Plaintiff bears the burden of proving, these facts are
12 material to the Plaintiff's claim.  The Plaintiff has produced no admissible evidence in support of the
13 assertion that "[e]mail that was delivered to the Microsoft trap accounts promoting IMG websites is
14 associated with various Soulcash affiliates."  Memorandum at 21:2-3.  Therefore, the Plaintiff's motion
15 must be denied.

16 Plaintiff offers inadmissible evidence in Plaintiff's SOF No. 48, Memorandum at 11:26 – 12:9
17 (Affiliate "b32day"), by relying on the inadmissible testimony of Allyson Himelfarb.  In the Himelfarb
18 Decl. ¶¶ 13-19 at 8-15, Ms. Himelfarb offers inadmissible testimony because no competent foundation
19 has been established to authenticate the source of the e-mails that Ms. Himelfarb examined.  As such,
20 all reliance by Plaintiff is on material fact that is not supported by admissible evidence.  *See*
21 Memorandum at 20-21, fn. 9; 21:2-3.  Since inadmissible testimony is used by the Plaintiff as evidence
22 of elements that the Plaintiff bears the burden of proving, these facts are material to the Plaintiff's
23 claim.  The Plaintiff has produced no admissible evidence in support of the assertion that "[e]mail that
24 was delivered to the Microsoft trap accounts promoting IMG websites is associated with various
25 Soulcash affiliates."  Memorandum at 21:2-3.  Therefore, the Plaintiff's motion must be denied.

26 Plaintiff offers inadmissible evidence in Plaintiff's SOF No. 53, Memorandum at 12:23 – 13:6
27 (Affiliate "scorpion"), by relying on the inadmissible testimony of Allyson Himelfarb.  In the
28 Himelfarb Decl. ¶¶ 20-29 at 15-32, Ms. Himelfarb offers inadmissible testimony because no competent

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 5

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb examined.
2  As such, all reliance by Plaintiff is on material fact that is not supported by admissible evidence. *See*
3  Memorandum at 20-21, fn. 9; 21:2-3. Since inadmissible testimony is used by the Plaintiff as evidence
4  of elements that the Plaintiff bears the burden of proving, these facts are material to the Plaintiff's
5  claim. The Plaintiff has produced no admissible evidence in support of the assertion that "[e]mail that
6  was delivered to the Microsoft trap accounts promoting IMG websites is associated with various
7  Soulcash affiliates." Memorandum at 21:2-3. Therefore, the Plaintiff's motion must be denied.

8  Plaintiff offers inadmissible evidence in Plaintiff's SOF No. 57, Memorandum at 13:16-24
9  (Affiliate "teddybear"), by relying on the inadmissible testimony of Allyson Himelfarb. In the
10 Himelfarb Decl. ¶¶ 33-35 at 29-31, Ms. Himelfarb offers inadmissible testimony because no competent
11 foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb examined.
12 As such, all reliance by Plaintiff is on material fact that is not supported by admissible evidence. *See*
13 Memorandum at 20-21, fn. 9; 21:2-3. Since inadmissible testimony is used by the Plaintiff as evidence
14 of elements that the Plaintiff bears the burden of proving, these facts are material to the Plaintiff's
15 claim. The Plaintiff has produced no admissible evidence in support of the assertion that "[e]mail that
16 was delivered to the Microsoft trap accounts promoting IMG websites is associated with various
17 Soulcash affiliates." Memorandum at 21:2-3. Therefore, the Plaintiff's motion must be denied.

18 Plaintiff offers inadmissible evidence in Plaintiff's SOF No. 59, Memorandum at 14:1-9
19 (Affiliate "imatrix") by relying on the inadmissible testimony of Allyson Himelfarb. In the Himelfarb
20 Decl. ¶¶ 39-41 at 33-35, Ms. Himelfarb offers inadmissible testimony because no competent
21 foundation has been established to authenticate the source of the e-mails that Ms. Himelfarb examined.
22 As such, all reliance by Plaintiff is on material fact that is not supported by admissible evidence. *See*
23 Memorandum at 20-21, fn. 9; 21:2-3. Since inadmissible testimony is used by the Plaintiff as evidence
24 of elements that the Plaintiff bears the burden of proving, these facts are material to the Plaintiff's
25 claim. Plaintiff has produced no admissible evidence in support of the assertion that "[e]mail that was
26 delivered to the Microsoft trap accounts promoting IMG websites is associated with various Soulcash
27 affiliates." Memorandum at 21:2-3. Therefore, the Plaintiff's motion must be denied.

28 Defendant IMG objects to Plaintiff's SOF No. 35, Memorandum at 8:25 – 9:5, because the

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 6

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

evidence offered in support of this factual assertion is evidence of subsequent remedial measures taken by IMG, and is therefore inadmissible under Rule 407 of the Federal Rules of Evidence. In SOF No. 35(a), Memorandum at 8:26 – 9:2, the Plaintiff cites the deposition of Seth Schermerhorn (Schermerhorn Dep.), at 27:2 – 28:2 (Exhibit 9 to Plaintiff's Motion for Summary Judgment, and by reference, incorporated herein) to support the factual assertion that IMG considered "asking subscribers to IMG's websites, as part of the membership sign-up process, how they learned of IMG." Memorandum at 8:25 – 9:2. Mr. Schermerhorn testified in deposition that IMG has considered asking new members how they were referred to IMG's Web sites as part of the new member sign-up process. Schermerhorn Dep. at 27:2-4. However, when asked by counsel "What were the considerations?," Mr. Schermerhorn replied that the considerations were a result of this lawsuit. Schermerhorn Dep. at 27:8-12. Because Mr. Schermerhorn testified that these considerations were made as a result of the lawsuit filed against IMG by the Plaintiff, this is evidence of subsequent remedial measures by IMG and is therefore inadmissible.

Further, in SOF No. 35(b), Memorandum at 9:3 – 9:5, the Plaintiff cites the Schermerhorn Dep., 28:3-23, to support the factual assertion that IMG considered "creating a textlink on the first page of IMG's adult websites directing people who arrived there unwilling to a complaint form." Memorandum at 9:3-5. Mr. Schermerhorn testified that IMG has considered putting a link to a complaint form on the initial pages of IMG's Web sites. Schermerhorn Dep. at 28:13-16. Because Mr. Schermerhorn testified that these considerations were made as a result of the lawsuit filed against IMG by the Plaintiff, this, too, is evidence of subsequent remedial measures by IMG and is therefore inadmissible.

At this point in the Schermerhorn deposition, counsel for Defendant IMG objected to this entire line of questioning on the basis that the line of questioning sought information regarding subsequent remedial measures and is, therefore, inadmissible. Schermerhorn Dep. at 28:6-9. Plaintiff's counsel responded, "It's the government's position that this line of questioning might lead to admissible evidence." Schermerhorn Dep. at 28:10-12. Plaintiff's counsel is now improperly attempting to use this evidence not as evidence that may lead to admissible evidence, but rather as truth of the matter asserted. Because no competent foundation has been established to support Plaintiff's SOF No. 35, the

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 7

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

factual assertions made in SOF No. 35 are inadmissible and should not be considered by this Honorable Court when considering Plaintiff's motion.

Defendant IMG also challenges the sufficiency of the Declaration of David Vetter ("Vetter Decl.") (Exhibit 2 to the Memorandum, incorporated herein by reference). Mr. Vetter's declaration utterly fails to identify the specific e-mail messages that Mr. Vetter avers Microsoft supplied to the Federal Trade Commission. Rather, Mr. Vetter's declaration merely avers, "Microsoft (through its legal counsel) provided copies of certain emails received by the Hotmail trap accounts." Vetter Decl. ¶ 8 at 2. No copies of those e-mail messages were supplied as exhibits to the declaration. Moreover, this averment is inconsistent with the declaration testimony in the Declaration of Chad R. Bundy ("Bundy Decl.") (Exhibit 3 to the Memorandum, incorporated herein by reference). In Mr. Bundy's declaration, he testifies that "Through Microsoft's *vendor* who maintains the database, I requested and received all of the e-mail messages matching FTC search terms…." Bundy Decl. ¶ 5 at 2 (emphasis added). In a clear attempt to authenticate the messages as business records, Mr. Vetter certifies them as business records of Microsoft. Vetter Decl. ¶ 8 at 2. However, Mr. Bundy testifies that it is some unnamed vendor to Microsoft, and *not* Microsoft, who actually maintains the database from which the messages were allegedly extracted. Bundy Decl. ¶ 5 at 2. What is wholly absent from Plaintiff's motion and supporting documents is a declaration by the unnamed vendor making the necessary certification that authenticates the records as business records. Consequently, the authenticity of *all* the records purportedly supplied by Microsoft to the FTC is without evidentiary substantiation, rendering all those records inadmissible hearsay. Like the Vetter Decl., the Bundy Decl. fails to identify the specific e-mail messages that Mr. Bundy allegedly received from the unnamed vendor to Microsoft. Thus, there exist issues of material fact regarding the authenticity of all those e-mail messages and, as such, Plaintiff's motion must be denied.

**B.  Genuine issues of material fact exist as to whether the e-mail messages in question were unsolicited or commercial.**

Plaintiff asserts "the hundreds of email messages at issue were clearly 'unsolicited' because they were delivered to the Microsoft trap accounts." Memorandum at 21:8-9. In support of this argument, the Plaintiff offers "Microsoft never provided consent to *anyone* to send email to any of the

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 8

**CARPELAW** **PLLC**
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  trap accounts." Memorandum at 21:11-12.  Putting aside for the moment that the Declarations of
2  David Vetter and Chad Bundy dispute one another as to the origin of the e-mail messages in question,
3  *supra*, this is a complete falsehood and Plaintiff is wholly barred from asserting this position by the
4  doctrine of "estoppel," which precludes reassertions of fact by Plaintiff as a result of previously
5  asserting the same facts in an inconsistent manner.  *In re J.F. Hink & Son*, 815 F.2d 1314, 1318 (9th
6  Cir. 1987)("The doctrine of estoppel is so well known and so universally accepted that citation and
7  explanation are almost unnecessary.").  In *United States of America v. Cyberheat, Inc.*, U.S. Dist. Ct.
8  Dist. Ariz. (Case No. 4:05-cv-0457), a claim by the United States pending in the Tucson Division, the
9  United States admitted that e-mail had been sent to Microsoft e-mail trap accounts *after* affirmative
10 consent had been provided to the defendant in that case to send e-mail messages to those accounts.
11 Declaration of Robert S. Apgood in Support of Defendant's Response in Opposition to Plaintiff's
12 Motion for Summary Judgment ("Apgood Decl.") ¶¶ 3-12 at 1-3.  In that case, the United States
13 admitted in its Response in Opposition to Defendant Cyberheat's Motion for Summary Judgment that
14 e-mail that *had* been sent to these "hotmail trap account" e-mail accounts by the Defendant Cyberheat
15 were sent subsequent to the provision of affirmative prior consent.  *Id.*  Significantly, the same
16 attorneys that represent the United States in the instant case represent the United States in that case.  It
17 is Plaintiff's duty to provide evidence that consent was *not* given for e-mail to be sent to the Microsoft
18 trap accounts in order to prove that the e-mail received at these accounts was "unsolicited."  Because
19 there is a genuine issue of material fact as to whether consent was given for e-mail to be sent to the
20 Microsoft trap accounts, the Plaintiff's motion must be denied.
21      The Defendant also disputes the Plaintiff's assertion that the e-mail at issue is "commercial"
22 because its purpose "was to induce people to subscribe to IMG's adult-oriented pay-websites."  There
23 is absolutely no evidence on the record disclosing the reasons as to why the e-mail was sent, and
24 certainly no evidence to support the premise that the purpose of the e-mail was to induce subscriptions
25 by recipients to IMG Web sites.  Thus, any statement concerning the purpose behind the e-mails that
26 were sent is purely speculative and hence inadmissible.  The Plaintiff bears the burden of proving that
27 the e-mail at issue is commercial in nature.  Because the Plaintiff has offered no competent evidence to
28 support this element, this is an issue of material fact and the Plaintiff's motion must be denied.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 9

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

**C. Genuine issues of material fact exist as to whether IMG induced affiliated to send illegal email.**

The Defendant agrees with the Plaintiff in certain aspects. The Plaintiff's recitations of the law in its Memorandum from 17:6 to 19:12 are accurate. Defendant even further agrees with Plaintiff that "Congress envisioned that one person could push the button and others provide consideration or induce the 'button pusher' to push the button – and all violate the law." Memorandum at 19:13-14. This is one hundred percent true in general terms of what the law provides. The statement of Senator Wyden in Plaintiff's Memorandum at 19:19 – 20:2 makes clear, "[The Act] applies not only to the spammer that originates the actual email, but also to a party who has *hired* or otherwise *induced* the spammer to send the e-mail on its behalf." As this law is applied to the facts of this case, the Court must consider precisely whether IMG *hired* or *compensated* all of the "button pushers" to "push the button" or, rather, whether IMG merely compensated those people (who unknown to IMG turned out to be button pushers) for otherwise lawful promotion of its Web sites without ever intending them to send e-mails. Likewise, this Court must consider precisely whether, based upon the facts of this case, IMG *induced* all of the "button pushers" to "push the button" *as a matter of law* or, rather, whether a reasonable person, when considering these facts in a light most favorable to the Defendant, could find that IMG merely induced those people (who unknown to IMG turned out to be button pushers) for lawful promotion activities and without ever intending them to send e-mails.

At the outset, it is important to recognize that IMG's payment to affiliates for successfully signing people up to its Web sites is not illegal. But, assume that the affiliates referenced by Plaintiff sent out the e-mails and that they were illegal (which is not admitted, but assume it for this argument anyway). The Defendant is only liable under the law, and therefore Plaintiff only entitled to judgment as a matter of law, if (1) Defendant provided compensation for the act of sending the e-mail, or (2) induced the other to send the e-mail. IMG has clearly set forth a full description and recitation of the law in the Defendant's Memorandum in support of Defendant's Motion for Summary Judgment (Defendant's Memorandum). The argument therein unambiguously establishes that the mere fact that Defendant paid affiliates is insufficient to establish liability for unlawful acts by those affiliates. The Defendant must have paid them or promised payment to *produce the end result of actually sending an*

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 10

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

*illegal e-mail.* If the Defendant paid them or promised to pay them for other purposes that are lawful, and not for the result of sending the illegal e-mail, the Defendant did not compensate them for the illegal act, is therefore is not within the definition of an "initiator" under the Act, and consequently is not liable for the unlawful acts of the third parties.

The Plaintiff's argument for IMG's liability under CAN-SPAM is basically that "IMG induced affiliates by promising to pay them to bring sales to IMG's websites and providing all the tools and support necessary for the affiliates to make those sales happen. Thus, IMG procured the transmission of the violative emails." Memorandum at 24:1-5. However, this conclusion is not supported by the premise. For the Plaintiff's argument to succeed, the Plaintiff must establish the following premises to reach that conclusion: 1) All promises by the Defendant to pay money to an affiliate were to induce affiliates to send e-mail, 2) The affiliate sent e-mail, 3) The Defendant paid the affiliate money, and therefore, the Defendant induced the affiliate to send e-mail. However, the critical tenet to Defendant IMG's liability rests with establishment of fact by Plaintiff supporting tenet number 1. This the Plaintiff simply has not done. Significantly, this is an element of which Plaintiff bears the burden of proof at trial. Without admissible proof that IMG induced affiliates to send e-mail on the record, Plaintiff is not entitled to a judgment as a matter of law. Furthermore, all evidence that the Plaintiff relies upon in attempt to establish this element gives rise to genuine issues of material fact. Therefore, Plaintiff fails to satisfy the first standard for summary judgment under Fed. R. Civ. P. 56(c).

Plaintiff argues that Defendant "induced affiliates to send violative emails though promises of payment." Memorandum at 23:7. Plaintiff further states that "[s]everal of the affiliates who sent the violative emails…were paid for successfully recruiting subscribers to IMG's adult websites." Memorandum at 23:18-19. If anything happened, then the latter statement encapsulates the facts. *See* Declaration of Seth Schermerhorn in Support of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Schermerhorn Decl.) ¶¶ 7-8 at 1-2. IMG paid for sales resulting from the promotion of its Web sites. Schermerhorn Decl. at ¶ 7 at 1. The mere fact that some affiliates who sent illegal e-mails were compensated for generating subscriptions to IMG's services is not sufficient to establish that Defendant promised payment or in fact paid for the e-mails that were sent. There is not one single shred of evidence in the whole record to suggest that the any person responded to an illegal

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 11

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  e-mail and subsequently signed up with Defendant and therefore not one shred of evidence that an
2  affiliate was hired to send or was induced to send e-mails. There is not one single shred of evidence in
3  the whole record to suggest that any affiliate was actually motivated to send e-mails because of
4  "promises of payment." The assumption of these facts is pure speculation at best, and at worst, total
5  fabrication.

6      In an attempt to further its argument that IMG induced affiliates to send illegal e-mails, the
7  Plaintiff points up the fact that "IMG provided affiliates with marketing and promotional materials that
8  could be used in emails to promote IMG's websites." Memorandum at 22:20-21. How providing
9  materials that *could* be used in an e-mail can be construed as inducing another person *to actually send*
10 an e-mail departs from the metaphysical and enters into the realm of the mystic. The fact that
11 Defendant generally provides such materials is no indicia whatsoever that Defendant 1) intended such
12 materials to be used in e-mails, 2) knew that such materials would be used in e-mails, or 3) ever were
13 used in e-mails. The evidence demonstrates that the materials in question were designed for web sites
14 and not e-mails. Schermerhorn Decl. ¶ 9 at 2. The Plaintiff has no evidence to support any claim to the
15 contrary. Any two dimensional image may be used in an e-mail, but the record discloses no evidence
16 that these materials were *intended or designed* for e-mail use. Schermerhorn Decl. ¶ 9 at 2. Whether
17 such material was intended for use in e-mails is an issue of material fact in dispute. As such, Plaintiff's
18 Motion must be denied.

19     Plaintiff also suggests that "IMG induced affiliates by... providing all the tools and support
20 necessary for the affiliates to make those sales happen." Memorandum at 24:1-2. It is quite a leap
21 from this proposition to conclude that the provision of a support system for affiliates is the
22 equivalent of inducing affiliates to send e-mail. Similarly, Plaintiff claims that Defendant induced
23 others to send e-mails by providing affiliates with detailed sales statistics, referring URL
24 information, and notification e-mails to affiliates for subscriptions these affiliates generated.
25 Memorandum at 23:3-5. Again, not one shred of evidence suggests that this information related to
26 e-mails, and plenty of evidence conclusively establishes that it did not. Schermerhorn Decl. ¶ 11 at
27 2. For example, "referring URL information" relates *solely* to Internet Web sites, and *not* to the
28 identification of e-mails. Schermerhorn Decl. ¶ 11 at 2. The Plaintiff can spin any incident of any

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 12

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

business whereby one is paid a commission for a result to mean that the business induced another to send an e-mail if such person does, in fact, send an e-mail. However, the question of "inducement" hinges around whether one persuaded or prevailed upon the person to send the e-mail. Thus, there is an issue of material fact in dispute as to whether these circumstances constitute inducement to affiliates for sending e-mail. As such, Plaintiff's Motion must be denied.

The Plaintiff further belies its position with its own argument. In support of the proposition that IMG induced affiliates to send illegal e-mails, the Plaintiff asserts that "[t]o induce affiliates to bring subscribers to IMG's websites, IMG ran bonus payouts." Memorandum at 23:13. The Defendant admits that it induced affiliates to bring potential subscribers to IMG's Web sites. Schermerhorn Decl. ¶ 12 at 2. That is the very purpose of an affiliate program. The Defendant further admits that it ran bonus payout programs. Schermerhorn Decl. ¶ 12 at 2. However, the correlation between this evidence and the assertion that IMG induced affiliates to send illegal e-mail is non-existent. IMG did not run these programs to induce affiliates to send illegal e-mail or to violate CAN-SPAM or the Rule. Schermerhorn Decl. ¶ 12 at 2. The Plaintiff further asserts "several of the affiliates who sent violative emails at issue were paid for successfully recruiting subscribers to IMG's websites." Memorandum at 23:18-19. Even assuming this fact to be true, it supports only the proposition that IMG paid its affiliates for generating subscriptions to IMG's Web sites, not the assertion that IMG promised payments to affiliates for sending e-mail. Whether these alleged "inducements" were made to induce affiliates to send e-mail is a genuine issue of material fact. As such, the Plaintiff's motion must be denied.[1]

**D. A genuine issue of material fact exists concerning whether IMG had knowledge or implied knowledge of CAN-SPAM violations.**

The Plaintiff has argued that IMG is liable for civil penalties under 15 U.S.C. §57a(a)(1)(B)

---

[1] The Plaintiff's argument that "CAN-SPAM's legislative history underscores IMG's liability" may be disposed of by reference to the same issues of material fact raised by the Defendant concerning whether IMG induced affiliates to send illegal emails. The Defendant agrees with the Plaintiff that Congress intended for procurers of illegal e-mail to be held liable under the Act. That is the very purpose of the Act. However, the Plaintiff's entire legislative history argument beginning at 24:6 is premised upon the conclusory assertion that IMG is, in fact, an inducer of illegal e-mail. Because there are myriad issues of material fact concerning whether IMG induced illegal e-mail, the Plaintiff's legislative history argument is of no moment.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 13

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1 because "IMG intended to pay and induce affiliates when it knew or should have known that affiliates
2 were sending spam in violation of the law and IMG consciously avoided taking steps to determine how
3 its affiliates were promoting IMG's websites." Memorandum at 27:13-16. The Defendant does not
4 dispute the Plaintiff's recitation of law in Plaintiff's Memorandum at 26:26 – 27:11. However, the
5 same issues of material fact that affect Plaintiff's conclusory assertion that IMG induced affiliates to
6 send illegal e-mail undermine the Plaintiff's assertion of civil liability as well. This is because it is
7 necessary, under the law as the Plaintiff has recited, there must be no issue of material fact concerning
8 1) the existence of the underlying CAN-SPAM and Rule violations, and 2) the existence of IMG's
9 knowledge or implied knowledge of violations. Under the law as the Plaintiff has recited it, this only
10 makes sense. There can be no civil liability under CAN-SPAM or the Rule if there has been no
11 violation of CAN-SPAM or the Rule at the outset.

12 To support its assertion that IMG is liable for civil penalties, the Plaintiff asserts that "IMG
13 intended to pay and induce affiliates when it knew or should have known that the affiliates were
14 sending spam in violation of the law and IMG consciously avoided taking steps to determine how its
15 affiliates were promoting spam." Memorandum at 27:13-16. What is missing from this assertion is an
16 averment concerning what, precisely, IMG intended to pay and induce affiliates to do. If what the
17 Plaintiff is asserting can be interpreted to mean that IMG intended to "induce" affiliates to send
18 potential members to IMG's Web sites and that IMG intended to "pay" affiliates to do so, the
19 Defendant agrees. However, if this is the interpretation that is adopted, the Defendant disagrees that
20 this establishes a basis for civil liability because what IMG did would not have amounted to a violation
21 of law. IMG "intended to pay and induce affiliates" to engage in lawful conduct that does not violate
22 CAN-SPAM or the Rule. Schermerhorn Decl. ¶¶ 7-8 at 1-2. Under this interpretation, IMG could not
23 be in violation of the provision of CAN-SPAM under which the Plaintiff has filed suit and therefore §
24 7(a) of the CAN-SPAM act would be inoperative and civil penalties unavailable under that provision.
25 As such, IMG's knowledge would be irrelevant because IMG could not be liable for civil penalties as a
26 matter of law because no CAN-SPAM violation could have occurred based upon the facts.

27 On the other hand, the Plaintiff's assertion may be interpreted to mean that "IMG intended to
28 pay and induce affiliates" to send e-mail on its behalf. If this interpretation is correct, the Defendant

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 14

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

reasserts that this is an issue of material fact that the Defendant has addressed *supra* at 2:19, *et seq*. IMG did not intend to pay or induce affiliates to send email on its behalf. Schermerhorn Decl. ¶¶ 13-14 at 3. Moreover, Plaintiff's factually unsupported representation is a legal conclusion, not a statement of fact. Assuming this interpretation, the Plaintiff is not entitled to summary judgment because there are issues of material fact as to whether IMG "knew or should have known that affiliates were sending spam in violation of the law." Further, issues of material fact exist concerning whether "IMG consciously avoided taking steps to determine how its affiliates were promoting IMG's Web sites."

The Plaintiff asserts that IMG has knowledge or implied knowledge of CAN-SPAM violations because "IMG knew that some of its affiliates relied on unlawful spam as a means to advertise IMG's websites because IMG received complaints regarding affiliates sending spam." Plaintiff does not offer admissible evidence in support of this assertion. However, even assuming *arguendo* that emails that violated CAN-SPAM were sent by affiliates, Defendant's affiliate terms of service state specifically that violating CAN-SPAM is a violation of the terms of service. Affiliate Terms ¶ 2.3 (Exhibit 5 to Plaintiff's Motion for Summary Judgment); Schermerhorn Decl. ¶15 at 3. Additionally, the terms of service state that IMG's intellectual property and promotional material provided to affiliates "may not be copied or reproduced, altered, modified or changed, broadcast, distributed, transmitted or disseminated, sold or offered for sale in any manner, at anytime anywhere in the World except as expressly authorized by [IMG] in writing." Affiliate Terms ¶ 3.6; Schermerhorn Decl. ¶9 at 3. Nowhere in the affiliate terms of service does IMG authorize the use of e-mail to distribute, transmit, or disseminate its intellectual property. Schermerhorn Decl. ¶ 9 at 2. As such, while IMG may have, *arguendo*, known that some of its affiliates "relied on unlawful spam as a means to advertise IMG's Web sites," the affiliates that IMG knew violated CAN-SPAM were terminated as affiliates. Schermerhorn Decl. ¶¶ 18-19 at 3-4. The record discloses no other reason why IMG could assume that other affiliates were sending illegal email, and therefore have imputed knowledge of that fact.

Regarding e-mail allegedly sent by affiliates about which IMG received complaints, the record fails to disclose, and Plaintiff fails to substantiate, whether the e-mail was in fact sent by affiliates. In his deposition, Seth Schermerhorn stated that, when IMG received complaints, he would ask the complaining parties to forward the email on to IMG for investigation. Schermerhorn Dep. at 33:3-17.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 15

**CARPELAW PLLC**
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

However, in all cases, IMG was unable to determine what affiliate had sent the e-mail that had been received by the complaining party. Schermerhorn Dep. at 34:12-19. There is no evidence on the record to suggest that the complaints were, in fact, the result of e-mail sent by affiliates. There is no evidence on the record to show who did send the e-mails complained of to IMG. Hence, while the record discloses that complaints were received by IMG concerning e-mail, there is no evidence to suggest that the e-mail was sent by affiliates. Thus, there is an issue of material fact concerning IMG's knowledge of affiliates sending illegal e-mails, and concerning whether IMG received complaints about *affiliates* sending e-mail. As such, the Plaintiff's motion must be denied.

In further support of the argument that IMG had knowledge or implied knowledge of violations, the Plaintiff further offers that "IMG was aware that it was operating in an environment conducive to spamming because IMG operates in an on-line world and pays affiliates who successfully bring customers to its websites through online advertising." Memorandum at 27:20-22. The Plaintiff goes on to state "In the environment of spam on the Internet and Soulcash's incentives and tools to affiliates, the presence of violative spam is virtually inevitable rather than surprising." Memorandum at 27:24-25. Defendant cannot ascertain whether the Plaintiff is offering argument or supporting fact with these statements. However, to the extent that these statements are argument, they are factually unsupported legal conclusions incapable of proving the Defendant's knowledge of affiliates sending illegal email. If, on the other hand, the statements are factual assertions, they are material because they necessarily would be relevant to the issue of the Defendant's knowledge, an element of which Plaintiff bears the burden of proof. Plaintiff cites no factual authority in support and Defendant disputes these statements. Schermerhorn Decl. ¶ 16 at 3. There is a genuine issue of material fact as to whether IMG was aware that it was operating in an environment conducive to spamming and as to whether the presence of spam on the Internet and Soulcash's incentives and tools to affiliates makes spam inevitable rather than surprising. To the extent that Plaintiff offers this argument in support of imputing knowledge to the Defendant, and because these facts are material to Plaintiff's position, these "facts" are in dispute and Plaintiff's motion must be denied.

### E. A genuine issue of material fact exists concerning whether IMG had an obligation to monitor affiliates or ensure that they were not violating law.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 16

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

In its Memorandum at 28:3-4, Plaintiff argues, "IMG took no affirmative steps to monitor its affiliates to ensure that they were not using violative emails to promote IMG's websites." In support of this assertion, Plaintiff improperly offers pure argument under the guise of an "undisputed statement of fact" at Plaintiff's SOF No. 34. Consequently, this Honorable Court must completely disregard Plaintiff's SOF No. 34. Plaintiff's SOF No. 36 relies heavily on Plaintiff's pure argument in Plaintiff's SOF No. 34. Even if Plaintiff's representations in Plaintiff's SOF No. 36 are true, the representations in Plaintiff's SOF No. 36 mischaracterize the law. Nothing in the CAN-SPAM Act or the Adult Labeling Rule *requires* Defendant IMG to take the steps outlined in Plaintiff's SOF No. 36(a)-(c). While these steps are *aspirational* steps sought by the Federal Trade Commission and have been exacted against others whom the FTC has leveled spamming claims (*See, e.g.* http://www.ftc.gov/os/caselist/0423180/050720stip0423180.pdf, as of 09/19/06 (*United States v. BangBros*, Stipulated Order of Judgment for Civil Penalties, Permanent Injunction, and Other Equitable Relief); http://www.ftc.gov/os/caselist/0523045/050720stip0523045.pdf, as of 09/19/06 (*United States v. Pure Marketing Solutions*, Stipulated Judgment for Civil Penalties And Permanent Injunctive Relief); and http://www.ftc.gov/os/caselist/0523044/050720stip0523044.pdf, as of 09/19/06 (*United States v. MD Media, Inc.*, Stipulated Judgment and Order For Permanent Injunction)) simply because the Plaintiff has demanded and received these terms in settlements with others against whom it has levied CAN-SPAM related claims, these requirements are simply not imposed by the law. To the extent that Plaintiff's SOF 36 implies that such a legal duty exists on Defendant, and to the extent that the "facts" in Plaintiff's SOF 34 are in fact "feasible," the alleged facts enumerated in Plaintiff's SOF 34 and SOF 36 are issues of law turning on material fact, and Plaintiff's Motion must be denied.

In its Memorandum at 28:11, Plaintiff argues, "IMG exercised little caution during the affiliate sign-up process." Plaintiff attempts to support this assertion by further stating "even though affiliates are provided with the marketing and promotional tools to introduce IMG to the public, IMG does not interview affiliate applicants, ask for references, or conduct any detailed review of affiliates as a part of the affiliate sign-up process." Memorandum at 28:12-15. Notwithstanding the fact that IMG has *no legal duty* to interview affiliate applicants, ask for references, or conduct a detailed review of prospective affiliates, IMG has a vested interest in ensuring that it is not defrauded through it's affiliate

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 17

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

program because, as the Plaintiff stipulates, "Affiliates earn money each time they refer a customer who subscribes to one of IMG's adult websites." Memorandum at 4:10-11. As such, IMG stands to lose a great deal of revenue as a result of fraud by affiliates. While it is true that applicants to the Soulcash program must complete an online application, by stating that that an applicant "need only complete IMG's on-line affiliate application," the Plaintiff mischaracterizes IMG's affiliate application process as "easy" or "trivial." In fact, after completing IMG's on-line application, an agreement exists between IMG and the affiliate wherein the affiliate agrees to be bound by the affiliate terms of service discussed *supra*. Defendant's terms of service contract is not simply a "paper tiger." Rather, it is a clear, binding and legally operative agreement on both sides. Contractual obligations are generally never trivial, especially where money is involved. Whether IMG's affiliate sign-up process demonstrated "little caution" is an issue of material fact in dispute, and thus the Plaintiff's motion must be denied.

The Plaintiff has intimated that IMG does not terminate affiliates for sending e-mails that violate CAN-SPAM and the Rule. Memorandum at 28:23 – 29:1. However, IMG has terminated twelve affiliates for spamming, and recorded the reasons for these terminations in a spreadsheet. Schermerhorn Decl. ¶ 18 at 3. The record does not support the factual assertion that IMG "did not make a record of the reasons for termination anywhere." IMG did, in fact, make such records. Schermerhorn Decl. ¶ 18 at 3. Thus an issue of material fact exists as to whether IMG terminated affiliates. Plaintiff's motion must therefore be denied.

### III.    CONCLUSION

For the reasons set for above, the Plaintiff's Motion for Summary Judgment must be denied.

Respectfully submitted this 25th day of September 2006.

CarpeLaw PLLC

*s/ Robert S. Apgood*
WSBA # 31023
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 18

**CARPELAW PLLC**
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

**CERTIFICATE OF SERVICE**

I, Robert S. Apgood, do hereby certify that on the 25th day of September 2006, I caused true and correct copies of the following:

1. Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment As To Liability;
2. Declaration of Robert S. Apgood in Support of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment and the exhibits thereto;
3. Declaration of Seth Schermerhorn in Support of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment; and
4. this Certificate of Service.

to be served on:

Lauren Hash, Esq.
Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044

Jeffrey E. Steger, Esq.
Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044

by the filing a copy of same with the Clerk of the Court. In accordance with the Local Rule and the attorneys' agreements, the above named attorneys will receive notification of filing and copies of same using the court's CM-ECF system.

//
//
//
//
//
//

1    I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct. Executed at Seattle, Washington,
3    DATED this 25th day of September 2006.

**CARPELAW PLLC**

*s/ Robert S. Apgood*
WSBA # 31023
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 20

**CARPELAW** PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)