# EXHIBIT G

1     Plaintiff offers inadmissible evidence in Plaintiff's SOF 78 (**Affiliate 26377**) by
2 relying on the inadmissible testimony of Allyson Himelfarb.  In the Himelfarb Decl.
3 ¶¶ 35-37 at 22-23, Ms. Himelfarb offers inadmissible testimony.  *See Himelfarb Obj.*
4 ¶¶ 1-2 at 1-2, ¶¶ 31-32 at 8.  As such, all reliance by Plaintiff is on material fact that is
5 not supported by admissible evidence.  *See* Memorandum at 8:11-12.  Plaintiff admits
6 that affiliate ID 26377 is an ID that was used directly by Defendant Cyberheat.
7 Defendant stipulates that it appears that it sent the e-mails about which Plaintiff makes
8 its claim, and admits that it likely did so.
9     It is undisputed that 15 U.S.C. § 7704(a)(5) and (d)(1) impose well-defined
10 requirements of conduct upon senders of commercial e-mail.  However, many of those
11 requirements are inapplicable when the recipient of the e-mail has given prior
12 affirmative consent to receipt of the message.  15 U.S.C. § 7704(a)(5)(B), (d)(2).  Where
13 a recipient has given prior affirmative consent, only two requirements imposed by the
14 Act for information to be included in e-mails remain: 1) clear and conspicuous notice of
15 the opportunity under paragraph [15 U.S.C. § 7704(a)] (3) to decline to receive further
16 commercial electronic mail messages from the sender [15 U.S.C. § 7704(a)(5)(A)(ii)];
17 and 2) a valid postal address of the sender [15 U.S.C. § 7704(a)(5)(A)(iii)].  It is
18 important to note that while § 7704(d)(1)(B) requires that these elements appear in the
19 "initially viewable area" of the message, this requirement is removed when the recipient
20 has given prior affirmative consent to receive the message.  15 U.S.C. § 7704(d)(2).
21     Exhibit N to the Himelfarb Decl., incorporated herein by reference, shows that the
22 recipient of the e-mail forming the basis of Plaintiff's complaint regarding affiliate
23 26377 is "al1996@hotmail.com."
24     In the Declaration of Allison Vivas in Support of Defendant's Motion for
25 Summary Judgment (Dkt #30), incorporated herein by reference, at ¶ 38, Ms. Vivas gave
26 testimonial evidence that "on March 16, 2004, the individual using the e-mail address
27 'al1996@hotmail.com' first subscribed to a Cyberheat Web site.  At that time, he elected
28 to receive Cyberheat newsletters and other mailings through use of the appropriate

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AS TO LIABILITY - 16

**CARPELAW** <sup>PLLC</sup>
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  ==checkbox on the 'join page.'"==  ==However, Plaintiff asserts that this e-mail message was==
2  ==sent to a Microsoft "Hotmail trap account[]" [Memorandum 6:24 – 7:7] and that==
3  =="Microsoft has not consented to anyone to send email to the trap accounts." *Id.* at 7:3-4;==
4  *See also,* Exhibit 4 to the Declaration of Robert S. Apgood in Support of Defendant's
5  Response in Opposition to Plaintiff's Motion for Summary Judgment.  Whether prior
6  affirmative consent was given to Defendant Cyberheat is, therefore, essential in
7  determining whether Cyberheat lawfully sent the e-mail in question, and whether that
8  e-mail complies with the CAN-SPAM Act.  As such, this is a disputed issue of material
9  fact, and Plaintiff's Motion must therefore be denied.
10         Plaintiff offers inadmissible evidence in Plaintiff's SOF 80 (**Affiliate 38485**) by
11 relying on the inadmissible testimony of Allyson Himelfarb.  In the Himelfarb Decl.
12 ¶¶ 35 at 22, and ¶¶ 39 at 23-24, Ms. Himelfarb offers inadmissible testimony.  *See*
13 *Himelfarb Obj.* ¶¶ 1-2 at 1-2, ¶ 31 at 8, and ¶ 33 at 8-9.  As such, all reliance by Plaintiff
14 is on material fact that is not supported by admissible evidence.  *See* Memorandum at
15 8:11-12.  Plaintiff admits that affiliate 38485 is identified with a company known as
16 Cyberspacerelations, Inc.  Defendant stipulates that it appears that Cyberspacerelations,
17 Inc. sent the e-mails about which Plaintiff makes its claim, and not Defendant Cyberheat.
18 As more fully described in Defendant's Motion for Partial Summary Judgment,
19 Cyberheat may not be held liable for the unknown and unauthorized acts of third parties
20 as a matter of law.  Since the disputed facts are elements of which Plaintiff bears the
21 burden of proving, and since Defendant may not be held vicariously strictly liable for the
22 unknown and unauthorized acts of third parties as a matter of law, Plaintiff's Motion
23 must be denied.
24         Plaintiff offers inadmissible evidence in Plaintiff's SOF 83 (**Affiliate 43717**) by
25 relying on the inadmissible testimony of Allyson Himelfarb.  In the Himelfarb Decl.
26 ¶¶ 35 at 22, and ¶¶ 41 at 24-25, Ms. Himelfarb offers inadmissible testimony.  *See*
27 *Himelfarb Obj.* ¶ 31 at 8, and ¶ 34 at 9.  As such, all reliance by Plaintiff is on material
28 fact that is not supported by admissible evidence.  *See* Memorandum at 8:11-12.

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AS TO LIABILITY - 17

**CARPELAW** PLLC
2400 NW 80th Street  #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)