## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA – DIVISION OF TUCSON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CYBERHEAT, INC.**, <br><br> Defendant. | No. CIV 05-0457-TUC-DCB <br><br> **PROPOSED ORDER FOR PERMANENT INJUNCTION** |

WHEREAS, Plaintiff, United States of America, filed its amended complaint for permanent injunction, civil penalties, and other equitable relief pursuant to 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 57b, and under Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), against Defendant Cyberheat, Inc., alleging violations of Section 5(a) and (d) of CAN-SPAM, 15 U.S.C. § 7704(a) and (d), and the Federal Trade Commission's Adult Labeling Rule (the "Adult Labeling Rule" or the "Rule"), 16 C.F.R. Part 316.4;

WHEREAS, the Court received submissions from the parties and held a hearing on December 15, 2006, on Plaintiff's Motion for Summary Judgment and the Defendant's Cross-Motion for Partial Summary Judgment;

WHEREAS, Defendant Cyberheat, Inc., has been represented by counsel at all stages of this proceeding;

WHEREAS, this Court has determined that Defendant Cyberheat, Inc., is in violation of the CAN-SPAM Act and Adult Labeling Rule;

1    The Court, having carefully considered the pleadings, the evidence of record, the parties'
2    written submissions, and arguments made during the hearing on December 15, 2006;
3    **IT IS ORDERED** as follows:
4    A.    This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. §§
5          45(m)(1)(a), 53(b), 56(a), 57b and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345
6          and 1355.
7    B.    Venue is proper as to all parties in the District of Arizona.
8    C.    The activities of Defendant are in or affecting commerce, as defined in Section 4
9          of the Federal Trade Commission Act, 15 U.S.C. § 44.
10   D.    The amended complaint states a claim upon which relief may be granted against
11         Defendant under Sections 5(a) and (d) of the CAN-SPAM Act, 15 U.S.C. §§
12         7704(a) and 7704(d), and the Adult Labeling Rule, 16 C.F.R. Part 316.4.
13   E.    Plaintiff's Motion for Summary Judgment (document 24) is **GRANTED**.
14   F.    Defendant's Cross-Motion for Partial Summary Judgment (document 28) is
15         **DENIED**.

16                              **DEFINITIONS**

17   For the purpose of this Order, the following definitions shall apply:
18   A.    "Affiliate Program" means any arrangement whereby any person through
19         hyperlinks on the World Wide Web, hyperlinks in a commercial email
20         message, or any other Internet-based mechanism, provides Defendant
21         with, or refers to Defendant, potential or actual customers.
22   B.    "Affirmative consent," when used with respect to a commercial email
23         message, means that the recipient expressly consented to receive the

| | | |
|---|---|---|
| 1 | | message, either in response to a clear and conspicuous request for such |
| 2 | | consent or at the recipient's own initiative; and if the message is from a |
| 3 | | party other than the party to which the recipient communicated such |
| 4 | | consent, the recipient was given clear and conspicuous notice at the time |
| 5 | | the consent was communicated that the recipient's email address could be |
| 6 | | transferred to such other party for the purpose of initiating a commercial |
| 7 | | email message. |
| 8 | C. | "Commercial electronic mail message" means any email message which |
| 9 | | contains a commercial advertisement or promotion of a commercial |
| 10 | | product or service (including content on an Internet web site operated for a |
| 11 | | commercial purpose). |
| 12 | D. | "Defendant" means Cyberheat, Inc., and its successors and assigns. |
| 13 | E. | "Defendant's Representatives" means defendant's officers, agents, |
| 14 | | servants, employees, and attorneys, and those persons in active concert or |
| 15 | | participation with them or defendant who receive actual notice of this |
| 16 | | Order by personal service or otherwise. |
| 17 | F. | "Document" is synonymous in meaning and equal in scope to the usage of |
| 18 | | the term in Federal Rule of Civil Procedure 34(a), and includes writings, |
| 19 | | drawings, graphs, charts, photographs, audio and video recordings, |
| 20 | | computer records, and other data compilations from which information |
| 21 | | can be obtained and translated, if necessary, into reasonably usable form |
| 22 | | through detection devices.  A draft or non-identical copy is a separate |
| 23 | | document within the meaning of the term. |

1  G.  "Electronic mail address" or "email address" means a destination,
2      commonly expressed as a string of characters, consisting of a unique user
3      name or mailbox (commonly referred to as the "local part") and a
4      reference to an Internet domain (commonly referred to as the "domain
5      part"), whether or not displayed, to which an email message can be sent or
6      delivered.
7  H.  "Electronic mail message" or "email message" means a message sent to a
8      unique email address.
9  I.  "Email campaign" means the use of commercial email messages by any
10     person who participates in Defendant's affiliate program to promote
11     Defendant's products, services, or Internet web sites.
12 J.  "Initiate," when used with respect to a commercial email message, means
13     to originate or transmit such message or to procure the origination or
14     transmission of such message.  For purposes of this Order, more than one
15     person may be considered to have initiated a message.
16 K.  "Person" means a natural person or a corporation, partnership,
17     proprietorship, limited liability company, or other organization or legal
18     entity, including an association, cooperative, or agency, or other group or
19     combination acting as an entity.
20 L.  "Procure," when used with respect to the initiation of a commercial email
21     message, means intentionally to pay or provide other consideration to, or
22     induce, another person to initiate such a message on one's behalf.

1        M.    "Recipient," when used with respect to a commercial email message,
2              means an authorized user of the email address to which the message was
3              sent or delivered.  If a recipient of a commercial email message has one or
4              more email addresses in addition to the address to which the message was
5              sent or delivered, the recipient shall be treated as a separate recipient with
6              respect to each such address.  If an email address is reassigned to a new
7              user, the new user shall not be treated as a recipient of any commercial
8              email message sent or delivered to that address before it was reassigned.
9        N.    "Sender," when used with respect to the initiation of a commercial email
10             message, means a person who initiates a commercial email message and
11             whose product, service, or Internet web site is advertised or promoted by
12             the message.
13       O.    "Sexually explicit conduct" means actual or simulated: sexual intercourse,
14             including genital-genital, oral-genital, anal-genital, or oral-anal, whether
15             between persons of the same or opposite sex; bestiality; masturbation;
16             sadistic or masochistic abuse; or lascivious exhibition of the genitals or
17             pubic area of any person, as set forth in 18 U.S.C. § 2256.
18       P.    "Sexually oriented material" means any material that depicts sexually
19             explicit conduct, unless the depiction constitutes a small and insignificant
20             part of the whole, the remainder of which is not primarily devoted to
21             sexual matters.
22       Q.    "Valid physical postal address" means a sender's current street address, a
23             Post Office box a sender has registered with the United States Postal

1  Service, or a private mailbox a sender has registered with a commercial
2  mail receiving agency that is established pursuant to United States Postal
3  Service regulations.

4  **INJUNCTIVE PROVISIONS**

5  **I. PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT**

6  **IT IS FURTHER ORDERED** that Defendant and Defendant's Representatives are
7  hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C.
8  §§ 7701 et seq., including but not limited to initiating the transmission of a commercial email
9  message:
10 A.  That does not contain a functioning return email address or other Internet-based
11     mechanism, clearly and conspicuously displayed, that:
12     1.  a recipient may use to submit, in a manner specified in the message, a
13         reply email message or other form of Internet-based communication
14         requesting not to receive further commercial email messages from that
15         sender at the email address where the message was received; and
16     2.  remains capable of receiving such messages or communications for no
17         less than thirty (30) days after the transmission of the original message;
18 B.  That does not contain a clear and conspicuous notice of a recipient's opportunity
19     to decline to receive further commercial email messages from Defendant; and
20 C.  That does not contain a clear and conspicuous display of an accurate, valid
21     physical postal address of the sender of the message.

## II.  PROHIBITION AGAINST VIOLATING THE ADULT LABELING RULE

**IT IS FURTHER ORDERED** that Defendant and Defendant's Representatives are hereby permanently restrained and enjoined from violating the Adult Labeling Rule, 16 C.F.R. § 316.4, including but not limited to initiating the transmission of a commercial email message that includes sexually oriented material to anyone who has not given affirmative consent:

   A.  That does not contain the phrase "SEXUALLY-EXPLICIT: " as the first nineteen (19) characters at the beginning of the subject line of the message;

   B.  That includes sexually oriented materials within the subject line of the message;

   C.  That includes sexually oriented materials within the content of the message that is initially viewable by the recipient, when the message is opened by the recipient and absent any further action by the recipient; and

   D.  That does not contain only the following information within the content of the message that is initially viewable by the recipient, when the message is opened by the recipient and absent any further action by the recipient:

      1.  the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous manner; and

      2.  clear and conspicuous notice that the message is an advertisement or solicitation.

### III.  MONITORING FOR COMPLIANCE

**IT IS FURTHER ORDERED** that Defendant is hereby permanently restrained and enjoined from failing to immediately take the following steps to ensure compliance with Paragraphs I and II of this Order:

1   A.   Defendant shall require each person who participates in Defendant's affiliate
2        program to provide identifying information to Defendant, including, but not
3        limited to:
4        1.   the name, physical address, and a working telephone number for each
5             participant. In the event that the participant is not a natural person, but is
6             a corporation, partnership, proprietorship, limited liability company, or
7             other organization or legal entity, including an association, cooperative,
8             agency, or other group or combination acting as an entity, Defendant shall
9             also require from that participant the name(s), physical address(es), and
10            working telephone number(s) of the natural person(s) who owns,
11            manages, or controls that participant;
12       2.   if the natural person(s) listed in subparagraph III.A.1 resides in the United
13            States, a photocopy of that person's driver's license or other government-
14            issued identification for such person; and
15       3.   if the natural person(s) listed in subparagraph III.A.1 resides outside of the
16            United States, a photocopy of a government-issued identification for such
17            person;
18  B.   Defendant shall require each person who participates in Defendant's affiliate
19       program to provide identifying information to Defendant concerning that
20       participant's sub-affiliates, employees, agents, or sub-contractors who initiate
21       commercial email messages on Defendant's behalf. Such identifying information
22       shall include the same information as required by subparagraph III.A.1 and shall
23       be required prior to that person's participation in Defendant's affiliate program or

| | | |
|---|---|---|
| 1 | | immediately after any change in or to that participant's sub-affiliates, employees, |
| 2 | | agents, or sub-contractors; |
| 3 | C. | Defendant shall provide each person who participates in Defendant's affiliate |
| 4 | | program with a copy of this Order; |
| 5 | D. | Within thirty (30) days of providing a person who participates in Defendant's |
| 6 | | affiliate program with a copy of this Order as required in subparagraph III.C, |
| 7 | | Defendant shall obtain from that participant an express written agreement to |
| 8 | | comply with this Order and the CAN-SPAM Act, and an acknowledgment of |
| 9 | | receipt of this Order; |
| 10 | E. | Defendant shall require each person who initiates commercial email messages on |
| 11 | | Defendant's behalf to follow the requirements of the Adult Labeling Rule, even if |
| 12 | | the person who is initiating commercial email messages on Defendant's behalf |
| 13 | | claims to have the recipient's prior affirmative consent to receipt of such a |
| 14 | | message; |
| 15 | F. | Defendant shall require each person who initiates commercial email messages on |
| 16 | | Defendant's behalf to submit to Defendant, at least seven (7) days prior to the |
| 17 | | start of an email campaign on Defendant's behalf, the following information: |
| 18 | | 1.  the email address(es) from which each proposed email campaign will be |
| 19 | | sent; |
| 20 | | 2.  the email address(es) to which each proposed email campaign will be sent; |
| 21 | | 3.  a certification as to how that person obtained each email address that the |
| 22 | | person intends to use in such commercial email messages; |

1           4.    the subject line, body, and source code for each email message in the

2               proposed email campaign; and

3           5.    the proposed dates that the email messages in the email campaign will be

4               sent.

5    G.   At least three (3) days prior to the start of an email campaign that has been

6        submitted to Defendant under subparagraph III.F, Defendant shall review that

7        email campaign for compliance with the CAN-SPAM Act, the Adult Labeling

8        Rule, and this Order.  If, after reviewing such email campaign, Defendant

9        determines that the campaign is in compliance with the CAN-SPAM Act, the

10       Adult Labeling Rule, and this Order, Defendant shall provide to the person who

11       submitted that email campaign a written acknowledgment of Defendant's

12       approval of such email campaign.  If, after reviewing such email campaign,

13       Defendant determines that the campaign is not in compliance with the CAN-

14       SPAM Act, the Adult Labeling Rule, or this Order, Defendant shall take

15       immediate steps to ensure that such email campaign is not initiated on the

16       Defendant's behalf;

17    H.   Defendant shall establish, implement, and maintain a functioning email address or

18       other Internet-based mechanism that recipients of commercial email messages

19       initiated on Defendant's behalf may use to submit directly to Defendant a reply

20       email message or other form of Internet-based communication requesting not to

21       receive further commercial email messages from the sender of that message at the

22       email address where the message was received;

I. Defendant shall require each person who initiates commercial email messages on Defendant's behalf to include in each email message that is initiated on Defendant's behalf a functioning hyperlink or other Internet-based mechanism, clearly and conspicuously disclosed, that recipients can use to access the email address or other Internet-based mechanism established by Defendant pursuant to subparagraph III.H;

J. Within five (5) days of receiving a reply email message or other form of Internet-based communication from a recipient pursuant to the procedures established under subparagraph III.H, Defendant shall require each person who initiates commercial email messages on Defendant's behalf to stop initiating commercial email messages on Defendant's behalf to such recipient;

K. Defendant shall require each consumer who registers or enrolls in Defendant's web sites to identify the manner in which they were directed to Defendant's web sites (i.e., email message, banner ad, pop-up window, etc.). If a consumer indicates that he or she was referred to Defendant's web sites through a commercial email message, Defendant shall effectively monitor the person who sent such message to ensure that person's continued compliance with the CAN-SPAM Act, the Adult Labeling Rule, and this Order;

L. Defendant shall establish, implement, and maintain an email address or other Internet-based mechanism for receiving and responding to consumer complaints, whether received directly by Defendant or through an intermediary, relating to a possible violation of the CAN-SPAM Act, the Adult Labeling Rule, and this Order;

1  M. Defendant shall require each person who initiates commercial email messages on
2     Defendant's behalf to include in each email message that is initiated on
3     Defendant's behalf a functioning hyperlink or other Internet-based mechanism,
4     clearly and conspicuously disclosed, that recipients can use to access the email
5     address or other Internet-based mechanism established by Defendant pursuant to
6     subparagraph III.L;
7  N. Defendant shall establish, implement, and maintain a procedure to ascertain the
8     number and nature of consumer complaints received each month for each affiliate
9     relating to a possible violation of the CAN-SPAM Act, the Adult Labeling Rule,
10    and this Order;
11 O. Defendant shall promptly and fully investigate any complaint relating to a
12    possible violation of the CAN-SPAM Act, the Adult Labeling Rule, and this
13    Order received by Defendant regarding a commercial email message that was
14    initiated by Defendant;
15 P. Defendant shall require each person who participates in Defendant's affiliate
16    program to create, maintain, and retain the records and documents necessary to
17    demonstrate each person's full compliance with each provision of this Order; and
18 Q. Defendant shall immediately terminate from Defendant's affiliate program and
19    cease payment to any person who has initiated commercial email messages on
20    Defendant's behalf that violate the CAN-SPAM Act, the Adult Labeling Rule, or
21    any provision of this Order. Defendant shall not reinstate any person who has
22    been terminated pursuant to this Order.

1       *Provided, however*, that this Paragraph does not authorize or require Defendant to take
2       any action that violates any federal, state, or local law.

3                                            **IV.  CIVIL PENALTY**

4       **IT IS FURTHER ORDERED** that Defendant shall pay to Plaintiff a civil penalty,
5       pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A),
6       in the amount to be determined by further proceedings of this Court.  Upon determination of the
7       amount of civil penalty:
8           A.      Defendant shall make the payment required by this Paragraph within ten (10)
9                   days of the date of entry of this Court's Order on Civil Penalty by electronic fund
10                  transfer in accordance with the instructions provided by the Office of Consumer
11                  Litigation, Civil Division, U.S. Department of Justice, for appropriate disposition.
12          B.      In the event of any default in payment, which default continues for ten (10) days
13                  beyond the due date of payment, the entire unpaid penalty, together with interest,
14                  as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of
15                  payment, shall immediately become due and payable.

16                                       **V.  COMPLIANCE MONITORING**

17      **IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating
18      compliance with any provision of this Order:
19          A.      Within ten (10) days of receipt of written notice from a representative of the
20                  Federal Trade Commission ("Commission") or Plaintiff, Defendant shall submit
21                  additional written reports, sworn to under penalty of perjury; produce documents
22                  for inspection and copying; appear for deposition; and/or provide entry during

1         normal business hours to any business location in Defendant's possession, or

2         direct or indirect control, to inspect the business operation;

3   B.  The Commission and Plaintiff are authorized to monitor compliance with this

4         Order by all other lawful means, including but not limited to, obtaining discovery

5         from any person, without further leave of court, using the procedures prescribed

6         by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

7   C.  Defendant shall permit representatives of the Commission or Plaintiff to

8         interview any employer, consultant, independent contractor, or Defendant's

9         Representative who has agreed to such an interview, relating in any way to any

10         conduct subject to this Order.  The person interviewed may have counsel present;

11 *Provided, however,* that nothing in this Order shall limit the Commission's or Plaintiff's

12 lawful use of compulsory process, pursuant to Sections 9 and 20 of the Federal Trade

13 Commission Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible

14 things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting

15 commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

16         **VI.  COMPLIANCE REPORTING BY DEFENDANT**

17 **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

18 Order may be monitored:

19   A.  For a period of five (5) years from the date of entry of this Order, Defendant shall

20         notify the Commission of any changes in corporate structure that may affect

21         compliance obligations arising under this Order, including but not limited to a

22         dissolution, assignment, sale, merger, or other action that would result in the

23         emergence of a successor entity; the creation or dissolution of a subsidiary,

        parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order.  This report shall include, but not be limited to:

    1.    a copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraphs III and VIII of this Order;

    2.    any changes required to be reported pursuant to subparagraph VI.A;

    3.    a list that identifies every person who is marketing or promoting, through commercial email messages, any goods or services of Defendant since entry of this Order;

    4.    a list of all names under which Defendant did or currently does business since entry of this Order; and

    5.    a list of all domain names and web page addresses Defendant has registered or used since entry of the Order.

C.    For the purposes of this Order, Defendant shall, unless otherwise directed by a representative of the Commission, mail all written notifications to the Commission to:

1  Associate Director for Enforcement
2  Federal Trade Commission
3  601 New Jersey Ave., N.W., Room 2122
4  Washington, DC  20580
5  Re: United States v. Cyberheat, Inc.,
6  Civ. No. 05-0457-TUC-DCB
7
8  D. For the purposes of this Order, Defendant shall, unless otherwise directed by a

9  representative of the Plaintiff, mail all written notifications to the Plaintiff to:

10  Director, Office of Consumer Litigation
11  U.S. Department of Justice - Civil Division
12  P.O. Box 386
13  Washington, DC  20044
14  Re: DJ# 102-3291

15  **VII.  RECORD KEEPING PROVISIONS**

16  **A.  CREATION OF RECORDS**

17  **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

18  of this Order, Defendant and Defendant's Representatives are hereby restrained and enjoined

19  from failing to create the following records in connection with the marketing, advertising,

20  promotion, offering for sale, or sale of goods or services via commercial email messages or other

21  Internet-based mechanisms:

22  1. Standard accounting records generated in the ordinary course of business

23  including, but not limited to, balance sheets, income statements, and

24  annual reports;

25  2. Accounting records that reflect the revenue generated by sales to

26  individuals referred through an affiliate program and corresponding

27  disbursements to participants in Defendant's affiliate program on an

|    |    |    |                                                                                     |
|----|----|----|-------------------------------------------------------------------------------------|
| 1  |    |    | individual basis, including copies of the most recently deposited check for         |
| 2  |    |    | each such participant paid by check;                                                |
| 3  | 3. |    | Records accurately reflecting: the name, physical address, and telephone            |
| 4  |    |    | number of each person employed in any capacity by such business,                    |
| 5  |    |    | including as an independent contractor or affiliate; that person's job title        |
| 6  |    |    | or position; the date upon which the person commenced work; and the                 |
| 7  |    |    | date and reason for the person's termination, if applicable;                        |
| 8  | 4. |    | Records that reflect, for every written or oral consumer complaint relating        |
| 9  |    |    | to a possible violation of the CAN-SPAM Act, the Adult Labeling Rule,               |
| 10 |    |    | and this Order received by Defendant, whether directly or indirectly or             |
| 11 |    |    | through any third party, including affiliates:                                      |
| 12 |    | a. | the consumer's name, address, and telephone number;                                 |
| 13 |    | b. | the written complaint or request, if any;                                           |
| 14 |    | c. | the basis of the complaint or request;                                              |
| 15 |    | d. | the nature and result of any investigation conducted concerning the                 |
| 16 |    |    | complaint or request;                                                               |
| 17 |    | e. | each response and the date of such response to the complaint or                     |
| 18 |    |    | request;                                                                            |
| 19 |    | f. | any final resolution of the complaint or request, and the date of                   |
| 20 |    |    | such resolution; and                                                                |
| 21 |    | g. | in the event of a denial of any resolution, the reason for the denial.              |
| 22 | 5. |    | Copies of all information obtained, pursuant to Paragraph III, from each            |
| 23 |    |    | person who participates in Defendant's affiliate program;                           |

         6.      All other records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, all documents obtained, created, generated or which in any way relate to the requirements, provisions or terms of this Order, copies of signed and dated acknowledgments of receipt of this Order, required by Paragraphs III and VIII of this Order, and all reports submitted to the Commission pursuant to this Order.

**B. RETENTION OF RECORDS**

For a period of eight (8) years from the date of entry of this Order, Defendant and Defendant's Representatives are hereby restrained and enjoined from failing to retain the records created pursuant to subparagraph VII.A above.

**VIII.  DISTRIBUTION OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall provide copies of this Order as directed below:

A.   Defendant must provide a copy of this Order to all of Defendant's Representatives.  For current Defendant Representatives, a copy of this Order must be provided within five (5) days of service of this Order upon Defendant. For new Defendant Representatives, a copy of this Order must be provided prior to them assuming their responsibilities.

B.   Within ten (10) days of providing a copy of this Order pursuant to subparagraph VIII.A, Defendant must secure a signed and dated statement acknowledging receipt of this Order from all persons provided a copy of this Order.

#### IX.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within ten (10) days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

#### X.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

#### XI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

Dated this _____ day of _____, 2007.

```
                                        _____
                                                      David C. Bury
                                              United States District Judge
```