HON. JAMES P. DONOHUE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE MEDIA GROUP, INC.,<br><br>a Washington corporation,<br><br>Defendant. | **No. CV05 1285 L**<br><br>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE AND OBJECTIONS AND MOTIONS RELATED THERETO<br><br>**NOTED ON MOTIONS CALENDAR: OCTOBER 22, 2007** |

COMES NOW THE DEFENDANT, Impulse Media Group, Inc., by and through its counsel of record, Robert S. Apgood of CarpeLaw PLLC, and hereby respectfully submits this DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE AND OBJECTIONS AND MOTIONS RELATED THERETO and states as follows:

## I.   INTRODUCTION

The Plaintiff brings this civil action in this venue and jurisdiction, the United States District for the Western District of Washington, as it must, as a result of the of the Defendant's principal place of business residing in this district. In doing so, the Plaintiff, as the

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE" - 1

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Dockets.Justia.com

master of its complaint, has agreed to abide by all the local rules of this Honorable Court. While Plaintiff styles its pleading as a "Request," it is filed as a "motion" and accompanied by a Proposed Order. Accordingly, Defendant addresses it as a motion before this Honorable Court.

## II.   RELEVANT LOCAL RULES

Local Rule LR 7(d)(3) states, in its entirety,

> (3)   All other motions shall be noted for consideration for a Friday. Unless otherwise specified in this rule, all discovery motions not using the option under CR 37(a)(2)(B), and all other nondispositive motions shall be noted for consideration no earlier than the third Friday after filing and service of the motion; and all dispositive motions shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion. Any opposition papers shall be filed and served not later than the Monday before the noting date. If service is by mail, the opposition papers shall be mailed not later than the Friday preceding the noting date. Any reply papers shall be filed and served no later than the noting date.

Local Rule LR 39.1(c)(4)(E) states, in relevant part,

> (4)   *Mediation Procedure.* Promptly upon the designation of a mediator, the plaintiff shall arrange a conference call among the mediator and counsel for each party to discuss procedural aspects of the mediation. Except to the extent the mediator directs otherwise, the following procedures shall apply:
> …
> > (E)   Parties to Attend. In addition to counsel, *parties* and insurers **having authority to settle, and to adjust pre-existing settlement authority if necessary, must attend the mediation in person.** The **mediator may** in his or her discretion, but **only in exceptional cases, excuse a party or insurer from personally attending a mediation conference.** *If* **a party or representative of an insurer is excused from personal attendance by the mediator,** *the party or representative shall be on call by telephone during the conference*.

(Emphasis added).[1]

---

[1] Defendant's research on case law related to this rule yielded only one published case that addresses a portion of Local Rule LR 39.1 that is not relevant to the instant motion.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE" - 2

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

### III.    OBJECTIONS AND MOTIONS

**OBJECTION NO. 1:** The Defendant OBJECTS to Plaintiff's noting date for its motion on the Court's motions calendar for failure to comply with Local Rule LR 7(d)(3). The Plaintiff filed its Request and lodged its Proposed Order on October 11, 2007, a scant 11 days prior to the notice date of the hearing of Plaintiff's Request on the Court's Monday, October 22, 2007 calendar. As such, the requirements of Local Rule LR 7(d)(3) for noticing motions of this type on a Friday and no earlier than the third Friday following the filing of the motion have been entirely ignored by the Plaintiff. Rather, Plaintiff scoffs the plain-language requirements of Local Rule LR 7(d)(3) and instead calendars its motion at its leisure and on a day that suits its purpose without regard for local requirements and without so much as a by-your-leave of this Honorable Court. Indeed, the Plaintiff has had since September 18, 2007, at a minimum, to file its motion, but failed to do so until over three (3) full weeks later. In order to comply with Local Rule LR 7(d)(3)'s requirement that "opposition papers shall be filed and served no later than the Monday before the noting date," the Defendant is forced to file this Opposition no later than Monday, October 15, 2007, *a mere four (4) calendar days after the Plaintiff filed its Request*. **This *clearly* prejudices the Defendant in that it required its counsel to immediately suspend attention to other pressing matters (including briefing ordered by this Honorable Court, the appointed mediator in this matter, and matters affecting other parties represented by counsel who have pending deadlines) and turn its full attention to this Opposition**. Declaration of Robert S. Apgood in Support of Defendant's Response In Opposition To Plaintiff's Request Regarding Attendance At The Court Ordered Settlement Conference And Objections And Motions Related Thereto ("Apgood Decl.") ¶¶ 3-8 at 1-3. Had Plaintiff properly noted its motion in compliance with Local Rule LR 7(d)(3), Defendant would have had fifteen (15) full days (the bare minimum allowed by the rule) in which to consider, research, compose and file its opposition. Arguably, Plaintiff implicitly acknowledges its clear understanding of the Local Rules by the fact that it did not file a motion to shorten time. Local

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 3

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  Rule LR 6(e) states in its entirety, "Motions to shorten time are hereby abolished."

2  Consequently, the Defendant hereby respectfully MOVES this Honorable Court to STRIKE

3  Plaintiff's motion for failure to comply with Local Rule LR 7(d)(3) or, in the alternative, to re-

4  notice the motion for hearing on Friday, October 26, 2007, the appropriate date required by

5  Local Rule LR 7(d)(3), but in any event to ORDER the Plaintiff to pay Defendant's costs,

6  including attorney's fees, for being required to respond in a wholly unreasonable time period.

7  **OBJECTION NO. 2:**    The Defendant OBJECTS to Plaintiff's filing of this

8  motion for failure to comply with Local Rule LR 39.1(c)(4). As noted, *supra*, LR 39.1(c)(4)

9  *requires* that "the plaintiff **shall** arrange a conference call among the mediator and counsel for

10 each party to discuss procedural aspects of the mediation." (Emphasis added).  This, Plaintiff has

11 utterly failed to do.  Had Plaintiff complied with LR 39.1(c)(4), it could have raised as an issue

12 the substance of the instant motion, received a ruling by the magistrate, and thereby avoided

13 requiring Defendant to suffer the expense and necessity of responding to the instant motion.

14 Instead, on October 9, 2007, Plaintiff sent Defendant's counsel an email with an attached draft of

15 a motion that was substantively the same as the instant motion and requested that Defendant

16 agree to the proposed motion as unopposed. Apgood Decl. ¶ 9 at 3.  Lauren Hash, Plaintiff's

17 counsel, and Robert Apgood, Defendant's counsel, then exchanged brief electronic mail

18 messages related to a clarification sought by Defendant's counsel was made.  *Id.* ¶ 10 at 3.  Upon

19 clarification, the Defendant notified the Plaintiff that it did not agree to consent to the motion as

20 unopposed.  *Id.* ¶ 11 at 3.  Therefore, the Defendant hereby respectfully MOVES this Honorable

21 Court to STRIKE Plaintiff's motion for failure to comply with the Local Rule, ORDER Plaintiff

22 to fulfill its *duty as required* by LR 39.1(c)(4), and ORDER Plaintiff to pay the Defendant its

23 costs, including attorney's fees, for having to unnecessarily respond to Plaintiff's motion.

24 **OBJECTION NO. 3:**    The Defendant OBJECTS to Plaintiff's prayer for relief

25 requesting that this Honorable Court issue an "Order noting the government's compliance with

26 the Settlement Conference Order in this matter" as vague and ambiguous on the bases that no

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 4

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Settlement Conference Order has issued in this case, and the order proposed by the Plaintiff and attached to Plaintiff's Request does not match the order referenced in Plaintiff's prayer for relief in the Request at 2:6-8.  Moreover, Plaintiff refers to the "Court Ordered Settlement Conference" in the caption of its Request and a "Court-ordered Settlement Conference" in the introductory paragraph of its Request  (Request at 1:15).  Defendant knows of no "Court Ordered Settlement Conference" nor "Court-ordered Settlement Conference" orders having issued forth in this matter.  Consequently, the Defendant cannot ascertain with certainty what relief Plaintiff is seeking.  However, for the purposes of this Opposition only, Defendant shall assume that the Plaintiff is referring to the mandatory mediation required by Local Rule LR 39.1 and thereby couches this response in opposition on that assumption.[2]

### IV.    DISCUSSION

Plaintiff argues in its *United States' Request Regarding Attendance at the Court Ordered Settlement Conference* (the "Request") that the "Federal Trade Commission ('FTC' or 'Commission'), [] will review and ultimately accept or reject any settlement" and that "no individual has binding settlement authority for the Commission."   This, the government appears to imply, is a result of the *Government in the Sunshine Act*, 5 U.S.C. § 552b, discussed more fully, *infra*.  Request at 1:21-25.  Moreover, *without providing any evidentiary support whatsoever*, the government offers as justification for its request that the Local Rule LR 39.1(4)(1)(E) requirement for the presence and participation of an entity with "authority to settle … **must** attend the mediation in person" that similar requirements have been satisfied "[i]n other cases in which court orders require personal attendance by someone with full settlement authority" where "the FTC has sent an official from the Commission who is familiar

---

[2] The Defendant observes the distinction between a Settlement Conference envisioned by a court order (purely at the discretion of the court) and mediations mandated by court rules (applicable to *all* cases and not subject to the discretion of the court).

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 5

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1 with Commission policies and can speak authoritatively about Commission practice and policy
2 regarding settlement of the case in question." Request at 1:26 – 2:1-3.
3       Defendant cannot offer any meaningful response to Plaintiff's conclusory statement for
4 the simple reason that Plaintiff's statement is not supported by citations to specific alleged
5 cases, the jurisdiction and venue of those alleged cases, the substance of the alleged court
6 orders, nor any affidavits or other pleadings whatsoever that would lend evidentiary value to the
7 Plaintiff's averments. Neither can this Honorable Court contrast and compare the language in
8 those alleged court orders with the unambiguous requirements of Local Rule LR 39.1(c)(4)(E)
9 to see if even a hint of arguable similarity exists.
10       In any event, Plaintiff's averment is of no moment since all this Honorable Court must
11 consider are the plain-language requirements of Local Rule LR 39.1(c)(4)(E) and the arguments
12 of Plaintiff in the instant motion. As noted *supra*, Local Rule LR 39.1(c)(4)(E) *requires* that a
13 party having authority to settle "**must** attend the mediation in person." (Emphasis added). The
14 *only* exception to this rule is where "[t]he mediator may in his or her discretion, **but *only* in**
15 **exceptional cases**, excuse a party … from personally attending a mediation conference." Local
16 Rule LR 39.1(c)(4)(E). (Emphasis added). In Plaintiff's motion, Plaintiff does not provide any
17 argument whatsoever that it is entitled to relief under the "exceptional" provision of Local Rule
18 LR 39.1(c)(4)(E). In fact, aside from its reference to 5 U.S.C. § 552b, the *only* justification that
19 Plaintiff appears to argue is that it should be granted the exceptional relief sought because the
20 attendance of an agent with binding authority for a settlement participating in such a conference
21 "is just not the way we do things over here."
22       As noted, *supra*, Plaintiff implies that the *Government in the Sunshine Act*, 5 U.S.C.
23 § 552b, somehow excuses the Plaintiff from personal participation in the mandatory settlement
24 discussions demanded by Local Rule LR 39.1. As such, an examination of that statute is
25 implicated to ascertain the validity of Plaintiff's assertion.
26

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 6

**C**ARPE**L**AW **PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  Plaintiff argues "[t]he decisions of the FTC are made collectively by five
2  Commissioners.  Only the Commissioners have 'binding authority' to accept or reject a
3  settlement on the Commission's behalf, and meetings of the Commissioners are governed by
4  the Government in the Sunshine Act, 5 U.S.C.  552b.  Thus, no individual has binding authority
5  for the Commission." Request at 1:22-25.

6  Title 5, section 552b(b) of the United States Code requires, in the context of agency
7  action,

```
(b) Members shall not jointly conduct or dispose of agency
business other than in accordance with this section. Except as
provided in subsection (c), every portion of every meeting of an
agency shall be open to public observation.
```

A fair read of Plaintiff's motion leads to the reasonable conclusion that it is upon this subsection that Plaintiff basis its argument that the Act precludes the Plaintiff from providing a representative with full settlement authority.  However, what Plaintiff fails, in candor, to inform this Honorable Court is that the statute goes on to read,

```
(c) Except in a case where the agency finds that the public
interest requires otherwise, the second sentence of subsection (b)
shall not apply to any portion of an agency meeting, and the
requirements of subsections (d) and (e) shall not apply to any
information pertaining to such meeting otherwise required by this
section to be disclosed to the public, where the agency properly
determines that such portion or portions of its meeting or the
disclosure of such information is likely to –
…
     (10) specifically concern the agency's issuance of a subpena
     [sic], **or the agency's participation in a civil action or
     proceeding**, an action in a foreign court or international
     tribunal, or an arbitration, or the initiation, conduct, or
     disposition by the agency of a particular case of formal
     agency adjudication pursuant to the procedures in section
     554 of this title or otherwise  involving a determination on
     the record after opportunity for a hearing.
```

5 U.S.C. § 552b(c)(10) (Emphasis added).  Inarguably, the very statute upon which Plaintiff relies as the sole legal authority in its motion *specifically* provides an exception to what is required of the Plaintiff in this matter, to wit: Plaintiff may dispose of the Commission's

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 7

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1 business without the necessity of conducting a meeting open to public observation in order to
2 participate in the mediation mandated by Local Rule LR 39.1.

3 Moreover, there is nothing in the *Government in the Sunshine Act* that precludes the
4 Plaintiff from authorizing an agent with full settlement authority to participate in the LR 39.1
5 mediation. Plaintiff has been aware of the requirements of the rule since at least **July 20, 2005**
6 **(in excess of 2 years and 2 months prior to filing the instant motion)**. To now argue that it
7 had no opportunity to authorize an agent for this purpose, and that the *Government in the*
8 *Sunshine Act* precludes the FTC from fully participating in the mediation at this late date, is
9 completely disingenuous.

10 While the Defendant makes no objection to the attendance at the mediation of Mr.
11 Charles Harwood, Federal Trade Commission Regional Director for the Northwest Region,
12 Defendant unequivocally OBJECTS to Plaintiff's proposed Order holding that Mr. Harwood's
13 attendance satisfies the plain-language requirement of Local Rule LR 39.1(c)(4)(E) that a
14 "part[y] having authority to settle … attend the mediation in person" when, in fact, the Plaintiff
15 fully admits that Mr. Harwood does not have that authority. Moreover, Plaintiff does not
16 provide any indication that such a person shall attend the mediation as inarguably required by
17 the rule. As such, Plaintiff's motion, if granted, would completely obviate the intent of Local
18 Rule LR 39.1 which is to put the parties face-to-face with representatives of each party having
19 the full authority to settle the dispute in an aggressive manner that is conducive to facilitating a
20 settlement without incurring the onerous cost of litigation and without burdening the resources
21 of the court.

22 No, Plaintiff's Request appears to contemplate that the Defendant only shall be required
23 to make an offer of settlement that the Plaintiff may then consider at its leisure and then reject
24 on a whim without the settlement pressures inherent in negotiations before a mediator.
25 Moreover, Plaintiff's Request, if granted, would violate Defendant's constitutionally mandated
26 equal protection rights by requiring that a Defendant representative with full settlement

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 8

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1 authority attend the mediation while Plaintiff does not, thereby subjecting the Defendant to the
2 (reasonably expected) pressures of settlement inherent in mediation that the Plaintiff would not
3 suffer.

4 Defendant submits that, if Plaintiff is afforded the luxury of not fully participating in the
5 mediation, then the Defendant should be allowed to send *its* representative who can then "speak
6 authoritatively about [Defendant's] practice and policy regarding settling the case in question,"
7 but not be empowered to settle the matter, and then take whatever settlement offer the Plaintiff
8 may extend back to its Board of Directors for consideration at *their* luxury, all because it is
9 Defendant's "policy" to consider and accept settlement offers *only* during regularly scheduled
10 meetings of its Board. This hypothetical scenario is, of course, patently absurd and scoffs the
11 well-reasoned intent of Local Rule LR 39.1(c)(4)(E)'s requirement that settlement empowered
12 representatives attend the mediation in person or that, in ***exceptional*** cases, the party be excused
13 from personal attendance *but nevertheless be available by telephone during the conference.*
14 Plaintiff has not prayed for this particular relief. However, if Plaintiff's internal policy
15 precludes the physical attendance of the Commissioners, Defendant has no objection to having
16 the Commission convene and "be on call by telephone during the conference" as is permitted at
17 the mediator's sole discretion. Local Rule LR 39.1(c)(4)(E).

18 **V.    CONCLUSION**

19 Since Plaintiff has utterly failed to comply with Local Rule LR 7(d)(3), Defendant's
20 Objection No. 1 should be sustained and Plaintiff's "Request" should be stricken, or in the
21 alternative, re-noticed for hearing on October 26, 2007, the appropriate date dictated by the
22 rule. Plaintiff's disregard of the Local Rule has prejudiced Defendant by requiring Defendant
23 and its counsel to respond to the instant motion in an inordinately and unreasonably short period
24 of time. As such, Defendant should be awarded its costs, including attorney's fees, against
25 Plaintiff.

26

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 9

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

Since Plaintiff has failed to comply with Local Rule LR 39.1(c)(4)'s unambiguous mandate that "plaintiff shall arrange a conference call among the mediator and counsel for each party to discuss procedural aspects of the mediation," and instead has made this formal motion seeking an exception to the unambiguous mandate of that rule that "parties … having authority to settle … **must** attend the mediation in person" (emphasis added), which request could have been efficiently and inexpensively decided by the Honorable Magistrate Judge James P. Donohue during the requisite conference, Defendant's objection should be sustained, Plaintiff's motion stricken, and costs, including attorney's fees, should be awarded in favor of Defendant and against Plaintiff since Defendant is prejudiced by Plaintiff's motion requiring Defendant and its counsel to respond to the instant motion in an inordinately and unreasonably short period of time.

Since Plaintiff's motion references orders that have not issued in this matter, and since Plaintiff's proposed order accompanying its motion seeks relief for which no relief was prayed by Plaintiff in its motion, Defendant's objection should be sustained, Plaintiff's motion should be stricken as ambiguous, and an award of costs, including attorney's fees, should be granted in favor of Defendant and against Plaintiff as a result of Defendant's prejudice suffered by Defendant and its counsel by having to respond to the instant motion in an inordinately and unreasonably short period of time.

Since Plaintiff has offered no admissible evidence justifying excusing it from participating in the mediation conference mandated by Local Rule 39.1(c)(4)(E), and since the only legal authority Plaintiff offers purporting to excuse its participation in the conference by the personal appearance of a party having full authority to enter into a binding settlement agreement is purportedly embodied in the *Government in the Sunshine Act*, 5 U.S.C. 552b, and since 5 U.S.C. § 552b(c)(10) *specifically* provides an *exception* allowing the FTC's participation in the conference by a party with full authority to enter into a binding settlement agreement (a fact not revealed in Plaintiff's Request), then Plaintiff offers no authority

DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST REGARDING
ATTENDANCE AT THE COURT ORDERED
SETTLEMENT CONFERENCE" - 10

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

permitting its ability to not fully participate in the conference by personally appearing. Rather, just as it read more into the *CAN-SPAM Act*[3] more than what is there because it suited Plaintiff's purpose, Plaintiff reads out of the *Government in the Sunshine Act* those portions that do not serve Plaintiff's purpose. Notwithstanding Plaintiff's representations that it "can confirm that the United States will participate in person through the lead attorney from the Department of Justice … and through the FTC's Regional Director for the Northwest Region, Charles Harwood," [Request at 2:4-6] whether it "can" or "cannot" so confirm is of no moment to Plaintiff's Request. Local Rule LR 39.1(c)(4)(E) *requires* the attendance of counsel. All Plaintiff has represented in this regard is that it does not also seek the non-attendance of counsel at the conference. Moreover, Plaintiff has already fully argued that "[o]nly the Commissioners have 'binding authority' to accept or reject a settlement on the Commission's behalf" and that "no individual has binding authority for the Commission." Request at 1:22-25. As such, Plaintiff has impliedly admitted that Mr. Harwood has no authority to bind the Commission. Further, Plaintiff offers absolutely no argument whatsoever why it could not have authorized an individual to have the authority to bind the FTC in this matter sometime in the past two-plus years.

The Plaintiff *is* the master of its complaint. Plaintiff could well have determined that it did not desire to comply with the Local Rules of the United States District Court for the Western District of Washington prior to the commencement of its action, as must every other Plaintiff decide prior to filing suit in this jurisdiction. This lawsuit is just another civil lawsuit, and the FTC is just another civil Plaintiff. As such, the fact that the Plaintiff is an agency of the United States Government affords it no special consideration with respect to the Laws of the Land, the Federal Rules of Civil Procedure, or the Local Rules of this district.

---

[3] Plaintiff pleaded that the CAN-SPAM Act is a strict-liability statute, a contention that has been rejected by all courts that have ruled on the issue. *See* Judge Lasnik's *Order Denying Motions For Summary Judgment* at 6:7-10 in this matter. *See also United States v. Cyberheat, Inc.*, Case No. CV05-0457, 2007 WL 686678 (D. Ariz. Mar. 7, 2007) at 11:6-8.

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE" - 11

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  While, on the one hand, Plaintiff claims that "[t]he government is prepared to engage in meaningful settlement talks at the Conference on October 25th," [Request at 1:16-17] those representations are belied that the very substance of the Plaintiff's Request, which is seeking an order that would permit the Plaintiff to participate, but not fully, and not in compliance with the well-reasoned goals mandated by Local Rule LR 39.1.  As such, the Plaintiff's own language and representations in its very Request cast *serious* doubts on the Plaintiff's veracity.

For all of these reasons, Plaintiff's "Request" should be denied and a representative of the Commission with full authority to bind the Commission in a settlement agreement, or the Commission itself, must be required to attend the conference as mandated by Local Rule LR 39.1(c)(4)(E).

DATED this 14th day of October 2007.

    Respectfully submitted,

    CARPELAW PLLC

    s/ *Robert S. Apgood*
    Robert S. Apgood, WSBA #31023
    Attorney for Defendant
    CarpeLaw PLLC
    2400 NW 80th Street #130
    Seattle, WA 98117-4449
    Telephone: (206) 624-2379
    Facsimile: (206) 784-6305
    Email: rob@carpelaw.com

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE" - 12

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

**CERTIFICATE OF SERVICE**

I, Robert S. Apgood, do hereby certify that on the 14th day of October 2007, I caused true and correct copies of the following:

1. Defendant's Response In Opposition To Plaintiff's Request Regarding Attendance At The Court Ordered Settlement Conference" And Objections And Motions Related Thereto;

2. Declaration of Robert S. Apgood In Support of Defendant's Response In Opposition To Plaintiff's Request Regarding Attendance At The Court Ordered Settlement Conference" And Objections And Motions Related Thereto, accompanied by the Exhibits thereto; and

3. this Certificate Of Service

to be filed with the Clerk of the Court using the CM/ECF system. In accordance with their CM/ECF registration agreements and the court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

| | |
|---|---|
| Brian C. Kipnis<br>Asst. U.S. Attorney<br>District of the Western District of Washington<br>700 Stewart Street<br>Seattle, WA 98101-1271 | Jeffrey I. Steger<br>Lauren Hash<br>Office of Consumer Litigation<br>U.S. Dept. of Justice<br>P.O. Box 386<br>Washington, D.C. 20044 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Seattle, Washington,

DATED this 14th day of October 2007.

CARPELAW PLLC

*s/ Robert S. Apgood*
Robert S. Apgood, WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST REGARDING ATTENDANCE AT THE COURT ORDERED SETTLEMENT CONFERENCE" - 13

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)