# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**IMPULSE MEDIA GROUP, INC.,**<br><br>a Washington corporation,<br><br>Defendant. | **No. CV05-1285L**<br><br>**United States' Reply in Support of Request Regarding Attendance at the Court Ordered Settlement Conference**<br><br>NOTE ON MOTION CALENDAR:<br>(October 22, 2007) |

The purpose of mediation is to facilitate settlement of a case. The Government has actively attempted to settle this case, and will continue to do so. The Government offered to settle this matter before it was filed, and subsequently offered to engage in settlement discussions on numerous occasions. The Government has provided the Defendant with proposed injunctive language that would serve as the basis for any settlement and an explanation of the calculation the Government would use to determine an acceptable civil penalty.

The Request to excuse a party with full settlement authority from the October 25, 2007, mediation in no way reflects an unwillingness on the part of the Government to engage in meaningful settlement negotiations. However, requiring all five Federal Trade Commission ("FTC") Commissioners to attend mediation, in person or by phone, would be unduly burdensome. The presence of the lead Department of Justice attorney who has litigated the case

UNTED STATES' REPLY IN SUPPORT
OF REQUEST REGARDING ATTENDANCE
AT SETTLEMENT CONFERENCE
CV05-1285L                    -1-

Department of Justice
P.O. Box 386
Washington, DC  20044
(202) 307-0047

Dockets.Justia.com

from its filing and a senior official from the FTC[1] will ensure that the purpose of mediation will be fulfilled.

## I.  Defendant's Objection No. 1

Because the relief sought was relief from a local rule, the Government considered the applicable rule on timing to be LR 7(d)(2)(A), not LR 7(d)(3) as asserted by Defendant. The Government filed its Request Regarding Attendance at the Court Ordered Settlement Conference on October 11, 2007, with a noting date no earlier than seven judicial days after filing pursuant to LR 7(d)(2)(A) which states: "(2) The following motions may be noted for consideration no earlier than seven judicial days after filing: (A) motions for relief from a deadline or limit imposed by an order, federal rule or local rule." Under LR 7(d)(2) the Defendant's reply was not due until the noting date of October 22, 2007. The Defendant was not prejudiced because it had seven judicial days, as set forth in the Local Rules, to respond to the Government's Motion.

## II.  Defendant's Objection No. 2

The Defendant objects to the Government's Motion for failure to comply with LR 39.1(c)(4). The Government substantially complied with the requirements of LR 39.1(c)(4) through a series of telephone calls and email communications between counsel for the Government, counsel for IMG, and United States Magistrate Judge Donohue's deputy that dealt with scheduling the meditation. (Exhibits 1, 2, 3, 4, 5 and 6.) With respect to the Motion, counsel for the Government provided IMG's counsel with a draft of the Motion and conferred with him regarding filing it. Defendant acknowledges as much. (Def's Resp. at p. 4, lines 14-20.) The Government's intent was not to blindside the Defendant. Indeed, Defendant had notice of the Motion two days before it was filed, and the Government properly noted the Defendant's

---

[1] Charles Harwood, Federal Trade Commission Regional Director for the Northwest Region.

UNTED STATES' REPLY IN SUPPORT
OF REQUEST REGARDING ATTENDANCE
AT SETTLEMENT CONFERENCE
CV05-1285L

-2-

Department of Justice
P.O. Box 386
Washington, DC  20044
(202) 307-0047

opposition to the requested relief.[2]

The Government filed the Motion in good faith. LR 39.1(c)(4)(E) states that even if a mediator excuses a party with full settlement authority from attending mediation, the party shall be on call by telephone during the conference. In its Motion, the Government seeks relief from both the requirement of LR 39.1(c)(4)(E) that a party with full settlement authority attend mediation, and the requirement that a party with full settlement authority be on call during the conference. The Government sought the relief requested through a Motion because it believed that the subject required a formal determination.

### III.     Defendant's Objection No. 3

Defendant asserts that he knows of no "Court Ordered Settlement Conference." (Def's Resp. at p. 5, lines 5-6.) On September 17, 2007, this Court appointed United States Magistrate Judge James P. Donohue as "Settlement Judge" and directed counsel to contact Judge Donohue's chambers to schedule a "settlement conference." (Docket Entry 42.) The September 28, 2007, letter from the Clerk of the Court to counsel in this matter confirmed a "settlement conference" has been scheduled before Judge Donohue. Whether the October 25, 2007, meeting is labeled a "settlement conference" or "mediation," the United States is prepared to engage in substantive and meaningful discussions in an effort to resolve this matter.

### IV.     Discussion

The issue is the United States' representative at this meeting. The Government requests that the Court enter an Order that the requirement of LR 39.1(c)(4)(E) will be fulfilled by the attendance of Charles Harwood, FTC Regional Director for the Northwest Region, at the October 25, 2007 mediation.

Such relief is not unusual. In a similar CAN-SPAM action in the District of Nevada, the Court ordered that because "no single individual has binding settlement authority . . . the

---

[2] If IMG's counsel believed the matter could have been handled through a telephonic conference, he could have suggested that during the exchange of emails.

UNTED STATES' REPLY IN SUPPORT
OF REQUEST REGARDING ATTENDANCE
AT SETTLEMENT CONFERENCE
CV05-1285L                                                  -3-

Department of Justice
P.O. Box 386
Washington, DC  20044
(202) 307-0047

1 government is in compliance with the Court's Settlement Conference Order by sending an
2 official from the Commission who is familiar with Commission policies and can speak
3 authoritatively regarding Commission practice and policy regarding settlement." <u>United States</u>
4 <u>v. TJ Web Production</u>, No. 05-cv-00882 (D. Nev. June 22, 2006) (order regarding settlement
5 discussions).  (Exhibit 7.)[3]  In the <u>TJ Web</u> case, the parties participated in the settlement
6 conference, narrowed the issues, and ultimately reached an agreement.  During the settlement
7 conference, the Government was represented by the lead Department of Justice attorney who had
8 litigated the case from its filing and a senior official from the FTC.  The FTC Commissioners
9 subsequently voted 5-0 to authorize the Department of Justice to file the proposed settlement in
10 that case.[4]

11    The Government moves this Court to adopt the requested relief.

Dated: October 18, 2007

FOR PLAINTIFF UNITED STATES OF AMERICA

Jeffrey I. Steger
Lauren E. Hash
<u>*s/ Jeffrey I. Steger*</u>
Trial Attorney
Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
Tel: (202) 307-0047

---

[3] While the relief in <u>TJ Web</u> matter was from a Court Order rather than a local rule, the essence of the requested relief, and the relief itself, were the same as here.  There, as here, the Government's request for relief noted that meetings of the FTC Commissioners are regulated by the Government in the Sunshine Act, 5 U.S.C. § 552b.  That statute imposes a series of procedural requirements which govern both public and non-public meetings of the Commissioners.

[4] Press Release, Federal Trade Commission, Adult Entertainment Marketer Settles FTC Charges, Will Pay $465,000 For Violating Spam Law (Jan. 30, 2007), http://www.ftc.gov/opa/2007/01/tjweb.shtm (last visited Oct. 17, 2007).  (Exhibit 8.)

UNTED STATES' REPLY IN SUPPORT
OF REQUEST REGARDING ATTENDANCE
AT SETTLEMENT CONFERENCE
CV05-1285L                -4-

Department of Justice
P.O. Box 386
Washington, DC  20044
(202) 307-0047

Fax: (202) 514-8742
Jeffrey.Steger@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such to the following CM/ECF registrant:

Robert S. Apgood, WSBA #31023
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

By:    Jeffrey I. Steger
Lauren E. Hash
*s/ Jeffrey I. Steger*
Trial Attorney
Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C. 20044
Tel: (202) 307-0047
Fax: (202) 514-8742
Jeffrey.Steger@usdoj.gov

UNTED STATES' REPLY IN SUPPORT
OF REQUEST REGARDING ATTENDANCE
AT SETTLEMENT CONFERENCE
CV05-1285L

-5-

Department of Justice
P.O. Box 386
Washington, DC  20044
(202) 307-0047