UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
UNITED STATES OF AMERICA,               )
                                        )   No. C05-1285RSL
              Plaintiff,                )
     v.                                 )   ORDER DENYING PLAINTIFF'S
                                        )   MOTION FOR PERMANENT
IMPULSE MEDIA GROUP, INC.,              )   INJUNCTION
                                        )
              Defendant.                )
_____)

        This matter comes before the Court on "Plaintiff's Motion for Permanent Injunction." Dkt. # 90. The "basic prerequisites" for permanent injunctive relief are a likelihood of irreparable harm and the inadequacy of remedies available at law. See, e.g., LaDuke v. Nelson, 762 F.2d 1318, 1330 (9th Cir. 1985). Assuming, for purposes of this motion, that plaintiffs' request for injunctive relief is governed by the Federal Trade Commission Act, plaintiff has wide latitude in deciding the scope of an injunctive order, but still must show that defendant is likely to commit the unfair practices prohibited by the proposed order. Sterling Drug, Inc. v. FTC, 741 F.2d 1146, 1155 (9th Cir. 1984). Having reviewed the memoranda and exhibits submitted by the parties, the Court finds that plaintiff has not met its burden.

        Plaintiff has failed to show that IMG violated the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"). After listening to the evidence presented at trial, the jury found that IMG had not initiated any of the 413 commercial

ORDER DENYING PLAINTIFF'S
MOTION FOR PERMANENT INJUNCTION

electronic mail messages at issue in this case. Despite ample warning that defendant intended to challenge every assumption on which the government's claims were based, plaintiff failed to provide evidence from which the tech-savvy jury could conclude that IMG had procured the transmission of violative messages. The Court declines to second-guess or otherwise alter the jury's findings.

In its post-trial filings, plaintiff argues that IMG's provision of marketing materials to PureCash, one of IMG's affiliates, for use in commercial electronic mail messages justifies the entry of the proposed injunctive order. PureCash did not send any of the 413 messages captured in the Microsoft trap accounts. Nor has Plaintiff produced evidence that PureCash sent any electronic mail messages using the materials provided by IMG or that such messages, if sent, violated the CAN-SPAM Act.[1] Instead, plaintiff attempts to link the materials IMG provided to PureCash with five violative electronic mail messages sent by Imatrix, another IMG affiliate. The argument seems to be that IMG knew or must have known that materials provided to PureCash would make their way to Imatrix and that IMG therefore initiated the five messages sent by Imatrix. As noted above, the jury has already concluded that IMG did not initiate these five messages. Even if the Court reweighs the evidence in light of plaintiff's post-trial submissions, the link between PureCash and Imatrix is so tenuous that it does not support a finding that IMG intentionally paid or induced Imatrix to transmit the electronic mail messages at issue.[2]

---

[1] The testimony from trial shows that IMG provided marketing materials to PureCash with the understanding that they would be distributed only to individuals who had already consented to the receipt of sexually-oriented materials. Where a recipient has given "prior affirmative consent" to receipt of a message, certain CAN-SPAM Act requirements, such as those set forth in § 7704(a)(1), are not applicable. See 15 U.S.C. § 7704(d)(2).

[2] IMG's "Affiliate Webmaster Database" lists PureCash and Imatrix as separate affiliates. The contact people, addresses, e-mails, and payees identified by the affiliates are all different. The only similarities between the two entries are the country of origin (the United States) and the phone number.

ORDER DENYING PLAINTIFF'S
MOTION FOR PERMANENT INJUNCTION           -2-

Having failed to show that IMG violated the CAN-SPAM Act or that it is likely to do so in the future, plaintiff is not entitled to a permanent injunction. Plaintiff's motion is, therefore, DENIED.

Dated this 1st day of May, 2008.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

---

There is no indication that defendant was aware during the relevant time period that Imatrix was using PureCash's address in its electronic mail messages or that the two entities were actually one. Nor does the fact that Imatrix and PureCash were named as co-defendants in another CAN-SPAM Act case establish a corporate or legal connection that would, without more, justify holding one entity responsible for the acts of the other.

ORDER DENYING PLAINTIFF'S
MOTION FOR PERMANENT INJUNCTION         -3-